UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MYOSHI SNEARL

  **Plaintiff,**

**VERSUS**

**CRETE CARRIER CORPORATION,
ERIC J. SPADAFORA, HARTFORD
INSURANCE COMPANY,
PROGRESSIVE PALOVERDE
INSURANCE COMPANY**

  **Defendants.**

CIVIL ACTION

NO.:

JUDGE:

MAGISTRATE:

## NOTICE OF REMOVAL

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT,
   MIDDLE DISTRICT OF LOUISIANA**

In accordance with 28 U.S.C. § 1446(b)(3), Defendants, Crete Carrier Corporation and

Hartford Insurance Company, through undersigned counsel, hereby remove the above-captioned

action from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of

Louisiana, where it is currently pending, to the United States District Court for the Middle District

of Louisiana, and state as follows:

1.

On December 15, 2020, Plaintiff Miyoshi Snearl ("Plaintiff") commenced this action by

filing a Petition for Damages ("Petition") against Defendants Crete Carrier Corporation ("Crete"),

Hartford Insurance Company ("Hartford"), Eric J. Spadafora ("Spadafora"), and Progressive

Paloverde Insurance Company ("Progressive") (collectively "Defendants") in the Nineteenth

Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing Case No.

C-702687 (Section 23) on the docket of said court.

2.

Service was effected on Crete through its agent for service of process on December 28, 2020.

3.

Service was effected on Hartford through its agent for service of process on December 21, 2020.

4.

Upon information and belief, Plaintiff requested service on Spadafora via the Louisiana Long Arm Statute. As of the date of this filing, however, there is no record of service on Spadafora.

5.

Service was effected on Progressive through its agent for service of process on May 17, 2021.

6.

On May 10, 2021, Defendants filed a Notice of Removal of the case to the Middle District of Louisiana.

7.

Six months after the filing of Defendants' Notice of Removal, on November 22, 2021, Magistrate Judge Scott Johnson of the Middle District of Louisiana issued a Report and Recommendation ("the Report") recommending that the District Court remand the case to the Nineteenth Judicial District Court.

8.

Defendants filed their timely Objection to the Report on December 6, 2021.

9.

However, Chief Judge Shelly D. Dick adopted the Magistrate Judge's Report, and this case was remanded to the Nineteenth Judicial District Court on December 7, 2021.

10.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders issued in state court are attached *in globo* as Exhibit 1 to this Notice of Removal.

11.

In the Petition, Plaintiff alleges that, on or about April 20, 2020, she was operating a vehicle eastbound on Interstate 10 in Baton Rouge.[1] Plaintiff further alleges that, at the same time, a "large diesel truck" operated by Spadafora and owned by Crete, which was also traveling eastbound on Interstate 10, crossed into Plaintiff's travel lane and collided with Plaintiff's vehicle.[2]

12.

Plaintiff allegedly sustained "harms and losses" as a result of the accident.[3] Specifically, Plaintiff asserts the following categories of special and general damages: past and future medical expenses, lost wages, future loss of earning capacity, pain and suffering, loss of enjoyment of life, and all just and reasonable damages which will be proven at the trial of this matter.[4]

13.

As set forth more fully below, this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because it is between citizens of different states and the matter in controversy is likely to exceed $75,000, exclusive of interest and costs. The removing

---

[1] *See* Ex. 1, Petition, at p. 2, ¶4.
[2] *See id.* at p. 2, ¶¶5-6.
[3] *See id.* at p. 2, ¶7.
[4] *See id.*

defendants have also satisfied the procedural requirements for removal. This timely action is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441.

14.

While pending in the Middle District, the Defendants received medical records from the Plaintiff, who remains under continued medical care and has undergone multiple additional invasive procedures. These records include over forty pages of medical records from the Interventional Pain Institute produced to Defendants on October 28, 2021. These records include six additional charges from September and October of 2021, significantly increasing the total cost of Plaintiff's continued medical care and reflecting the extensive, invasive treatment provided to Plaintiff. These records constitute an "other paper" creating grounds for removal to this Court pursuant to 28 U.S.C. § 1446(b)(3). Because the matter was pending in the Middle District of Louisiana at the time of receipt, Defendants could not remove the case on this basis until the District Judge ruled to remand the matter to state court.

I.    **Complete diversity exists because Plaintiff is of diverse state citizenship from Defendants.**

15.

Plaintiff alleges in her Petition that she is domiciled in East Baton Rouge Parish, Louisiana.[5] Accordingly, upon information and belief, Plaintiff is a citizen of Louisiana.

16.

Defendant Crete Carrier Corporation is a foreign corporation incorporated in the State of Nebraska with its principal place of business in Lincoln, Nebraska. Crete is therefore a citizen of Nebraska for diversity purposes.[6]

---

[5] *See id.* at p. 1, Intro ¶.
[6] *See* 28 U.S.C. § 1332(c)(1).

17.

Defendant Hartford Insurance Company is a foreign corporation incorporated in the State

of Delaware with its principal place of business in Hartford, Connecticut. Hartford is therefore a

citizen of Delaware and Connecticut for diversity purposes.[7]

18.

Upon information and belief, Defendant Eric J. Spadafora resides and is domiciled in

Florida.[8] Accordingly, Defendants aver that Spadafora is a citizen of Florida. As of the date of this

filing, Defendants are not aware of service of the Petition on Spadafora.

19.

Upon information and belief, Defendant Progressive Paloverde Insurance Company is a

foreign corporation incorporated in the State of Indiana with its principal place of business in

Cleveland, Ohio. Accordingly, Defendants aver that Progressive is a citizen of Indiana and Ohio

for diversity purposes.[9] Progressive was served through its agent for service of process on May

17, 2021 and consents to this removal.

20.

Thus, Plaintiff is of diverse state citizenship from Defendants, and thus the complete

diversity requirement is satisfied.

---

[7] *See id.*
[8] *See* Ex. 1, Pet., at p. 1, ¶1(b).
[9] *See* 28 U.S.C. § 1332(c)(1).

**II.    This action satisfies the amount in controversy requirement because Plaintiff's claims are likely to exceed the sum or value of $75,000.**

21.

Defendants aver, based on the allegations set forth in Plaintiff's Petition, coupled with information and records received to date regarding Plaintiff's medical treatment, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

22.

Consistent with Louisiana law, Plaintiff does not specify the numerical value of her claimed damages in the Petition.[10] The Fifth Circuit has instructed that, in such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[11] The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by "setting forth the facts in controversy," preferably in the removal petition, that support a finding of the requisite amount.[12]

23.

The Petition alleges that Plaintiff suffered "harms and losses" as a result of the accident on April 20, 2020.[13] The Petition further seeks recovery for damages Plaintiff reportedly sustained due to these alleged injuries, including past and future medical expenses, pain and suffering, lost wages, loss of earning capacity, and loss of enjoyment of life.[14]

---

[10] *See* La. Code Civ. Proc. art. 893(A)(1).
[11] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[12] *See id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[13] *See* Ex. 1, Pet., at p. 2, ¶7.
[14] *See id.*

24.

Defendants submit that the factual details of Plaintiff's injuries and medical treatment, coupled with the Petition's allegations of damages, provide sufficient information to establish that Plaintiff's claims exceed the $75,000 amount-in-controversy threshold by a preponderance of the evidence. As the district court considered Plaintiff's remand, Defendants received additional information establishing the amount in controversy had been met. Because the matter was still pending in in the Middle District of Louisiana at the time of receipt, this information could not be used prior to remand to support the Court's amount-in-controversy analysis; however, the Defendants now timely and properly file this Notice of Removal approximately one week from the date of remand to the Nineteenth Judicial District Court and aver that, on the basis of the instant Notice, the requirements of diversity jurisdiction are met.

25.

First, medical information received by Defendants through discovery demonstrate the following regarding Plaintiff's injuries:[15]

(a)     Plaintiff's alleged injuries include neck pain, left arm pain, shoulder pain, back pain, right knee pain, and right leg pain with weakness, numbness, and tingling down to the right foot;

(b)     Since the accident, Plaintiff has been diagnosed with numerous conditions related to the cervical and lumbar spine, including degeneration of lumbar intervertebral disc, lumbar radiculopathy, arthropathy of lumbar facet joints, cervical kyphosis, and prolapsed intervertebral disc;

---

[15] The referenced medical records are available for the Court's *in camera* review on request.

(c)    Plaintiff's post-accident lumbar and cervical MRIs revealed facet arthropathy at L4-L5 and L5-S1 that narrows the neural foramina; abnormal reversal of the cervical lordosis, concerning for muscle spasm; disc herniation at C4-5 with endplate spondylosis producing foraminal narrowing; and disc bulge at C5-6 with endplate spondylosis producing foraminal narrowing;

(d)    Plaintiff regularly treated with a physical therapist from May 4, 2020, through July 9, 2020;

(e)    Plaintiff regularly treated with a chiropractor from July 9, 2020 through at least August 4, 2020 (and recently inquired with her treating orthopedic spine surgeon, Dr. Jorge Isaza about a referral for additional chiropractic therapy);

(f)    After attempting conservative therapies without significant improvement, Dr. Isaza, an orthopedic spine surgeon, referred Plaintiff to pain management physician Dr. Barrett Johnston for consultation and evaluation of her ongoing back pain with radicular right leg pain and weakness;

(g)    On October 5, 2020, Dr. Johnston administered a right L5-S1 lumbar transforaminal epidural steroid injection, and noted that Plaintiff continued with pain despite conservative therapies;

(h)    On December 14, 2020, Plaintiff underwent lumbar medial branch blocks at the bilateral L4-5 and L5-S1 facet joints;

(i)    On December 28, 2020, Plaintiff underwent repeat lumbar medial branch blocks at the bilateral L4-5 and L5-S1 facet joints;

(j)     On February 4, 2021, Plaintiff underwent a right lumbar medial branch radiofrequency ablation at the L3-4, L4-5, and L5-S1 facet joints, a procedure for which IV sedation was required;

(k)     During September and October of 2021, Plaintiff continued to seek care from Dr. Isaza with Spine Specialists of Louisiana and Dr. Barrett Johnston with Interventional Pain Institute regarding a prolapsed cervical intervertebral disc, degeneration of lumbar intervertebral disc, lower back pain, and cervical kyphosis;

(l)     Specifically, on September 13, 2021, Dr. Isaza saw Plaintiff, and reported that Plaintiff was reporting right leg pain, right knee pain, neck pain and lower back pain with a radicular component that had increased over the past two weeks. Dr. Isaza referred her to Dr. Johnston for an ablation procedure, refilled her medications and suggested she needed an updated MRI of the lumbar spine;

(m)     Then, on September 22, 2021, the Dr. Johnston recommended an invasive lumbar epidural injection after the radiofrequency ablation that was recommended;

(n)     On October 18, 2021, Dr. Johnston performed the second right lumbar medial branch radiofrequency ablation, an invasive procedure, at the L3-4, L4-5 and L5-S1 facet joints;

(o)     Plaintiff continues to treat with interventional pain management, and undergo invasive procedures, and (q) Plaintiff continues to fill prescriptions for Oxycodone and Azithromycin as of December 16, 2021; and

(p)     Plaintiff has thus far incurred medical expenses of at least **$37,548.14** through October 18, 2021.

9

26.

In sum, the medical records received to date, including the recently tendered medical bills from September and October 2021—all of which reference the April 20, 2020 accident—demonstrate that Plaintiff has suffered, and continues to suffer from, neck and back pain with radicular right leg pain; that she has undergone injections to her lumbar spine, including an epidural steroid injection and two medial branch blocks; and that she has received at least two lumbar radiofrequency ablations at multiple levels. Furthermore, Plaintiff continues to undergo invasive treatments for her alleged injuries—over eighteen months post-accident—with an orthopedic spine surgeon and a pain management physician and continues to be prescribed medications. To date, Defendants have not received any amending or supplemental discovery responses indicating that Plaintiff has reached maximum medical improvement or discontinued treatment.

27.

Louisiana courts have awarded damages in excess of $50,000 for injuries similar to those alleged by Plaintiff. *See, e.g.*, *Hebert v. Boesch*, 15-1791 (La. App. 1 Cir. 6/3/16), 194 So. 3d 798 (affirming general damages award of $75,000 where plaintiff was involved in automobile accident in which he sustained injuries to his neck, back, and shoulders, and MRI scans revealed disc bulges at C6-7 and L4-5); *Lenard v. State Farm Mut. Auto. Ins. Co.*, 39-580 (La. App. 2d Cir. 4/20/05), 900 So. 2d 322 (awarding $55,000 in general damages to plaintiff who suffered headaches and soft tissue injuries, which required chiropractic treatment and pain medication for chronic neck and back pain); *Chube v. Shelter Mut. Ins. Co.*, No. C-662616, 2020 WL 9075936 (La. Dist. Ct., 19th JDC, Dec. 16, 2020) (jury verdict awarding $51,000 in general damages and $5,207 in past medical expenses where plaintiff involved in automobile accident sustained injuries to her neck, back, and shoulders, and where MRI revealed lumbar disc herniation, for which she treated

conservatively with chiropractor and orthopedic surgeon); *Ferguson v. Capital Area Transp., LLC*, No. C-677239, 2020 WL 9073504 (La. Dist. Ct., 19th JDC, Dec. 10, 2020) (awarding $50,000 in general damages and $13,068.13 in past medical expenses where plaintiff was diagnosed with cervical disc bulge and herniated disc due to an automobile accident, and treated with chiropractor and epidural steroid injection); *Miles v. Cummings*, No. C-676834 (La. Dist. Ct., 19th JDC, Sept. 24, 2020) (awarding $90,000 in general damages where plaintiff suffered disc bulges at the L4-5 and L5-S1 levels due to an automobile accident, and treated conservatively with chiropractic and epidural steroid injections); *Jackson v. Fitzgerald*, Case No. C-624302, 2016 WL 6570384 (La. Dist. Ct., 19th JDC, Dec. 10, 2020) (jury verdict awarding $102,500 in general damages and $28,000 in past medical expenses where plaintiff suffered lumbar facet joint pain due to automobile accident, and received physical therapy, medial branch block, and ablation); *Riley v. Safeco*, No. C-646965 (La. Dist. Ct., JDC, May 29, 2018) (awarding $83,000 in general damages and where plaintiff involved in automobile accident sustained L4-5 disc injury, for which she received chiropractic therapy and epidural steroid injection).[16] Furthermore, Louisiana federal district courts have held that the amount in controversy exceeded $75,000 in factually analogous cases involving back and neck injuries. *See, e.g.*, *Thibodeaux v. Geico*, No. 16-158-JWD-EWD, 2016 WL 4055660 (M.D. La. July 8, 2016), *report and recommendation adopted*, No. 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016) (denying plaintiff's motion to remand where medical records indicated that plaintiff was diagnosed with a lumbar herniated disc, for which he received epidural steroid injections, medial branch blocks, and recommendation to proceed with radiofrequency ablation).

---

[16] The referenced Louisiana Civil District Court judgments are attached *in globo* as Exhibit 2.

28.

Defendants therefore aver that Plaintiff's recently produced medical bills and records, plus her ongoing treatment and the general damages alleged in the Petition (coupled with her refusal to admit or stipulate that her damages are less than $75,000), demonstrate by a preponderance of the evidence that her claims satisfy the requisite amount in controversy and this case is removable to this Court pursuant to 28 U.S.C. § 1446(b)(3).

**III.     Defendants have satisfied all procedural requirements for removal.**

29.

The Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana is located within the Middle District of Louisiana.[17] Therefore, this Court is the proper venue for this case, as the Middle District of Louisiana is the "district and division embracing the place where such action is pending."[18]

30.

This Notice of Removal was timely filed in accordance with the provisions of 28 U.S.C. § 1446(b)(3). As the Plaintiff's original Petition for Damages was filed on December 15, 2020, Defendants' file this second Notice of Removal properly within the one-year removal period.

31.

Upon information and belief, as of the date of this filing, Crete, Hartford, and Progressive are the only defendants who have been served with the Petition. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the joinder or consent of Spadafora is not required, and all defendants who have been served join in the removal of this action.[19]

---

[17] *See* 28 U.S.C. § 98(b).
[18] *See* 28 U.S.C. § 1441(a).
[19] *See* 28 U.S.C. § 1446(b)(2)(A).

32.

Per 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders as exists in the state court record at the time of removal are attached as Exhibit 1.

33.

A copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana in accordance with 28 U.S.C. § 1446(d).[20]

WHEREFORE, Defendants, Crete Carrier Corporation and Hartford Insurance Company, pray that the above numbered and entitled cause on the docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from that court and placed on the docket of the United States District Court for the Middle District of Louisiana for further proceedings.

Respectfully submitted,

IRWIN FRITCHIE URQUHART AND MOORE LLC

DATED: December 15, 2021     */s/Matthew W. Bailey*
Matthew W. Bailey (La. Bar No. 21459)
Hillary A. Brouillette (La. Bar No. 38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Crete Carrier Corporation*
*and Hartford Insurance Company*

---

[20] *See* Exhibit 3, Notice of Removal to State Court Clerk.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December 2021, the foregoing Notice of Removal was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that, on the same day, a copy of said Notice of Removal and attachments will be sent via electronic mail to the following counsel of record:

Russell W. Beall
William W. Thies
Jacob H. Thomas
G. Aaron Humphreys
Britney R. Duke
Beall & Thies, LLC
351 St. Ferdinand Street, Ste. A
Baton Rouge, LA 70802
Tel: (225) 383-3499
Fax: (225) 383-3599
rbeall@beallthies.com
billyt@beallthies.com
jaket@beallthies.com
aaronh@beallthies.com
bduke@beallthies.com
*Counsel for Plaintiff Miyoshi Snearl*

/s/Matthew W. Bailey
Matthew W. Bailey