EAST BATON ROUGE PARISH
Filed Dec 15, 2020 2:24 PM
Deputy Clerk of Court

C-702687
23

| | |
|---|---|
| **MYOSHI SNEARL** | **CASE NO:**      **DIV:** |
| **VERSUS** | **19ᵀᴴ JUDICIAL DISTRICT COURT** |
| **CRETE CARRIER CORPORATION, ERIC J. SPADAFORA, HARTFORD INSURANCE COMPANY, PROGRESSIVE PALOVERDE INSURANCE COMPANY** | **PARISH OF EAST BATON ROUGE** <br><br> **STATE OF LOUISIANA** |

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Myoshi Snearl, being of the full age of majority, and a resident of and domiciled in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA, who respectfully represents that:

1.

Made Defendants herein are:

a. CRETE CARRIER CORPORATION., sometimes herein referred to as "CRETE", who upon information and reasonable belief to be a foreign corporation authorized to do and doing business in the State of Louisiana.

b. ERIC J. SPADAFORA upon information and reasonable belief to be a man of the full age of majority residing in the state of Florida,

c. HARTFORD INSURANCE COMAPNY, upon information and reasonable belief to be a foreign corporation authorized to do and doing business in the State of Louisiana.

d. PROGRESSIVE PALOVERDE INSURANCE COMPANY, herein referred to sometimes as "Progressive" upon information and reasonable belief to be a foreign corporation authorized to do and doing business in the State of Louisiana.

2.

Venue is proper in the parish of EAST BATON ROUGE pursuant to Louisiana Code of Civil Procedure article 42 as one of the defendants is a foreign insurer; venue is also proper according to Louisiana Code of Civil Procedure Article 74, as the motor vehicle collision occurred within East Baton Rouge Parish.

3.

Defendants, **CRETE CARRIER CORPORATION, ERIC J. SPADAFORA, HARTFORD INSURANCE COMPANY, and PROGRESSIVE**. are justly and truly indebted,

# EXHIBIT 1



**Certified True and Correct Copy**
CertID: 2021121400597

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

individually and in solido, to Plaintiff in an amount that is just and reasonable, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

4.

On or about April 20, 2020, Plaintiff, Myoshi Snearl, was traveling east in the far-right lane on Louisiana Interstate 10, it bears further noting that Plaintiff was observing all applicable traffic/speed laws at the time of this occurrence.

5.

At the same time & place Eric J. Spadafora was operating a Crete truck as part of his employment and was also simultaneously heading East on Interstate 10 Road and was occupying the left lane of the road.

6.

As the vehicles continued down Interstate 10 in an easterly direction, Mr. Spadafora illegally & without warning steered/veered the large diesel truck into the right lane of traffic, which Plaintiff was lawfully occupying. Defendant Spadafora's shifting into the right lane while it was occupied, caused a collision with Plaintiff. It bears noting that Plaintiff maintained the right of way in her lane.

7.

Due to the above-described collision, Ms. Snearl suffered harms and losses; thus Plaintiff claims all just and reasonable damages, historically referred to as special and general damages, which will be proven at the trial of this matter, including but not limited to:

  a. Past medical expenses;
  b. Lost Wages
  c. Future medical expenses;
  d. Future loss of earning capacity;
  e. Pain and suffering;
  f. Loss of enjoyment of life.

8.

The above-described collision and all of Ms. Snearl's resulting damages were proximately caused by the fault and negligent acts and omissions of Eric J. Spadafora, including but not limited to:

**Certified True and Correct Copy**
CertID: 2021121400597
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

a. Breach of a legally imposed duty of reasonable care;

b. Failure to maintain control of his vehicle;

c. Operating his vehicle in a careless or inattentive manner;

d. Failing to adhere to the center line of the interstate dividing the lanes.

e. Failure to see what should have been seen;

f. Failing to yield to Plaintiff who maintained the right of way and occupied the lane lawfully

g. Negligently shifting lanes in his vehicle without ensuring that the lane was not occupied.

h. Violation of statutes enacted in Title 32 of the Louisiana Revised Statutes; and

i. Other negligent acts and omissions to be proved at trial.

9.

The above-described collision and all of Ms. Snearl's resulting damages were also proximately caused by the fault and negligent acts and omissions of Crete Carrier Services, including but not limited to:

A. Failure to maintain and/or operate under a system of rules, regulations, policies, and/or guidelines, of which are designed to prevent harm to the general public due to its drivers operating vehicles on public roadways,

B. Failure to properly supervise & manage their employees tasked with driving vehicles on public roadways.

C. Failure to properly train their employees/drivers tasked with driving vehicles on public roadways

D. Other negligent acts and omissions to be proved at trial.

10.

At the time of the above-described collision, Defendant, HARTFORD INSURANCE COMPANY, had in effect a policy of automobile liability insurance providing coverage to Defendants Crete Carrier Services & Eric Spadafora, for the liability asserted herein, and as such, HARTFORD INSURANCE COMPANY is liable in

**Certified True and Correct Copy**
CertID: 2021121400597
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

solido with its insured for all amounts due to Plaintiff pursuant to Louisiana Revised Statute 22:1269.

11.

At the time of the above-described collision, Defendant, Progressive, had in effect a policy of uninsured and/or underinsured motorist liability insurance providing coverage to Plaintiff in the event of injury due to the fault of an uninsured and/or underinsured motorist, and, as such, Progressive is liable to Plaintiff for all damages for which there exists insufficient insurance to adequately compensate Plaintiff. Defendant Progressive has breached their duty instituted by their contract with Plaintiff.

12.

Plaintiff, Myoshi Snearl, claims all just and reasonable special & general damages allowed by Louisiana law which will be proven at the trial of this matter.

13.

Plaintiff respectfully requests written notice to counsel ten (10) days in advance of the date fixed for trial or hearing on any exception, motion, rule, or trial on the merits in this proceeding pursuant to Louisiana Code of Civil procedure Article 1572. Plaintiff further requests, pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, immediate notice to counsel of all interlocutory and final orders and judgments on any exception, motion, rule, or trial on the merits in this proceeding.

WHEREFORE, Plaintiff prays that Defendants, CRETE CARRIER CORPORATION, ERIC J. SPADAFORA, HARTFORD INSURANCE COMPANY and PROGRESSIVE PALOVERDE INSURANCE COMPANY, be duly cited and served with this Petition for Damages, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiff and against Defendants, individually and in solido, for all such damages as are reasonable, with legal interest thereon from date of judicial

**Certified True and Correct Copy**
CertID: 2021121400597
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

demand until paid, for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

**BEALL & THIES, LLC**
Attorneys at Law
351 St. Ferdinand Street, Ste. A
Baton Rouge, Louisiana 70802
Tel: 225.383.3499
Fax: 225.383.3599

Russell W. Beall, Bar Roll No. 27374
William W. Thies, Bar Roll No. 27890
Jacob H. Thomas, Bar Roll No. 36700
G. Aaron Humphreys, Bar Roll No. 36876
Britney R. Duke, Bar Roll No. 38200

Eric Spadafora
11809 SW 99th Lane
Miami, FL, 33186
**PLEASE SERVE:**

Hartford Insurance Company
*Through its agent for service of process:*
The Louisiana Secretary of State
State Archives Building
3851 Essen Lane
Baton Rouge, LA 70809

Crete Carrier Corporation
through their Agent for Service of Process
National Registered Agents
3867 Plaza Tower Drive
BATON ROUGE, LA, 70816

**Certified True and Correct Copy**
CertID: 2021121400597
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

**RETURN COPY**



**D5553474**

## CITATION

**MYOSHI SNEARL**
(Plaintiff)

**VS**

**CRETE CARRIER CORPORATION**
(Defendant)

**NUMBER C-702687   SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **HARTFORD INSURANCE COMPANY**
      **THROUGH ITS AGENT FOR SERVICE OF PROCESS:**
      **THE LOUISIANA SECRETARY OF STATE**

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.
    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 16, 2020.**

*Magan Harris*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: BEALL, RUSSELL W**
           **(225) 383-3499**

*The following documents are attached:
**PETITION FOR DAMAGES**

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

**CITATION-2000**

RECEIVED DATE
DEC 18 2020
E.B.R. Sheriff Office



**Certified True and Correct Copy**
CertID: 2021121400515
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:01 AN

**RETURN COPY**



**D5553458**

# CITATION

**MYOSHI SNEARL**
(Plaintiff)

**VS**

**CRETE CARRIER CORPORATION**
(Defendant)

**NUMBER C-702687  SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **CRETE CARRIER CORPORATION**
     **THROUGH THEIR AGENT FOR SERVICE OF PROCESS:**
     **NATIONAL REGISTERED AGENTS**
     **3867 PLAZA TOWER DRIVE**
     **BATON ROUGE,  LA 70816**

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.
    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 16, 2020.**

*Magan Harris*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: BEALL, RUSSELL W**
     **(225) 383-3499**

*The following documents are attached:
**PETITION FOR DAMAGES**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20 I made service on the named party through the

    ☑ CT Corp

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2020**

☐ LA Corp & Registered Agent Services

**DEC 2 8 2020**

by tendering a copy of this document to
☐ Abby Sarmiento      ☐ Brenna Beauregard
☑ Ashley Minvielle      ☐ Allison Reed
**DEPUTY BRYAN SIMMONS**
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

---



**Certified True and Correct Copy**
CertID: 2021121400517
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:02 AM

RECEIVED

DEC 2 3 2020

EBR SHERIFF'S OFFICE

**Certified True and Correct Copy**

CertID: 2021121400517

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**

East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:02 AM

EAST BATON ROUGE PARISH
Filed Jan 19, 2021 4:09 PM
Deputy Clerk of Court
E-File Received Jan 19, 2021 3:49 PM

C-702687
23

**19ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**CASE NO.: C-702687**                                                    **DIVISION: 23**

**MYOSHI SNEARL**

**VERSUS**

**CRETE CARRIER CORPORATION, ET AL.**

**FILED: _____**
                                                    _____
                                                    **DEPUTY CLERK**

### ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Defendants, Crete Carrier
Corporation and Hartford Insurance Company, who for their Answer to the Petition for Damages
of Plaintiff, Myoshi Snearl, respectfully represent as follows:

### FIRST DEFENSE

Defendants respond to the individual paragraphs of Plaintiff's Petition for Damages as
follows:

**1.**

The allegations in Paragraph 1 subparagraphs (a) and (c) are admitted as to the status of
Crete Carrier Corporation and Hartford Insurance Company. The allegations of Paragraph 1
subparagraphs (b) and (d) are not directed to these defendants and, thus, do not require a response
on their behalf. To the extent that a response is required, in response to the allegations of Paragraph
1 subparagraph (b), Defendants admit, based upon information and belief, that Eric J. Spadafora
is a man of the full age of majority residing in the State of Florida. Defendants lack knowledge or
information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1
subparagraph (d) and, on that basis, deny them.

**2.**

The allegations of Paragraph 2 consist of argument and legal conclusions to which no
response is required. To the extent that a response is required, Defendants lack knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that
basis, deny them.

1


**Certified True and Correct Copy**
CertID: 2021121400599

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**3.**

The allegations of Paragraph 3 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 3 are denied.

**4.**

The allegations of Paragraph 4 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 4 are denied except to admit that, based upon information and belief, Plaintiff, Myoshi Snearl, was traveling eastbound in the right lane on Louisiana Interstate 10 on or about April 20, 2020.

**5.**

In response to the allegations of Paragraph 5, Defendants admit, based upon information and belief, that Eric J. Spadafora was operating a truck owned by Crete Carrier Corporation while traveling eastbound on Interstate 10, and that Eric J. Spadafora was employed with Crete Carrier Corporation on April 20, 2020. Except as expressly admitted, all other allegations contained within Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

**6.**

The allegations of Paragraph 6 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 6 are denied except to admit that, based upon information and belief, an impact occurred involving a vehicle operated by Plaintiff and a vehicle operated by Eric J. Spadafora while both vehicles were traveling eastbound on Interstate 10. Except as expressly admitted, the remaining allegations contained in Paragraph 6 are denied.

**7.**

The allegations of Paragraph 7, including subparagraphs (a)-(f), consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, deny them.

2

**Certified True and Correct Copy**
CertID: 2021121400599

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**8.**

The allegations of Paragraph 8, including subparagraphs (a)-(i), consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 8 are denied.

**9.**

The allegations of Paragraph 9, including subparagraphs (A)-(D), consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 9 are denied.

**10.**

The allegations of Paragraph 10 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendants aver that, at the time of the accident sued upon, Crete Carrier Corporation had in full force and effect a policy of insurance with Hartford Insurance Company, which policy being the best evidence of its own terms, conditions, coverages, limits, exclusions, and retentions as if copied herein *in extenso*. All other allegations contained within Paragraph 10 are denied.

**11.**

No response is necessary to Paragraph 11, as it contains no allegations against these defendants. To the extent that a response is required, Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, deny them.

**12.**

The allegations of Paragraph 12 consist of argument and legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 12 are denied.

**13.**

No response is necessary to Paragraph 13, as it contains no allegations against Defendants.

3

**Certified True and Correct Copy**
CertID: 2021121400599
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

**14.**

The allegations contained within the unnumbered paragraph beginning with "WHEREFORE" are denied. Defendants specifically deny that Plaintiff is entitled to a judgment or any other relief requested against them.

## SECOND DEFENSE

Defendants affirmatively assert and allege that if it is shown that Plaintiff failed to mitigate her damages, then these defendants plead same as a bar and/or reduction to her recovery.

## THIRD DEFENSE

Defendants affirmatively assert and allege that Plaintiff's alleged damages, if any, were solely and wholly caused by the independent, intervening, and superseding negligence, contributory/comparative negligence, breach of duty and/or fault of other parties or persons over whom Defendants had no control, and for whom Defendants have no responsibility, all of which totally precludes or alternatively reduces any recoverable damages against Defendants.

## FOURTH DEFENSE

Plaintiff's claims against Defendants are barred or must be reduced to the extent that Plaintiff's alleged injuries or damages, if any, were not caused by Defendants or by parties for which Defendants may be held legally responsible, but rather were caused, in whole or in part, by the actions and/or omissions of third parties for whom Defendants are not responsible.

## FIFTH DEFENSE

Plaintiff's claims against Defendants are barred or must be reduced to the extent that Plaintiff's injuries or damages, if any, were due to Plaintiff's own fault and/or negligence, which fault and/or negligence acts as a complete bar to any recovery to which she might otherwise be entitled herein. Alternatively, the fault and/or contributory negligence of Plaintiff serves to reduce whatever recovery to which Plaintiff might otherwise be entitled by Plaintiff's own percentage of fault.

## SIXTH DEFENSE

Plaintiff's claims against Defendants are barred or must be reduced to the extent that the injuries or damages are attributable to pre-existing conditions, previous or subsequent accidents, and/or intervening and superseding injuries and/or accidents.

4

**Certified True and Correct Copy**
CertID: 2021121400599

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**EIGHTH DEFENSE**

Plaintiff's claims against Defendants are barred or must be reduced to the extent that Louisiana Revised Statute Section 32:866 is applicable.

**NINTH DEFENSE**

Defendants deny all allegations of Plaintiff's Petition for Damages not specifically herein admitted, denied, or responded to for lack of information or belief.

**TENTH DEFENSE**

Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law or pursuant to statute, or during discovery proceedings of this cause, and hereby reserve the right to amend their Answer to add any facts or affirmative defenses not already asserted that are revealed to be applicable as discovery proceeds.

**JURY DEMAND**

Defendants request trial by jury on all issues.

**WHEREFORE,** the above premises considered, Defendants, Crete Carrier Corporation and Hartford Insurance Company, pray that this Answer to Plaintiff's Petition for Damages be deemed good and sufficient and after due proceedings are had that there be a judgment in favor of Defendants, dismissing Plaintiff's Petition for Damages, with prejudice, and that Defendants be granted their costs and expenses herein and such other further and equitable relief as the Court may deem just and proper.

*Signature block on following page*

5

**Certified True and Correct Copy**
CertID: 2021121400599

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully submitted,

IRWIN FRITCHIE URQUHART AND MOORE LLC

_____

MATTHEW W. BAILEY (#21459)
SHANNON M. KIPPERS (#37738)
HILLARY A. BROUILLETTE (#38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
skippers@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Crete Carrier Corporation
and Hartford Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by e-mail, by telefacsimile, or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 19th day of January, 2021.

_____
Matthew W. Bailey

6

**Certified True and Correct Copy**
CertID: 2021121400599
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:19 AM

**EAST BATON ROUGE PARISH**
Filed Jan 19, 2021 4:08 PM
Deputy Clerk of Court
E-File Received Jan 19, 2021 3:49 PM

**C-702687**
**23**

**19ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**CASE NO.: C-702687**                                        **DIVISION: 23**

**MYOSHI SNEARL**

**VERSUS**

**CRETE CARRIER CORPORATION, ET AL.**

**FILED:** _____        _____
                                                                    **DEPUTY CLERK**

## REQUEST FOR WRITTEN NOTICE

**NOW INTO COURT,** through undersigned counsel, come Defendants, Crete Carrier

Corporation and Hartford Insurance Company, who, pursuant to the applicable provisions of the

Louisiana Code of Civil Procedure, including, but not limited to, Louisiana Code of Civil

Procedure Articles 1913 and 1914, request that the Clerk give the undersigned counsel (10) days'

notice of the signing of any order or judgment herein.

It is further requested that the Clerk give written notice of the trial date, or the date set for

hearing, or the date of any motion or pleadings, at least ten (10) days before said trial or hearing

date, pursuant to the provisions of Louisiana Code of Civil Procedure article 1572.

Respectfully submitted,

IRWIN FRITCHIE URQUHART AND MOORE LLC

_____
MATTHEW W. BAILEY (#21459)
SHANNON M. KIPPERS (#37738)
HILLARY A. BROUILLETTE (#38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
skippers@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Crete Carrier Corporation*
*and Hartford Insurance Company*

1

**Certified True and Correct Copy**
CertID: 2021121400600

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:20 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EAST BATON ROUGE PARISH
C-702687
Filed Dec 15, 2020 2:24 PM
23
Deputy Clerk of Court

**MYOSHI SNEARL**

**VERSUS**

**CRETE CARRIER CORPORATION,
ERIC J. SPADAFORA, HARTFORD
INSURANCE COMPANY,
PROGRESSIVE PALOVERDE
INSURANCE COMPANY**

**CASE NO:          DIV:**

**19TH  JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

---

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Myoshi Snearl,

being of the full age of majority, and a resident of and domiciled in the PARISH OF EAST

BATON ROUGE, STATE OF LOUISIANA, who respectfully represents that:

1.

Made Defendants herein are:

a. CRETE CARRIER CORPORATION., sometimes herein referred to as "CRETE",
who upon information and reasonable belief to be a foreign corporation authorized to
do and doing business in the State of Louisiana.

b. ERIC J. SPADAFORA upon information and reasonable belief to be a man of the full
age of majority residing in the state of Florida,

c. HARTFORD INSURANCE COMAPNY, upon information and reasonable belief to
be a foreign corporation authorized to do and doing business in the State of
Louisiana.

d. PROGRESSIVE PALOVERDE INSURANCE COMPANY, herein referred to
sometimes as "Progressive" upon information and reasonable belief to be a foreign
corporation authorized to do and doing business in the State of Louisiana.

2.

Venue is proper in the parish of EAST BATON ROUGE pursuant to Louisiana Code of Civil

Procedure article 42 as one of the defendants is a foreign insurer; venue is also proper according

to Louisiana Code of Civil Procedure Article 74, as the motor vehicle collision occurred within

East Baton Rouge Parish.

3.

Defendants, **CRETE CARRIER CORPORATION, ERIC J. SPADAFORA,**

**HARTFORD INSURANCE COMPANY, and PROGRESSIVE,** are justly and truly indebted,

**Certified True and
Correct Copy**
CertID: 2021121400522
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:04 AM

individually and in solido, to Plaintiff in an amount that is just and reasonable, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

### 4.

On or about April 20, 2020, Plaintiff, Myoshi Snearl, was traveling east in the far-right lane on Louisiana Interstate 10, it bears further noting that Plaintiff was observing all applicable traffic/speed laws at the time of this occurrence.

### 5.

At the same time & place Eric J. Spadafora was operating a Crete truck as part of his employment and was also simultaneously heading East on Interstate 10 Road and was occupying the left lane of the road.

### 6.

As the vehicles continued down Interstate 10 in an easterly direction, Mr. Spadafora illegally & without warning steered/veered the large diesel truck into the right lane of traffic, which Plaintiff was lawfully occupying. Defendant Spadafora's shifting into the right lane while it was occupied, caused a collision with Plaintiff. It bears noting that Plaintiff maintained the right of way in her lane.

### 7.

Due to the above-described collision, Ms. Snearl suffered harms and losses; thus Plaintiff claims all just and reasonable damages, historically referred to as special and general damages, which will be proven at the trial of this matter, including but not limited to:

   a. Past medical expenses;
   b. Lost Wages
   c. Future medical expenses;
   d. Future loss of earning capacity;
   e. Pain and suffering;
   f. Loss of enjoyment of life.

### 8.

The above-described collision and all of Ms. Snearl's resulting damages were proximately caused by the fault and negligent acts and omissions of Eric J. Spadafora, including but not limited to:

**Certified True and Correct Copy**
CertID: 2021121400522
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

a.  Breach of a legally imposed duty of reasonable care;

b.  Failure to maintain control of his vehicle;

c.  Operating his vehicle in a careless or inattentive manner;

d.  Failing to adhere to the center line of the interstate dividing the lanes.

e.  Failure to see what should have been seen;

f.  Failing to yield to Plaintiff who maintained the right of way and occupied the lane lawfully

g.  Negligently shifting lanes in his vehicle without ensuring that the lane was not occupied.

h.  Violation of statutes enacted in Title 32 of the Louisiana Revised Statutes; and

i.  Other negligent acts and omissions to be proved at trial.

9.

The above-described collision and all of Ms. Snearl's resulting damages were also proximately caused by the fault and negligent acts and omissions of Crete Carrier Services, including but not limited to:

A.  Failure to maintain and/or operate under a system of rules, regulations, policies, and/or guidelines, of which are designed to prevent harm to the general public due to its drivers operating vehicles on public roadways,

B.  Failure to properly supervise & manage their employees tasked with driving vehicles on public roadways.

C.  Failure to properly train their employees/drivers tasked with driving vehicles on public roadways

D.  Other negligent acts and omissions to be proved at trial.

10.

At the time of the above-described collision, Defendant, HARTFORD INSURANCE COMPANY, had in effect a policy of automobile liability insurance providing coverage to Defendants Crete Carrier Services & Eric Spadafora, for the liability asserted herein, and as such, HARTFORD INSURANCE COMPANY is liable in

**Certified True and Correct Copy**
CertID: 2021121400522
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:04 AM

solido with its insured for all amounts due to Plaintiff pursuant to Louisiana Revised Statute 22:1269.

## 11.

At the time of the above-described collision, Defendant, Progressive, had in effect a policy of uninsured and/or underinsured motorist liability insurance providing coverage to Plaintiff in the event of injury due to the fault of an uninsured and/or underinsured motorist, and, as such, Progressive is liable to Plaintiff for all damages for which there exists insufficient insurance to adequately compensate Plaintiff. Defendant Progressive has breached their duty instituted by their contract with Plaintiff.

## 12.

Plaintiff, Myoshi Snearl, claims all just and reasonable special & general damages allowed by Louisiana law which will be proven at the trial of this matter.

## 13.

Plaintiff respectfully requests written notice to counsel ten (10) days in advance of the date fixed for trial or hearing on any exception, motion, rule, or trial on the merits in this proceeding pursuant to Louisiana Code of Civil procedure Article 1572. Plaintiff further requests, pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, immediate notice to counsel of all interlocutory and final orders and judgments on any exception, motion, rule, or trial on the merits in this proceeding.

WHEREFORE, Plaintiff prays that Defendants, CRETE CARRIER CORPORATION, ERIC J. SPADAFORA, HARTFORD INSURANCE COMPANY and PROGRESSIVE PALOVERDE INSURANCE COMPANY, be duly cited and served with this Petition for Damages, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiff and against Defendants, individually and in solido, for all such damages as are reasonable, with legal interest thereon from date of judicial

**Certified True and Correct Copy**
CertID: 2021121400522
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:04 AM

demand until paid, for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

**BEALL & THIES, LLC**
Attorneys at Law
351 St. Ferdinand Street; Ste. A
Baton Rouge, Louisiana 70802
Tel: 225.383.3499
Fax: 225.383.3599

Russell W. Beall, Bar Roll No. 27374
William W. Thies, Bar Roll No. 27890
Jacob H. Thomas, Bar Roll No. 36700
G. Aaron Humphreys, Bar Roll No. 36876
Britney R. Duke, Bar Roll No. 38200

Eric Spadafora
11809 SW 99th Lane
Miami, FL, 33186
**PLEASE SERVE:**

Hartford Insurance Company
*Through its agent for service of process:*
The Louisiana Secretary of State
State Archives Building
3851 Essen Lane
Baton Rouge, LA 70809

Crete Carrier Corporation
through their Agent for Service of Process
National Registered Agents
3867 Plaza Tower Drive
BATON ROUGE, LA, 70816

**Certified True and Correct Copy**
CertID: 2021121400522
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:04 AM

**Certified True and Correct Copy**

CertID: 2021121400522

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**

East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:04 AM

EAST BATON ROUGE PARISH
**C-702687**
Filed May 10, 2021 11:22 AM
Deputy Clerk of Court
FAX Received May 07, 2021

Case 3:21-cv-00709-SDD-SDJ    Document 1-2    12/15/21    Page 22 of 150

### 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

### STATE OF LOUISIANA

**CASE NO.: C-702687**                                              **DIVISION: 23**

### MYOSHI SNEARL

### VERSUS

### CRETE CARRIER CORPORATION, ET AL

**FILED:** _____      _____
                                                                    **DEPUTY CLERK**

### NOTICE OF REMOVAL TO STATE COURT CLERK

**TO:    THE HONORABLE CLERK OF COURT**
**PARISH OF EAST BATON ROUGE**
**19TH JUDICIAL DISTRICT**
**300 NORTH BLVD.**
**BATON ROUGE, LA 70801**

You are hereby notified that on the 7th day of May, 2021, a Notice of Removal was filed in the United States District Court for the Middle District of Louisiana in the above-captioned proceeding, a copy of which is attached hereto.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

_____
MATTHEW W. BAILEY (#21459)
SHANNON M. KIPPERS (#37738)
HILLARY A. BROUILLETTE (#38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
skippers@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Crete Carrier Corporation*
*and Hartford Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal to State Court Clerk has been served upon counsel for all parties to this proceeding by e-mail, this 7th day of May, 2021.

_____
Shannon M. Kippers

**Certified True and Correct Copy**
CertID: 2021121400603
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:22 AM

EAST BATON ROUGE PARISH  C-702687
Filed May 10, 2021 11:22 AM          23
Deputy Clerk of Court
FAX Received May 07, 2021

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

MYOSHI SNEARL

     **Plaintiff,**

**VERSUS**

**CRETE CARRIER CORPORATION,
ERIC J. SPADAFORA, HARTFORD
INSURANCE COMPANY,
PROGRESSIVE PALOVERDE
INSURANCE COMPANY**

     **Defendants.**

**CIVIL ACTION**

**NO.:**

**JUDGE:**

**MAGISTRATE:**

## NOTICE OF REMOVAL

**TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF LOUISIANA**

    In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Crete Carrier

Corporation and Hartford Insurance Company, through undersigned counsel, hereby remove the

above-captioned action from the Nineteenth Judicial District Court for the Parish of East Baton

Rouge, State of Louisiana, where it is currently pending, to the United States District Court for the

Middle District of Louisiana, and state as follows:

    1.    On December 15, 2020, Plaintiff Miyoshi Snearl ("Plaintiff") commenced this

action by filing a Petition for Damages ("Petition") against defendants Crete Carrier Corporation

("Crete"), Hartford Insurance Company ("Hartford"), Eric J. Spadafora ("Spadafora"), and

Progressive Paloverde Insurance Company ("Progressive") in the Nineteenth Judicial District

Court for the Parish of East Baton Rouge, State of Louisiana, bearing Case No. C-702687 (Section

23) on the docket of said court.



**Certified True and
Correct Copy**
CertID: 2021121400604
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:22 AM

2.      Service was effected on Crete through its agent for service of process on December 28, 2020.

3.      Service was effected on Hartford through its agent for service of process on December 21, 2020.

4.      Upon information and belief, Plaintiff requested service on Spadafora via the Louisiana Long Arm Statute. As of the date of this filing, however, this is no record of service on Spadafora.

5.      Upon information and belief, Plaintiff has not requested service on Progressive. Thus, as of the date of this filing, there is no record of service on Progressive.

6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders issued in state court are attached *in globo* as Exhibit 1 to this Notice of Removal.

7.      In the Petition, Plaintiff alleges that, on or about April 20, 2020, she was operating a vehicle eastbound on Interstate 10 in Baton Rouge.[1] Plaintiff further alleges that, at the same time, a "large diesel truck" operated by Spadafora and owned by Crete, which was also traveling eastbound on Interstate 10, crossed into Plaintiff's travel lane and collided with Plaintiff's vehicle.[2]

8.      Plaintiff allegedly sustained "harms and losses" as a result of the accident.[3] Specifically, Plaintiff asserts the following categories of special and general damages: past and future medical expenses, lost wages, future loss of earning capacity, pain and suffering, loss of enjoyment of life, and all just and reasonable damages which will be proven at the trial of this matter.[4]

---

[1] *See* Ex. 1, Petition, at p. 2, ¶4.
[2] *See id.* at p. 2, ¶¶5-6.
[3] *See id.* at p. 2, ¶7.
[4] *See id.*

9.     As set forth more fully below, this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because it is between citizens of different states and the matter in controversy is likely to exceed $75,000, exclusive of interest and costs. The removing defendants have also satisfied the procedural requirements for removal. This action is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441.

**I.      Complete diversity exists because Plaintiff is of diverse state citizenship from Defendants.**

10.     Plaintiff alleges in her Petition that she is domiciled in East Baton Rouge Parish, Louisiana.[5] Accordingly, upon information and belief, Plaintiff is a citizen of Louisiana.

11.     Defendant Crete Carrier Corporation is a foreign corporation incorporated in the State of Nebraska with its principal place of business in Lincoln, Nebraska. Crete is therefore a citizen of Nebraska for diversity purposes.[6]

12.     Defendant Hartford Insurance Company is a foreign corporation incorporated in the State of Delaware with its principal place of business in Hartford, Connecticut. Hartford is therefore a citizen of Delaware and Connecticut for diversity purposes.[7]

13.     Upon information and belief, Defendant Eric J. Spadafora resides and is domiciled in Florida.[8] Accordingly, Defendants aver that Spadafora is a citizen of Florida. As of the date of this filing, Defendants are not aware of service of the Petition on Spadafora.

14.     Upon information and belief, Defendant Progressive Paloverde Insurance Company is a foreign corporation incorporated in the State of Indiana with its principal place of business in Cleveland, Ohio. Accordingly, Defendants aver that Progressive is a citizen of Indiana

---

[5] *See id.* at p. 1, Intro¶.
[6] *See* 28 U.S.C. § 1332(c)(1).
[7] *See id.*
[8] *See* Ex. 1, Pet., at p. 1, ¶1(b).

and Ohio for diversity purposes.[9] As of the date of this filing, Defendants are not aware of service of the Petition on Progressive.

15.      Thus, Plaintiff is of diverse state citizenship from the defendants, and the complete diversity requirement is satisfied.

## II.    This action satisfies the amount in controversy requirement because Plaintiff's claims are likely to exceed the sum or value of $75,000.

16.      Defendants aver, based on the allegations of Plaintiff's Petition, coupled with information and records received to date regarding Plaintiff's medical treatment, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.      Consistent with Louisiana law, Plaintiff does not specify the numerical value of her claimed damages in the Petition.[10] The Fifth Circuit has instructed that, in such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[11] The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by "setting forth the facts in controversy," preferably in the removal petition, that support a finding of the requisite amount.[12]

18.      The Petition alleges that Plaintiff suffered "harms and losses" as a result of the accident on April 20, 2020.[13] The Petition further seeks recovery for damages Plaintiff reportedly sustained due to these alleged injuries, including past and future medical expenses, pain and suffering, lost wages, loss of earning capacity, and loss of enjoyment of life.[14]

---

[9] *See* 28 U.S.C. § 1332(c)(1).
[10] *See* La. Code Civ. Proc. art. 893(A)(1).
[11] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[12] *See id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[13] *See* Ex. 1, Pet., at p. 2, ¶7.
[14] *See id.*

19.     Whether Plaintiff's claims exceed $75,000 is not necessarily facially apparent from the Petition alone. Defendants submit, however, that the factual details of Plaintiff's injuries and medical treatment, coupled with the Petition's allegations of damages, provide sufficient information to establish that Plaintiff's claims exceed the $75,000 amount in controversy threshold by a preponderance of the evidence.

20.     First, medical information received by Defendants through discovery demonstrate the following regarding Plaintiff's injuries:[15]

(a)     Plaintiff's alleged injuries include neck pain, left arm pain, shoulder pain, back pain, right knee pain, and right leg pain with weakness, numbness, and tingling down to the right foot;

(b)     Since the accident, Plaintiff has been diagnosed with numerous conditions related to the cervical and lumbar spine, including degeneration of lumbar intervertebral disc, lumbar radiculopathy, arthropathy of lumbar facet joints, cervical kyphosis, and prolapsed intervertebral disc;

(c)     Plaintiff's post-accident lumbar and cervical MRIs revealed facet arthropathy at L4-L5 and L5-S1 that narrows the neural foramina; abnormal reversal of the cervical lordosis, concerning for muscle spasm; disc herniation at C4-5 with endplate spondylosis producing foraminal narrowing; and  disc bulge at C5-6 with endplate spondylosis producing foraminal narrowing;

(d)     Plaintiff regularly treated with a physical therapist from May 4, 2020 through July 9, 2020;

---

[15] The referenced medical records are attached *in globo* as Exhibit 2.

(e)     Plaintiff regularly treated with a chiropractor from July 9, 2020 through at least August 4, 2020 (and recently inquired with her treating orthopedic spine surgeon, Dr. Jorge Isaza about a referral for additional chiropractic therapy);

(f)     After attempting conservative therapies without significant improvement, Dr. Isaza referred Plaintiff to pain management physician Dr. Barrett Johnston for consultation and evaluation of her ongoing back pain with radicular right leg pain and weakness;

(g)     On October 5, 2020, Dr. Johnston administered a right L5-S1 lumbar transforaminal epidural steroid injection, and noted that Plaintiff continued with pain despite conservative therapies;

(h)     On December 14, 2020, Plaintiff underwent lumbar medial branch blocks at the bilateral L4-5 and L5-S1 facet joints;

(i)     On December 28, 2020, Plaintiff underwent repeat lumbar medial branch blocks at the bilateral L4-5 and L5-S1 facet joints;

(j)     On February 4, 2021, Plaintiff underwent a right lumbar medial branch radiofrequency ablation at the L3-4, L4-5, and L5-S1 facet joints, a procedure for which IV sedation was required;

(k)     Plaintiff was to be scheduled for a second lumbar medial branch radiofrequency ablation procedure on the left side two weeks later; and

(l)     Plaintiff has thus far incurred medical expenses of at least $28,281.20 through February 4, 2021, and her medical treatment is ongoing.

21.     To sum up, the medical records received to date, all of which reference the April 20, 2020 accident, indicate that Plaintiff has suffered, and continues to suffer from, neck and back

pain with radicular right leg pain; that she has undergone injections to her lumbar spine, including an epidural steroid injection and two medial branch blocks; and that she has received at least one lumbar radiofrequency ablation, and is undergoing, or may have already undergone, a second radiofrequency ablation on the left side. Furthermore, Plaintiff continues to treat for her alleged injuries—over one-year post-accident—with an orthopedic spine surgeon and a pain management physician. To date, Defendants have not received any amending or supplemental discovery responses indicating that Plaintiff has reached maximum medical improvement or discontinued treatment.

22. Louisiana courts have awarded damages in excess of $50,000 for injuries similar to those alleged by Plaintiff. *See, e.g.*, *Hebert v. Boesch*, 15-1791 (La. App. 1 Cir. 6/3/16), 194 So.3d 798 (affirming general damages award of $75,000 where plaintiff was involved in automobile accident in which he sustained injuries to his neck, back, and shoulders, and MRI scans revealed disc bulges at C6-7 and L4-5); *Lenard v. State Farm Mut. Auto. Ins. Co.*, 39-580 (La. App. 2d Cir. 4/20/05), 900 So.2d 322 (awarding $55,000 in general damages to plaintiff who suffered headaches and soft tissue injuries, which required chiropractic treatment and pain medication for chronic neck and back pain); *Chube v. Shelter Mut. Ins. Co.*, No. C-662616, 2020 WL 9075936 (La. Dist. Ct., 19th JDC, Dec. 16, 2020) (jury verdict awarding $51,000 in general damages and $5,207 in past medical expenses where plaintiff involved in automobile accident sustained injuries to her neck, back, and shoulders, and where MRI revealed lumbar disc herniation, for which she treated conservatively with chiropractor and orthopedic surgeon); *Ferguson v. Capital Area Transp., LLC*, No. C-677239, 2020 WL 9073504 (La. Dist. Ct., 19th JDC, Dec. 10, 2020) (awarding $50,000 in general damages and $13,068.13 in past medical expenses where plaintiff was diagnosed with cervical disc bulge and herniated disc due to an automobile accident, and

treated with chiropractor and epidural steroid injection); *Miles v. Cummings*, No. C-676834 (La. Dist. Ct., 19th JDC, Sept. 24, 2020) (awarding $90,000 in general damages where plaintiff suffered disc bulges at the L4-5 and L5-S1 levels due to an automobile accident, and treated conservatively with chiropractic and epidural steroid injections); *Jackson v. Fitzgerald*, Case No. C-624302, 2016 WL 6570384 (La. Dist. Ct., 19th JDC, Dec. 10, 2020) (jury verdict awarding $102,500 in general damages and $28,000 in past medical expenses where plaintiff suffered lumbar facet joint pain due to automobile accident, and received physical therapy, medial branch block, and ablation); *Riley v. Safeco*, No. C-646965 (La. Dist. Ct., JDC, May 29, 2018) (awarding $83,000 in general damages and where plaintiff involved in automobile accident sustained L4-5 disc injury, for which she received chiropractic therapy and epidural steroid injection).[16] Furthermore, Louisiana federal district courts have held that the amount in controversy exceeded $75,000 in factually analogous cases involving back and neck injuries. *See, e.g.*, *Thibodeaux v. Geico*, No. 16-158-JWD-EWD, 2016 WL 4055660 (M.D. La. July 8, 2016), *report and recommendation adopted*, No. 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016) (denying plaintiff's motion to remand where medical records indicated that plaintiff was diagnosed with a lumbar herniated disc, for which he received epidural steroid injections, medial branch blocks, and recommendation to proceed with radiofrequency ablation).

23.     Additionally, since the value of Plaintiff's claims was not ascertainable from the allegations in the Petition, Crete propounded initial discovery to Plaintiff, including a Request for Admission that Plaintiff's claims did not exceed $75,000. On January 28, 2021, Defendants were served with Plaintiff's Responses to Requests for Admission, wherein Plaintiff refused to admit

---

[16] The referenced Louisiana Civil District Court judgments are attached *in globo* as Exhibit 3.

that her claims did not exceed $75,000.[17] Thus, Plaintiff's responses to Crete's Requests for Admission further support a finding that the amount in controversy exceeds $75,000.

24.     Finally, nowhere in the Petition does Plaintiff allege that the amount of damages sought is less than the requisite jurisdictional amount, as required by Louisiana Code of Civil Procedure Article 893A(1). The absence of such a stipulation that the damages Plaintiff seeks fall below the jurisdictional threshold is further indicative of a sufficient amount in controversy.[18]

25.     Defendants therefore submit that Plaintiff's medical information, plus her ongoing treatment and the general damages alleged in the Petition (coupled with her refusal to admit or stipulate that her damages are less than $75,000), all demonstrate by a preponderance of the evidence that her claims satisfy the requisite amount in controversy.

**III.    Defendants have satisfied all procedural requirements for removal.**

26.     The Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana is located within the Middle District of Louisiana.[19] Therefore, this Court is the proper venue for this case, as the Middle District of Louisiana is the "district and division embracing the place where such action is pending."[20]

27.     This Notice of Removal was timely filed in accordance with the provisions of 28 U.S.C. § 1446(b)(3).

28.     Upon information and belief, as of the date of this filing, Crete and Hartford are the only defendants who have been served with the Petition. Accordingly, the joinder or consent of

---

[17] *See* Exhibit 4, Plaintiff's Responses to Defendant's Requests for Admission.
[18] *See* La. Code Civ. Proc. art. 893A(1) ("[I]f a specific amount of damages is necessary to establish the jurisdiction of the court, . . . [or] the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.").
[19] *See* 28 U.S.C. § 98(b).
[20] *See* 28 U.S.C. § 1441(a).

Spadafora and Progressive is not required, and all defendants who have been served join in the removal of this action.[21]

29.     No previous application has been made for the relief requested herein.

30.     Per 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders as exists in the state court record at the time of removal are attached as Exhibit 1.

31.     A copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana in accordance with 28 U.S.C. § 1446(d).[22]

WHEREFORE, Defendants, Crete Carrier Corporation and Hartford Insurance Company, pray that the above numbered and entitled cause on the docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from that court and placed on the docket of the United States District Court for the Middle District of Louisiana for further proceedings.

*(Signature block on next page)*

---

[21] *See* 28 U.S.C. § 1446(b)(2)(A).
[22] *See* Exhibit 5, Notice of Removal to State Court Clerk.

Respectfully submitted,

IRWIN FRITCHIE URQUHART AND MOORE LLC

DATED: May 7, 2021                    /s/ Shannon M. Kippers
                                      MATTHEW W. BAILEY (#21459)
                                      SHANNON M. KIPPERS (#37738)
                                      HILLARY A. BROUILLETTE (#38143)
                                      450 Laurel Street, Suite 1150
                                      Baton Rouge, Louisiana 70801
                                      Tel: (225) 615-7150
                                      Fax: (225) 615-7179
                                      mbailey@irwinllc.com
                                      skippers@irwinllc.com
                                      hbrouillette@irwinllc.com

                                      *Counsel for Crete Carrier Corporation*
                                      *and Hartford Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2021, the foregoing Notice of Removal was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that, on the same day, a copy of said Notice of Removal and attachments will be sent via electronic mail to the following counsel of record:

Russell W. Beall
William W. Thies
Jacob H. Thomas
G. Aaron Humphreys
Britney R. Duke
Beall & Thies, LLC
351 St. Ferdinand Street, Ste. A
Baton Rouge, LA 70802
Tel: (225) 383-3499
Fax: (225) 383-3599
rbeall@beallthies.com
billyt@beallthies.com
jaket@beallthies.com
aaronh@beallthies.com
bduke@beallthies.com
*Counsel for Plaintiff Miyoshi Snearl*

/s/ Shannon M. Kippers
Shannon M. Kippers

11

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Myoshi Snearl

**DEFENDANTS**

Crete Carrier Corporation, Eric J. Spadafora, Hartford Insurance Company, Progressive Paloverde Insurance Company

**(b)** County of Residence of First Listed Plaintiff    East Baton Rouge Parish, LA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lancaster County, Lincoln, NE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Russell W. Beall, William W. Thies, Jacob H. Thomas, G. Aaron Humphreys, Britney R. Duke;
Beall & Thies, LLC 351 St. Ferdinand St, Ste. A, Baton Rouge, LA 70802 Tel: 225-383-3499

Attorneys *(If Known)*
Matthew W. Bailey, Shannon M. Kippers, Hillary A. Brouillette;
Irwin Fritchie Urquhart & Moore LLC, 450 Laurel St, Suite 1150 Baton Rouge, LA 70801; Tel: 225-615-7150

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane   365 Personal Injury - | 690 Other | 423 Withdrawal | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product    Product Liability | | 28 USC 157 | 400 State Reapportionment |
| 140 Negotiable Instrument | Liability   367 Health Care/ | | **INTELLECTUAL** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 151 Medicare Act | Slander    Personal Injury | | 820 Copyrights | 450 Commerce |
| 152 Recovery of Defaulted | 330 Federal Employers'    Product Liability | | 830 Patent | 460 Deportation |
| Student Loans | Liability   368 Asbestos Personal | | 835 Patent - Abbreviated | 470 Racketeer Influenced and |
| (Excludes Veterans) | 340 Marine    Injury Product | | New Drug Application | Corrupt Organizations |
| 153 Recovery of Overpayment | 345 Marine Product    Liability | | 840 Trademark | 480 Consumer Credit |
| of Veteran's Benefits | Liability   **PERSONAL PROPERTY** | | 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | [x] 350 Motor Vehicle   370 Other Fraud | **LABOR** | Act of 2016 | 485 Telephone Consumer |
| 190 Other Contract | 355 Motor Vehicle   371 Truth in Lending | 710 Fair Labor Standards | | Protection Act |
| 195 Contract Product Liability | Product Liability   380 Other Personal | Act | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 196 Franchise | 360 Other Personal    Property Damage | 720 Labor/Management | 861 HIA (1395ff) | 850 Securities/Commodities/ |
| | Injury   385 Property Damage | Relations | 862 Black Lung (923) | Exchange |
| | 362 Personal Injury -    Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | Medical Malpractice | 751 Family and Medical | 864 SSID Title XVI | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights   **Habeas Corpus:** | 790 Other Labor Litigation | | 895 Freedom of Information |
| 220 Foreclosure | 441 Voting   463 Alien Detainee | 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| 230 Rent Lease & Ejectment | 442 Employment   510 Motions to Vacate | Income Security Act | 870 Taxes (U.S. Plaintiff | 896 Arbitration |
| 240 Torts to Land | 443 Housing/    Sentence | | or Defendant) | 899 Administrative Procedure |
| 245 Tort Product Liability | Accommodations   530 General | | 871 IRS—Third Party | Act/Review or Appeal of |
| 290 All Other Real Property | 445 Amer. w/Disabilities -   535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Agency Decision |
| | Employment   **Other:** | 462 Naturalization Application | | 950 Constitutionality of |
| | 446 Amer. w/Disabilities -   540 Mandamus & Other | 465 Other Immigration | | State Statutes |
| | Other   550 Civil Rights | Actions | | |
| | 448 Education   555 Prison Condition | | | |
| | 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE    DOCKET NUMBER

DATE
05/07/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/Shannon M. Kippers

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

EAST BATON ROUGE PARISH
Filed Dec 15, 2020 2:24 PM
Deputy Clerk of Court

C-702687
23

MYOSHI SNEARL

VERSUS

CRETE CARRIER CORPORATION,
ERIC J. SPADAFORA, HARTFORD
INSURANCE COMPANY,
PROGRESSIVE PALOVERDE
INSURANCE COMPANY

CASE NO:          DIV:

19TH  JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

---

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Myoshi Snearl, being of the full age of majority, and a resident of and domiciled in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA, who respectfully represents that:

1.

Made Defendants herein are:

a. CRETE CARRIER CORPORATION., sometimes herein referred to as "CRETE", who upon information and reasonable belief to be a foreign corporation authorized to do and doing business in the State of Louisiana.

b. ERIC J. SPADAFORA upon information and reasonable belief to be a man of the full age of majority residing in the state of Florida,

c. HARTFORD INSURANCE COMAPNY, upon information and reasonable belief to be a foreign corporation authorized to do and doing business in the State of Louisiana.

d. PROGRESSIVE PALOVERDE INSURANCE COMPANY, herein referred to sometimes as "Progressive" upon information and reasonable belief to be a foreign corporation authorized to do and doing business in the State of Louisiana.

2.

Venue is proper in the parish of EAST BATON ROUGE pursuant to Louisiana Code of Civil Procedure article 42 as one of the defendants is a foreign insurer; venue is also proper according to Louisiana Code of Civil Procedure Article 74, as the motor vehicle collision occurred within East Baton Rouge Parish.

3.

Defendants, **CRETE CARRIER CORPORATION, ERIC J. SPADAFORA, HARTFORD INSURANCE COMPANY, and PROGRESSIVE.** are justly and truly indebted,

# EXHIBIT 1

individually and in solido, to Plaintiff in an amount that is just and reasonable, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

### 4.

On or about April 20, 2020, Plaintiff, Myoshi Snearl, was traveling east in the far-right lane on Louisiana Interstate 10, it bears further noting that Plaintiff was observing all applicable traffic/speed laws at the time of this occurrence.

### 5.

At the same time & place Eric J. Spadafora was operating a Crete truck as part of his employment and was also simultaneously heading East on Interstate 10 Road and was occupying the left lane of the road.

### 6.

As the vehicles continued down Interstate 10 in an easterly direction, Mr. Spadafora illegally & without warning steered/veered the large diesel truck into the right lane of traffic, which Plaintiff was lawfully occupying. Defendant Spadafora's shifting into the right lane while it was occupied, caused a collision with Plaintiff. It bears noting that Plaintiff maintained the right of way in her lane.

### 7.

Due to the above-described collision, Ms. Snearl suffered harms and losses; thus Plaintiff claims all just and reasonable damages, historically referred to as special and general damages, which will be proven at the trial of this matter, including but not limited to:

   a. Past medical expenses;
   b. Lost Wages
   c. Future medical expenses;
   d. Future loss of earning capacity;
   e. Pain and suffering;
   f. Loss of enjoyment of life.

### 8.

The above-described collision and all of Ms. Snearl's resulting damages were proximately caused by the fault and negligent acts and omissions of Eric J. Spadafora, including but not limited to:

a. Breach of a legally imposed duty of reasonable care;

b. Failure to maintain control of his vehicle;

c. Operating his vehicle in a careless or inattentive manner;

d. Failing to adhere to the center line of the interstate dividing the lanes.

e. Failure to see what should have been seen;

f. Failing to yield to Plaintiff who maintained the right of way and occupied the lane lawfully

g. Negligently shifting lanes in his vehicle without ensuring that the lane was not occupied.

h. Violation of statutes enacted in Title 32 of the Louisiana Revised Statutes; and

i. Other negligent acts and omissions to be proved at trial.

9.

The above-described collision and all of Ms. Snearl's resulting damages were also proximately caused by the fault and negligent acts and omissions of Crete Carrier Services, including but not limited to:

A. Failure to maintain and/or operate under a system of rules, regulations, policies, and/or guidelines, of which are designed to prevent harm to the general public due to its drivers operating vehicles on public roadways,

B. Failure to properly supervise & manage their employees tasked with driving vehicles on public roadways.

C. Failure to properly train their employees/drivers tasked with driving vehicles on public roadways

D. Other negligent acts and omissions to be proved at trial.

10.

At the time of the above-described collision, Defendant, HARTFORD INSURANCE COMPANY, had in effect a policy of automobile liability insurance providing coverage to Defendants Crete Carrier Services & Eric Spadafora, for the liability asserted herein, and as such, HARTFORD INSURANCE COMPANY is liable in

solido with its insured for all amounts due to Plaintiff pursuant to Louisiana Revised Statute 22:1269.

11.

At the time of the above-described collision, Defendant, Progressive, had in effect a policy of uninsured and/or underinsured motorist liability insurance providing coverage to Plaintiff in the event of injury due to the fault of an uninsured and/or underinsured motorist, and, as such, Progressive is liable to Plaintiff for all damages for which there exists insufficient insurance to adequately compensate Plaintiff. Defendant Progressive has breached their duty instituted by their contract with Plaintiff.

12.

Plaintiff, Myoshi Snearl, claims all just and reasonable special & general damages allowed by Louisiana law which will be proven at the trial of this matter.

13.

Plaintiff respectfully requests written notice to counsel ten (10) days in advance of the date fixed for trial or hearing on any exception, motion, rule, or trial on the merits in this proceeding pursuant to Louisiana Code of Civil procedure Article 1572. Plaintiff further requests, pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, immediate notice to counsel of all interlocutory and final orders and judgments on any exception, motion, rule, or trial on the merits in this proceeding.

WHEREFORE, Plaintiff prays that Defendants, CRETE CARRIER CORPORATION, ERIC J. SPADAFORA, HARTFORD INSURANCE COMPANY and PROGRESSIVE PALOVERDE INSURANCE COMPANY, be duly cited and served with this Petition for Damages, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiff and against Defendants, individually and in solido, for all such damages as are reasonable, with legal interest thereon from date of judicial

demand until paid, for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

**BEALL & THIES, LLC**
Attorneys at Law
351 St. Ferdinand Street; Ste. A
Baton Rouge, Louisiana 70802
Tel: 225.383.3499
Fax: 225.383.3599

Russell W. Beall, Bar Roll No. 27374
William W. Thies, Bar Roll No. 27890
Jacob H. Thomas, Bar Roll No. 36700
G. Aaron Humphreys, Bar Roll No. 36876
Britney R. Duke, Bar Roll No. 38200

Eric Spadafora
11809 SW 99th Lane
Miami, FL, 33186
**PLEASE SERVE:**

Hartford Insurance Company
*Through its agent for service of process:*
The Louisiana Secretary of State
State Archives Building
3851 Essen Lane
Baton Rouge, LA 70809

Crete Carrier Corporation
through their Agent for Service of Process
National Registered Agents
3867 Plaza Tower Drive
BATON ROUGE, LA, 70816

# RETURN COPY



**D5553474**

## CITATION

**MYOSHI SNEARL**
(Plaintiff)

**VS**

**CRETE CARRIER CORPORATION**
(Defendant)

**NUMBER C-702687   SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **HARTFORD INSURANCE COMPANY**
       **THROUGH ITS AGENT FOR SERVICE OF PROCESS:**
       **THE LOUISIANA SECRETARY OF STATE**

GREETINGS:

      Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

      You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

      This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 16, 2020.**

*Magan Harris*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: BEALL, RUSSELL W**
              **(225) 383-3499**

*The following documents are attached:
**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

RECEIVED
DATE

DEC 1 8 2020

E.B.R. Sheriff Office

DEC 2 1 2020
KATHY DARDEN
DY. L. KLING 0586
Deputy Sheriff, Parish of East Baton Rouge, LA

Office of the Secretary of State
by tendering a copy of this document to:
DY.
made service on the named party through

**RETURN COPY**



**D5553458**

## CITATION

**MYOSHI SNEARL**
(Plaintiff)

**VS**

**CRETE CARRIER CORPORATION**
(Defendant)

**NUMBER C-702687   SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **CRETE CARRIER CORPORATION**
**THROUGH THEIR AGENT FOR SERVICE OF PROCESS:**
**NATIONAL REGISTERED AGENTS**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE,  LA 70816**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 16, 2020.**

*Magan Harris*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: BEALL, RUSSELL W**
**(225) 383-3499**

*The following documents are attached:
**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_ I made service on the named party through the

☑ CT Corp

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

☐ LA Corp & Registered Agent Services

**CITATION-20**

DEC 2 8 2020

by tendering a copy of this document to
☐ Abby Sarmiento          ☐ Brenna Beauregard
☑ Ashley Minvielle         ☐ Allison Reed

**DEPUTY BRYAN SIMMONS**
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RECEIVED

DEC 2 3 2020

FOR SHERIFF'S OFFICE

  CT Corporation

RECEIVED DEC 3 0 2020

**Service of Process Transmittal**
12/28/2020
CT Log Number 538799120

TO:  Cathy Wilken
Crete Carrier Corporation
400 NW 56TH ST
LINCOLN, NE 68528-8843

RE:   **Process Served in Louisiana**

FOR:  CRETE CARRIER CORPORATION  (Domestic State: NE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MYOSHI SNEARL, Pltf. vs. CRETE CARRIER CORPORATION, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C702687 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/28/2020 at 08:45 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780101317221 |
| | Image SOP |
| | Email Notification,  Cathy Wilken  CWILKEN@CRETECARRIER.COM |
| | Email Notification,  Annie Ele  aele@cretecarrier.com |
| **REGISTERED AGENT ADDRESS:** | National Registered Agents, Inc.<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

CASE NO.: C-702687                                                    DIVISION: 23

MYOSHI SNEARL

VERSUS

CRETE CARRIER CORPORATION, ET AL.

FILED: _____          _____
                                                          DEPUTY CLERK

<u>REQUEST FOR WRITTEN NOTICE</u>

NOW INTO COURT, through undersigned counsel, come Defendants, Crete Carrier
Corporation and Hartford Insurance Company, who, pursuant to the applicable provisions of the
Louisiana Code of Civil Procedure, including, but not limited to, Louisiana Code of Civil
Procedure Articles 1913 and 1914, request that the Clerk give the undersigned counsel (10) days'
notice of the signing of any order or judgment herein.

It is further requested that the Clerk give written notice of the trial date, or the date set for
hearing, or the date of any motion or pleadings, at least ten (10) days before said trial or hearing
date, pursuant to the provisions of Louisiana Code of Civil Procedure article 1572.

Respectfully submitted,

IRWIN FRITCHIE URQUHART AND MOORE LLC

_____
MATTHEW W. BAILEY (#21459)
SHANNON M. KIPPERS (#37738)
HILLARY A. BROUILLETTE (#38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
skippers@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Crete Carrier Corporation
and Hartford Insurance Company*

1

EAST BATON ROUGE PARISH
Filed Jan 19, 2021 4:00 PM
Deputy Clerk of Court
E-File Received Jan 19, 2021 3:49 PM

C-702687
23

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

CASE NO.: C-702687                       DIVISION: 23

**MYOSHI SNEARL**

**VERSUS**

**CRETE CARRIER CORPORATION, ET AL.**

FILED: _____     _____

                                       **DEPUTY CLERK**

## ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Defendants, Crete Carrier Corporation and Hartford Insurance Company, who for their Answer to the Petition for Damages of Plaintiff, Myoshi Snearl, respectfully represent as follows:

### FIRST DEFENSE

Defendants respond to the individual paragraphs of Plaintiff's Petition for Damages as follows:

**1.**

The allegations in Paragraph 1 subparagraphs (a) and (c) are admitted as to the status of Crete Carrier Corporation and Hartford Insurance Company. The allegations of Paragraph 1 subparagraphs (b) and (d) are not directed to these defendants and, thus, do not require a response on their behalf. To the extent that a response is required, in response to the allegations of Paragraph 1 subparagraph (b), Defendants admit, based upon information and belief, that Eric J. Spadafora is a man of the full age of majority residing in the State of Florida. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 subparagraph (d) and, on that basis, deny them.

**2.**

The allegations of Paragraph 2 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, deny them.

1

**3.**

The allegations of Paragraph 3 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 3 are denied.

**4.**

The allegations of Paragraph 4 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 4 are denied except to admit that, based upon information and belief, Plaintiff, Myoshi Snearl, was traveling eastbound in the right lane on Louisiana Interstate 10 on or about April 20, 2020.

**5.**

In response to the allegations of Paragraph 5, Defendants admit, based upon information and belief, that Eric J. Spadafora was operating a truck owned by Crete Carrier Corporation while traveling eastbound on Interstate 10, and that Eric J. Spadafora was employed with Crete Carrier Corporation on April 20, 2020. Except as expressly admitted, all other allegations contained within Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

**6.**

The allegations of Paragraph 6 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 6 are denied except to admit that, based upon information and belief, an impact occurred involving a vehicle operated by Plaintiff and a vehicle operated by Eric J. Spadafora while both vehicles were traveling eastbound on Interstate 10. Except as expressly admitted, the remaining allegations contained in Paragraph 6 are denied.

**7.**

The allegations of Paragraph 7, including subparagraphs (a)-(f), consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, deny them.

**8.**

The allegations of Paragraph 8, including subparagraphs (a)-(i), consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 8 are denied.

**9.**

The allegations of Paragraph 9, including subparagraphs (A)-(D), consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 9 are denied.

**10.**

The allegations of Paragraph 10 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendants aver that, at the time of the accident sued upon, Crete Carrier Corporation had in full force and effect a policy of insurance with Hartford Insurance Company, which policy being the best evidence of its own terms, conditions, coverages, limits, exclusions, and retentions as if copied herein *in extenso*. All other allegations contained within Paragraph 10 are denied.

**11.**

No response is necessary to Paragraph 11, as it contains no allegations against these defendants. To the extent that a response is required, Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, deny them.

**12.**

The allegations of Paragraph 12 consist of argument and legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 12 are denied.

**13.**

No response is necessary to Paragraph 13, as it contains no allegations against Defendants.

## 14.

The allegations contained within the unnumbered paragraph beginning with "WHEREFORE" are denied. Defendants specifically deny that Plaintiff is entitled to a judgment or any other relief requested against them.

### SECOND DEFENSE

Defendants affirmatively assert and allege that if it is shown that Plaintiff failed to mitigate her damages, then these defendants plead same as a bar and/or reduction to her recovery.

### THIRD DEFENSE

Defendants affirmatively assert and allege that Plaintiff's alleged damages, if any, were solely and wholly caused by the independent, intervening, and superseding negligence, contributory/comparative negligence, breach of duty and/or fault of other parties or persons over whom Defendants had no control, and for whom Defendants have no responsibility, all of which totally precludes or alternatively reduces any recoverable damages against Defendants.

### FOURTH DEFENSE

Plaintiff's claims against Defendants are barred or must be reduced to the extent that Plaintiff's alleged injuries or damages, if any, were not caused by Defendants or by parties for which Defendants may be held legally responsible, but rather were caused, in whole or in part, by the actions and/or omissions of third parties for whom Defendants are not responsible.

### FIFTH DEFENSE

Plaintiff's claims against Defendants are barred or must be reduced to the extent that Plaintiff's injuries or damages, if any, were due to Plaintiff's own fault and/or negligence, which fault and/or negligence acts as a complete bar to any recovery to which she might otherwise be entitled herein. Alternatively, the fault and/or contributory negligence of Plaintiff serves to reduce whatever recovery to which Plaintiff might otherwise be entitled by Plaintiff's own percentage of fault.

### SIXTH DEFENSE

Plaintiff's claims against Defendants are barred or must be reduced to the extent that the injuries or damages are attributable to pre-existing conditions, previous or subsequent accidents, and/or intervening and superseding injuries and/or accidents.

4

## EIGHTH DEFENSE

Plaintiff's claims against Defendants are barred or must be reduced to the extent that Louisiana Revised Statute Section 32:866 is applicable.

## NINTH DEFENSE

Defendants deny all allegations of Plaintiff's Petition for Damages not specifically herein admitted, denied, or responded to for lack of information or belief.

## TENTH DEFENSE

Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law or pursuant to statute, or during discovery proceedings of this cause, and hereby reserve the right to amend their Answer to add any facts or affirmative defenses not already asserted that are revealed to be applicable as discovery proceeds.

## JURY DEMAND

Defendants request trial by jury on all issues.

**WHEREFORE,** the above premises considered, Defendants, Crete Carrier Corporation and Hartford Insurance Company, pray that this Answer to Plaintiff's Petition for Damages be deemed good and sufficient and after due proceedings are had that there be a judgment in favor of Defendants, dismissing Plaintiff's Petition for Damages, with prejudice, and that Defendants be granted their costs and expenses herein and such other further and equitable relief as the Court may deem just and proper.

*Signature block on following page*

5

Respectfully submitted,

IRWIN FRITCHIE URQUHART AND MOORE LLC

_____

MATTHEW W. BAILEY (#21459)
SHANNON M. KIPPERS (#37738)
HILLARY A. BROUILLETTE (#38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
skippers@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Crete Carrier Corporation
and Hartford Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all

parties to this proceeding by e-mail, by telefacsimile, or by placing a copy of same in the United

States mail, postage prepaid and properly addressed, this 19th day of January, 2021.

_____
Matthew W. Bailey

6

Russell W. Beall
rbeall@beallthies.com

William W. Thies
billyt@beallthies.com

G. Aaron Humphreys
aaronh@beallthies.com

Jacob H. Thomas
jaket@beallthies.com

Britney R. Duke
bduke@beallthies.com

# BEALL & THIES, LLC
## Attorneys at Law

Thomas A. McCormick; Of Counsel
mccormicklawfirm@gmail.com

George G. Caballero; Of Counsel
george@caballerolaw.net

Jewel E. Welch, III; Of Counsel
traew@beallthies.com

Jackie Hamilton, Paralegal
jallen@beallthies.com

Cheri Olinde, Legal Assistant
cherib@beallthies.com

Amanda Louque, Legal Assistant
amandaL@beallthies.com

EAST BATON ROUGE PARISH   C-702687
Filed Apr 20, 2021 10:20 AM        23
Deputy Clerk of Court

April 15, 2021

Clerk of Court - 19th JDC
P.O. Box 1991
Baton Rouge, LA 70821

RE:    Miyoshi Snearl vs. Crete Carrier Corporation
       Docket No.: 702687; Section No.: 23
       19th JDC, East Baton Rouge Parish, State of Louisiana

Please be advised that the defendant, Eric Spadafora was not served with the enclosed Petition for Damages. Please serve the petition to Mr. Spadafora via Long Arm at the following address:

Eric Spadafora
11809 SW 99th Lane
Miami, FL 33186

My check in the amount of $90.00 is enclosed for your services.

Thank you.

Best,

Jacob H. Thomas
BEALL & THIES, LLC

Enclosure

Interventional Pain Institute

## Itemization of Charges

For Posting Date April 14, 2021

| | |
|---|---|
| **Clinic:** | Interventional Pain Institute |
| **Address:** | 9001 Summa Ave Suite 346<br>Baton Rouge, LA 708093726 |
| **Phone:** | (225) 769-3636 |
| **Tax ID:** | ▓▓▓▓ |
| **WCAB:** | |

| | |
|---|---|
| **Insurance #1:** | ▓▓▓▓▓▓▓▓ |
| **Adjuster:** | |
| **Group Number** | |
| **Policy Number:** | ▓▓▓▓ |

| | |
|---|---|
| **Employer:** | |
| **Patient #:** | ▓▓▓ |
| **Patient:** | MIYOSHI SNEARL |
| **Date of Injury:** | |

| | |
|---|---|
| **Insurance #2:** | |
| **Adjuster:** | |
| **Group Number:** | |
| **Policy Number:** | |

| Visit # | Service Date | Provider Name | Procedure Description | Code | Charges | Adjust | Payments | Balance |
|---|---|---|---|---|---|---|---|---|
| 113701 | 10/05/2020 | Barrett Johnston, M.D. | Injection(s), anesthetic a... | 64483 | 3,200.00 | (2,860.41) | (339.59) | – |
| 113701 | 10/05/2020 | Barrett Johnston, M.D. | MOD SED SAME PHYS/QHP INIT... | 99152 | 300.00 | (221.79) | (78.21) | – |
| 113701 | 10/05/2020 | Barrett Johnston, M.D. | OFFICE CONSULTATION NEW/ES... | 99244 | 600.00 | (430.39) | (169.61) | – |
| 113701 | 10/05/2020 | Barrett Johnston, M.D. | Injection, dexamethasone s... | J1100 | 50.00 | (48.50) | (1.50) | – |
| 113701 | 10/05/2020 | Barrett Johnston, M.D. | Injection, ondansetron hyd... | J2405 | 8.00 | (7.60) | (0.40) | – |
| 116608 | 12/03/2020 | Danielle Mushinsky, FNP-C | OFFICE OUTPATIENT VISIT 25... | 99214 | 400.00 | (308.03) | (91.97) | – |
| 117053 | 12/14/2020 | Barrett Johnston, M.D. | Injection(s), diagnostic o... | 64493 | 3,200.00 | (2,798.97) | (401.03) | – |
| 117053 | 12/14/2020 | Barrett Johnston, M.D. | Injection(s), diagnostic o... | 64494 | 800.00 | (595.19) | (204.81) | – |
| 117788 | 12/28/2020 | Barrett Johnston, M.D. | Injection(s), diagnostic o... | 64493 | 3,200.00 | (2,798.97) | (401.03) | – |
| 117788 | 12/28/2020 | Barrett Johnston, M.D. | Injection(s), diagnostic o... | 64494 | 800.00 | (595.19) | (204.81) | – |
| 119538 | 02/04/2021 | Barrett Johnston, M.D. | Destruction by neurolytic ... | 64635 | 4,100.00 | – | – | 4,100.00 |
| 119538 | 02/04/2021 | Barrett Johnston, M.D. | Destruction by neurolytic ... | 64636 | 2,500.00 | – | – | 2,500.00 |
| 119538 | 02/04/2021 | Barrett Johnston, M.D. | MOD SED SAME PHYS/QHP INIT... | 99152 | 300.00 | – | – | 300.00 |
| 119538 | 02/04/2021 | Barrett Johnston, M.D. | Injection, ondansetron hyd... | J2405 | 8.00 | – | – | 8.00 |
| **TOTALS** | | | | | **19,466.00** | **(10,665.04** | **(1,892.96)** | |

**BALANCE DUE**    **6,908.00**

# EXHIBIT 2

MS-IPI-000033

**Patient:   MIYOSHI SNEARL**

| | | | |
|---|---|---|---|
| **DOB:** | ██████ | **Address:** | ██████ |
| **Sex:** | F | | ██████ |
| **MRN:** | ████ | **Phone:** | ████ |

| | | | |
|---|---|---|---|
| **Seen By:** | Barrett Johnston MD | **Location:** | Interventional Pain Institute 3 |
| **Visit Time:** | Dec 03, 2020 12:00 PM | **Address:** | 9001 Summa Ave Ste 346 |
| **Referred By:** | Jorge E Isaza, MD, | | Baton Rouge, LA 70809-3726 |
| | | **Phone:** | (225) 769-3636 |
| | | **Fax:** | (225) 771-8047 |

## Family History:

**Family History -:** Cancer (Other), Diabetes (Other)

## Social History:

Smoking status: Never smoker (4)

Alcohol Status: Does not drink

Drug Status: Does not take drugs

## History of Present Illness:

**Back Pain:**

The patient presents today with low back pain which has been present for DURATION. The onset of the pain was gradual and Triggered by everyday activites, Triggered by overuse or exertion..

The pain is located at Middle of lower back and radiates into the right buttocks, into the right leg, down to R foot.

Other symptoms: Stiffness in lower back, Leg or foot pain, Weakness, numbness or tingling in leg or foot, difficulty sitting.

The pain is rated as 5 /10 with 10 being the most severe.

The symptoms currently occur constantly . The pain is described as Dull or achy .

The patient states that the current status of the pain is no change .

It is made worse by physical exertion, bending over and relieved by none.

Conservative treatment so far: physical therapy, L-TFESI

MD

## Review of Systems:

All examined systems for the ROS performed were negative except the abnormal symptoms:

Numbness/Tingling in Extremities, Myalgia

\* A list of ROS examination is provided at the end of the Chart Note.

---

**Vitals and Body measurements**:

Ht: 5'8"           Wt: 204.0 lbs           BMI: 31.0

---

**Physical Examinations**:

**Constitutional -**

**general appearance -**

Normal (NAD, well developed, well nourished)

**Mental Status -**

**Orientation -**

Normal (A+O x3)

**Mood -**

normal (normal mood and affect)

**Skin -**

**Trauma -**

Normal (no bruising)

**Infectious process -**

Normal (no rash)

**Head -**

**Inspection -**

Normal (normocephalic, atraumatic)

**Neck -**

**inspection of neck -**

Normal (no jugular distention, no masses, normal appearance, normal tracheal position)

**Respiratory -**

**respiratory effort/rhythm -**

Normal (no dyspnea, no use of accessory muscles, normal rate)

**Eyes -**

**EOMI -**

Normal (No deficits with eye movement)

**Gastrointestinal -**

**abdominal exam -**

Normal (no distention, no tenderness)

**Musculoskeletal -**

**Lumbar Spine -**

Normal ROM except (pain with ROM, *extension decreased, flexion decreased*)

*Tenderness (paraspinous m- right)*

**Sacrum -**

*Tenderness (SI joint- right)*

MS-IPI-000018

**Lower Extremity -**

Normal (bulk, FROM)

**Neurological -**

**Cranial Nerves -**

Normal (no gross deficits)

\* A list of PE examination is provided at the end of the Chart Note.

---

**Assessment**:

**Active:**

Intervertebral disc displacement, lumbar region (ICD10:M51.26)

Radiculopathy, lumbar region (ICD10:M54.16)

Lumbago (ICD10:M54.5)

---

**Impression / Plan**:

Procedures:

10/5/20 Right L5-S1 TFESI

Patient is a 37 year old female who was last seen on 10/5/20 when she underwent a right L5-S1 TFESI. Patient reports 0% pain relief from injection. She rates her lumbar pain today as 5/10 on the pain scale, L>R. She reports radiculopathy and weakness to right lower extremity. In addition, patient states she has difficulty sitting and standing for a long period of time. Patient was initially referred by Dr. Isaza for lumbar pain which began after an MVA that occurred earlier this year. She did try PT but without significant relief. Patient recently had a follow up with Dr. Isaza who is recommending the patient receive a bilateral MBB at L5-S1. Based on patient's MRI and symptoms, patient would benefit from bilateral L4-5, L5-S1 MBB which she will schedule today. If diagnostically positive x2 then patient may proceed with bilateral L4-S1 RFA. Patient is currently prescribed diclofenac for pain and inflammation and tizanidine for muscle spasms from Dr. Isaza. All questions were answered today. Risks and benefits of procedure discussed. PMP reviewed. Follow up after procedure. Treatment plan discussed with Dr. Johnston who was immediately available in the clinic at the time of service.

I was immediately available during this encounter. I reviewed and agree with the above plan. No changes recommended. I prescribed the medications. BAJ MD

---

**Orders**:

**Procedures & Treatments:**

Detailed (99214)

---

**ROS Footnotes**:

**Standard ROS Exam -** This is a complete list of ROS. It does not represent positive nor negative. Please refer above to Review of Systems for a list of positive symptoms.

**Cardiovascular**: Chest Pain at Rest, Chest Pain with Exercise, Palpitations

**Constitutional**: Change in Appetite, Chills, Fatigue, Fever, Night Sweats, Unexplained Weight Change

**Ears, Nose, Throat**: dysphagia, Ear Pain, Hearing Loss, Sore Throat

**Eyes**: Acute Vision Changes, Glasses or Contacts

**Gastrointestinal**: Abdominal Pain, Blood in Stool, Blood in Urine, Constipation, Diarrhea, Nausea / Vomiting

**Genitourinary**: Difficulty Urinating, Incontinence, Increased Urinary Frequency

**Hematologic**: Bleeding, Bruising

**Musculoskeletal**: Arthralgia, Arthritis, Myalgia, Weakness

**Neurological**: Bowel or Bladder Incontinence, Headache, Numbness/Tingling in Extremities, Seizures, Weakness

**Respiratory**: Cough, Shortness of Breath, Wheezing

**Skin**: Rash, Wounds

---

**PE Footnotes**:

 **Comprehensive Exam PE Exam** - This is a complete list of PE. It does not represent positive nor negative.
 Please refer above to Physical Examination for a list of positive observations.

**Constitutional-** general appearance

**Extremities-** Inspection, Abnormal

**Eyes-** EOMI

**Gastrointestinal-** abdominal exam

**Head-** Inspection

**Mental Status-** Orientation, Mood

**Musckuloskeletal- Thoracic-** Thoracic Spine

**Musculoskeletal- Cervical-** Cervical Spine, Upper Extremity

**Musculoskeletal- Lumbar-** Lumbar Spine, Sacrum, Lower Extremity, GTB, Knee

**Neck-** inspection of neck

**Neurological- Cervical-** Motor - Lower Extremities, Sensory, Deep Tendon Reflexes, Coordination, Reflex, Special Tests, Sensation, Strength, Cranial Nerves

**Neurological- Lumbar-** Strength, Reflexes, Special Tests, Sensation, Gait

**Respiratory-** respiratory effort/rhythm

**Skin-** Trauma, Infectious process, Other

---

**Electronically Co-signed by: Mushinsky, Danielle FNP-C @ 09:47 AM on 12/5/2020**

---

**Electronically signed by: Johnston, Barrett MD @ 01:03 PM on 12/7/2020**

---

## LUMBAR MEDIAL BRANCH BLOCK

SNEARL, MIYOSHI

███████

DOS: 12-14-2020
LOCATION: Interventional Pain Institute
SURGEON: Dr Barrett Johnston
PRE-OPERATIVE DIAGNOSIS: Lumbar Spondylosis
POST-OPERATIVE DIAGNOSIS: Same
PROCEDURE : Bilateral L3, L4, L5 Medial Branch Blocks (Bilateral L4-5, L5-S1 Facet Joints) under fluoroscopic guidance
DESCRIPTION OF PROCEDURE :The risks and the benefits of the procedure were discussed with the patient who understood and agreed to proceed. Informed consent was obtained. The correct site of the procedure was marked. Pre-procedure vital signs were noted to be stable. The patient was placed in the prone position. Prior to the procedure a time-out was performed verifying the patient's identity, patient position, site, allergies, and procedure to be performed with the patient and staff in agreement. The patient received Local anesthesia without sedation . The skin was sterilized with betadine x 3 and sterile technique was maintained throughout the procedure. At this point, ethyl chloride spray was used to anesthesize the skin overlying the lumbar spine. Then, a 25 gauge 3.5 inch spinal needle was advanced to the first facet joint under fluoroscopic guidance, targeting the corresponding medial branch in the oblique view. AP and lateral views on fluoroscopy were obtained to ensure correct needle placement. Following negative aspiration of heme/CSF, a 0.5mL of preservative-free 0.25% Bupivacaine was injected slowly without resistance or severe pain. This was repeated for the remaining medial branches and facet joint levels. No evidence of CSF, paresthesia, heme, or severe pain was noted during the procedure. Vitals signs were stable throughout the procedure. The injection was completed, the needles flushed with PF saline and removed, and a sterile bandage was applied. The patient tolerated the procedure well and there were no apparent complications.
IMAGING: Fluoroscopy used to identify and verify needle placement and permanent images saved.
SPECIMENS : None
ESTIMATED BLOOD LOSS : None
ANESTHESIA : The patient received Local anesthesia without sedation .
COMPLICATIONS : None
DISPOSITION : After a reasonable post-procedure observation period, the patient was discharged home in good condition.
PLAN :
1. The patient was instructed to avoid strenuous activity for the next 24-48 hours as well as avoid operating any type of machinery or vehicle for the rest of the day.
2. The patient will return in 2-4 weeks for follow-up evaluation or repeat injection if needed.
3. Patient advised to contact the clinic for any of the following:
a) Fever, chills or night sweats
b) New onset of severe sharp pain
c) Any new weakness, difficulty breathing, or numbness

SNEARL, MIYOSHI ███████

d) Any questions regarding the procedure

e) Bowel/bladder incontinence

4. If pt unable to contact our clinic, then pt is advised to seek nearby ER.


**Barrett Johnston, M.D.**

SNEARL, MIYOSHI █████████

**Patient:**   **MIYOSHI SNEARL**

| | | | |
|---|---|---|---|
| **DOB:** | ███████ | **Address:** | ███████ |
| **Sex:** | F | | ███████ |
| **MRN:** | ██████ | **Phone:** | ███████ |

---

| | | | |
|---|---|---|---|
| **Seen By:** | Barrett Johnston MD | **Location:** | Interventional Pain Institute 3 |
| **Visit Time:** | Dec 14, 2020 12:40 PM | **Address:** | 9001 Summa Ave Ste 346 |
| **Referred By:** | Jorge E Isaza, MD, | | Baton Rouge, LA 70809-3726 |
| | | **Phone:** | (225) 769-3636 |
| | | **Fax:** | (225) 771-8047 |

---

## Family History:

**Family History -:** Cancer (Other), Diabetes (Other)

---

## Social History:

Smoking status: Never smoker (4)

Alcohol Status: Does not drink

Drug Status: Does not take drugs

---

## Vitals and Body measurements:

Ht: 5'8''

---

## Assessment:

**Active:**

Intervertebral disc displacement, lumbar region (ICD10:M51.26)

Radiculopathy, lumbar region (ICD10:M54.16)

Lumbago (ICD10:M54.5)

Spondylosis, lumbar region (ICD10:M47.896)

---

## Impression / Plan:

Patient comes in today for bilateral L4-S1 MBB per Dr. Isaza's referral. This is her first block. We will repeat it in two weeks for a confirmatory block. If she receives two positive diagnostic blocks, proceed with RFA. Risks and benefits discussed. All questions answered.

---

## Orders:

**Procedures & Treatments:**

NJX DX/THER AGT PVRT FACET JT LMBR/SAC 1 LEVEL (64493)

NJX DX/THER AGT PVRT FACET JT LMBR/SAC 2ND LEVEL (64494)

---

**Associated Files**:

 **Documents:** B/L L4-S1 MBB #1 (12/14/2020), 20201214150506118.pdf (12/14/2020)

---

**Electronically signed by: Johnston, Barrett MD @ 02:55 PM on 12/17/2020**

---



MS-IPI-000024

# LUMBAR MEDIAL BRANCH BLOCK

SNEARL, MIYOSHI

███████

DOS: 12-28-2020
LOCATION: Interventional Pain Institute
SURGEON: Dr Barrett Johnston
PRE-OPERATIVE DIAGNOSIS: Lumbar Spondylosis
POST-OPERATIVE DIAGNOSIS: Same
PROCEDURE : Bilateral L3, L4, L5 Medial Branch Blocks (Bilateral L4-5, L5-S1 Facet Joints) under fluoroscopic guidance
DESCRIPTION OF PROCEDURE :The risks and the benefits of the procedure were discussed with the patient who understood and agreed to proceed. Informed consent was obtained. The correct site of the procedure was marked. Pre-procedure vital signs were noted to be stable. The patient was placed in the prone position. Prior to the procedure a time-out was performed verifying the patient's identity, patient position, site, allergies, and procedure to be performed with the patient and staff in agreement. The patient received Local anesthesia without sedation . The skin was sterilized with betadine x 3 and sterile technique was maintained throughout the procedure. At this point, ethyl chloride spray was used to anesthesize the skin overlying the lumbar spine. Then, a 25 gauge 3.5 inch spinal needle was advanced to the first facet joint under fluoroscopic guidance, targeting the corresponding medial branch in the oblique view. AP and lateral views on fluoroscopy were obtained to ensure correct needle placement. Following negative aspiration of heme/CSF, a 0.5mL of preservative-free 0.25% Bupivacaine was injected slowly without resistance or severe pain. This was repeated for the remaining medial branches and facet joint levels. No evidence of CSF, paresthesia, heme, or severe pain was noted during the procedure. Vitals signs were stable throughout the procedure. The injection was completed, the needles flushed with PF saline and removed, and a sterile bandage was applied. The patient tolerated the procedure well and there were no apparent complications.
IMAGING: Fluoroscopy used to identify and verify needle placement and permanent images saved.
SPECIMENS : None
ESTIMATED BLOOD LOSS : None
ANESTHESIA : The patient received Local anesthesia without sedation .
COMPLICATIONS : None
DISPOSITION : After a reasonable post-procedure observation period, the patient was discharged home in good condition.
PLAN :
1. The patient was instructed to avoid strenuous activity for the next 24-48 hours as well as avoid operating any type of machinery or vehicle for the rest of the day.
2. The patient will return in 2-4 weeks for follow-up evaluation or repeat injection if needed.
3. Patient advised to contact the clinic for any of the following:
a) Fever, chills or night sweats
b) New onset of severe sharp pain
c) Any new weakness, difficulty breathing, or numbness

SNEARL, MIYOSHI ████████

d) Any questions regarding the procedure
e) Bowel/bladder incontinence
4. If pt unable to contact our clinic, then pt is advised to seek nearby ER.

**Barrett Johnston, M.D.**

MS-IPI-000026

**Patient:**  **MIYOSHI SNEARL**

| | | | |
|---|---|---|---|
| **DOB:** | ████████ | **Address:** | ████████ |
| **Sex:** | F | | ████████ |
| **MRN:** | ████████ | **Phone:** | ████████ |

---

| | | | |
|---|---|---|---|
| **Seen By:** | Barrett Johnston MD | **Location:** | Interventional Pain Institute 3 |
| **Visit Time:** | Dec 28, 2020 01:20 PM | **Address:** | 9001 Summa Ave Ste 346 |
| **Referred By:** | Jorge E Isaza, MD, | | Baton Rouge, LA 70809-3726 |
| | | **Phone:** | (225) 769-3636 |
| | | **Fax:** | (225) 771-8047 |

---

**Family History**:
 **Family History -:**Cancer (Other), Diabetes (Other)

---

**Social History**:
 Smoking status: Never smoker (4)

 Alcohol Status: Does not drink

 Drug Status: Does not take drugs

---

**Vitals and Body measurements**:
 Ht: 5'8''

---

**Assessment**:
 **Active:**
   Intervertebral disc displacement, lumbar region (ICD10:M51.26)
   Radiculopathy, lumbar region (ICD10:M54.16)
   Lumbago (ICD10:M54.5)
   Spondylosis, lumbar region (ICD10:M47.896)

---

**Impression / Plan**:
 Patient comes in today for bilateral L4-S1 MBB. This is her second, confirmatory block. She received her first block two weeks ago with greater than 80% relief for 2 days. If she receives a second positive diagnostic block, we will proceed with RFA in two weeks. Risks and benefits discussed. All questions answered.

---

**Orders**:
 **Procedures & Treatments:**
   NJX DX/THER AGT PVRT FACET JT LMBR/SAC 1 LEVEL (64493)
   NJX DX/THER AGT PVRT FACET JT LMBR/SAC 2ND LEVEL (64494)

MS-IPI-000027

**Associated Files**:

**Documents:** B/L L4-S1 MBB #2 (12/28/2020), 20201228152704101.pdf (12/28/2020)

**Electronically signed by: Johnston, Barrett MD @ 10:56 AM on 12/30/2020**

## LUMBAR RHIZOTOMY

SNEARL, MIYOSHI

█████████

DOS: 2-4-2021


LOCATION: Interventional Pain Institute
SURGEON: Dr Barrett Johnston


PREOPERATIVE DIAGNOSIS: Lumbar spondylosis.
POSTOPERATIVE DIAGNOSIS: Same
PROCEDURE : right L3,L4,L5 Lumbar Medial Branch Radiofrequency ablation (RIGHT L3-4, L4-5, L5-S1 facet joints) under fluoroscopic guidance.
DESCRIPTION OF PROCEDURE :
The risks and the benefits of the procedure were discussed with the patient who understood and agreed to proceed. Informed consent was obtained. The correct site of the procedure was marked. Pre-procedure vital signs were noted to be stable. The patient was placed in the prone position. Prior to the procedure a time-out was performed verifying the patient's identity, patient position, site, allergies, and procedure to be performed with the patient and staff in agreement. The patient was given IV moderate sedation by the RN (see nursing notes). The skin was sterilized with betadyne x3 and sterile technique was maintained throughout the procedure. At this point using a 25g 1.5 inch needle, the skin overlying the lumbar spine was anesthetized with 2mL of 1% lidocaine. Then, a 18g 3.5 inch 5mm curved active tip radiofrequency needle was advanced to the first facet joint under fluoroscopic guidance, targeting the corresponding medial branch in the oblique view. AP and lateral view on fluoroscopy was obtained to ensure correct needle placement at the junction of the SAP and transverse process. Following placement of the needle, sensory stimulation at 50 Hz and motor stimulation at 2 Hz was carried out. After confirmation of needle placement by appropriate impedence, the patient reporting reproduction of pain, pressure, or sensation in the area of symptoms and denying extremity motor sensations, the RFL probe was removed from the needle. After negative aspiration, 1ml of 2% lidocaine was administered. Then, the probe was re-inserted and radiofrequency was performed. The settings were 80 degrees centigrade for 90 seconds duration. The exact procedure was then performed at the remaining medial branches. No evidence of CSF, paresthesia, heme, or severe pain was noted during the procedure. Vitals signs were stable throughout the procedure. The procedure was completed, needles removed, and a sterile bandage was applied. The patient tolerated the procedure well and there were no apparent complications.
IMAGING: Fluoroscopy used to identify and verify needle placement and permanent images saved.
ANESTHESIA : The patient was given IV moderate sedation by the RN (see nursing notes). Due to the nature of the procedure, the patient received this service to become relaxed and insensitive to pain but remain awake and able to respond to verbal instruction. It is used to help patients that are typically nervous, and anxiety driven from the procedure being performed. Conscious sedation also allows the patient to recover quickly and return to everyday activities

soon after the procedure, if recommended by a physician. The patient was administered IV moderate sedation by the RN (see sedation record.) There was continuous monitoring of the patient's level of consciousness and physiological status.

COMPLICATIONS : None

DISPOSITION : After a reasonable post-procedure observation period, the patient was discharged home in good condition.

PLAN :

1. The patient was instructed to avoid strenuous activity for the next 24-48 hours as well as avoid operating any type of machinery or vehicle for the rest of the day.

2. The patient will return in 2-4 weeks for follow-up evaluation or repeat injection if needed.

3. Patient advised to contact the clinic for any of the following:

a) Fever, chills or night sweats

b) New onset of severe sharp pain

c) Any new weakness, difficulty breathing, or numbness

d) Any questions regarding the procedure

e) Bowel/bladder incontinence

4. If pt unable to contact our clinic, then pt is advised to seek nearby ER.


**Barrett Johnston, MD**

**Patient:**  **MIYOSHI SNEARL**

**DOB:** ██████████              **Address:** ██████████████████
**Sex:** F                                      ████████████████████
**MRN:** ████████              **Phone:** ████████████

---

**Seen By:** Barrett Johnston MD       **Location:** Interventional Pain Institute 3
**Visit Time:** Feb 04, 2021 11:20 AM  **Address:** 9001 Summa Ave Ste 346
**Referred By:** Jorge E Isaza, MD,                 Baton Rouge, LA 70809-3726
                                     **Phone:** (225) 769-3636
                                     **Fax:** (225) 771-8047

---

**Family History**:
  **Family History -:**Cancer (Other), Diabetes (Other)

---

**Social History**:
  Smoking status: Never smoker (4)

  Alcohol Status: Does not drink

  Drug Status: Does not take drugs

---

**Vitals and Body measurements**:
  Ht: 5'8''

---

**Assessment**:
  **Active:**
    Intervertebral disc displacement, lumbar region (ICD10:M51.26)
    Radiculopathy, lumbar region (ICD10:M54.16)
    Lumbago (ICD10:M54.5)
    Spondylosis, lumbar region (ICD10:M47.896)

---

**Impression / Plan**:
Patient comes in today for right L4-S1 RFA. She received two positive diagnostic blocks with greater than 80% pain relief for several hours so we will proceed with right L4-S1 RFA today. Schedule for left L4-S1 RFA in two weeks. Procedure risks and benefits discussed. All questions answered.

---

**Orders**:
  **Procedures & Treatments:**
    Moderate sedation services; initial 15 minutes of intraservice time, patient age 5 years or older (99152)
    DSTR NROLYTC AGNT PARVERTEB FCT SNGL LMBR/SACRAL (64635)
    DSTR NROLYTC AGNT PARVERTEB FCT ADDL LMBR/SACRAL (64636)

**Associated Files**:

**Documents:** Left L4-S1 RFA (2/4/2021)

---

**Electronically signed by: Johnston, Barrett MD @ 01:41 PM on 2/4/2021**

---

MS-IPI-000032

## LUMBAR TRANSFORAMINAL EPIDURAL STEROID INJECTION

SNEARL, MIYOSHI

████████

DOS: 10-5-2020
LOCATION: Interventional Pain Institute
SURGEON: Dr Barrett Johnston
PREOPERATIVE DIAGNOSIS: Lumbar Disc Disease, Lumbar Radiculopathy
POSTOPERATIVE DIAGNOSIS: Same
PROCEDURE : Right L5-S1 Lumbar Transforaminal Epidural Steroid Injection under
Fluoroscopic Guidance
DESCRIPTION OF PROCEDURE :

The risks and the benefits of treatment were discussed with the patient who understood and agreed to proceed with the procedure. Risks including infection, hematoma, headache, nerve damage, paralysis, spinal cord infarction and death were specifically emphasized. Informed consent was obtained and the correct site of the procedure was marked. Pre-procedure vital signs were noted to be stable and an intravenous line was in place for the procedure. The patient was placed in the prone position. Prior to the procedure a time-out was performed verifying the patient's identity, correct position and site, allergies, and correct procedure to be performed with the patient and medical staff in agreement. The patient was given IV moderate sedation by the RN (see nursing notes). The skin was sterilized with betadine x3 and sterile technique was maintained throughout the procedure. At this point, ethyl chloride spray was used to anesthetize the skin overlying the lumbar spine. Under direct radiographic guidance, a 25 gauge 3.5 inch Quincke needle was advanced carefully towards the desired Right L5-S1 neuroforamen. Under AP and lateral fluoroscopic view, the needle was advanced into the neuroforamen. Following needle placement, the same technique was carried out for each needle, as follows. Meticulous care was taken not to move the needle for the duration of the injection. After negative aspiration for heme or CSF, 0.5cc of Omnipaque 240mg/cc was injected under live, continuous fluoroscopy in the AP view. Lateral views also confirmed placement. The patient reported no persistent paresthesias. No signs of intravascular or intrathecal uptake was noted on fluoroscopy. Aspiration was again negative. Then, 10mg of dexamethasone was mix with 1cc of 0.25% bupivacaine for each of the injection sites. Equal portions of this medication mixture was then injected into the needle under low resistance. The needle was then flushed and removed. After all needles were injected, the area was cleaned off and sterile bandages were applied. The patient was taken to the recovery room. Following the procedure the patient's vital signs were noted to be stable and recorded in the nursing chart. The patient tolerated the procedure well, there were no complications associated with the procedure. The patient was discharged home in good condition after being given discharge instructions.
IMAGING: Fluoroscopy used to identify and verify needle placement and permanent images saved.
SPECIMENS : None
ESTIMATED BLOOD LOSS : none

ANESTHESIA : The patient was given IV moderate sedation by the RN (see nursing notes). Due to the nature of the procedure, the patient received this service to become relaxed and insensitive to pain but remain awake and able to respond to verbal instruction. It is used to help patients that are typically nervous, and anxiety driven from the procedure being performed. Conscious sedation also allows the patient to recover quickly and return to everyday activities soon after the procedure, if recommended by a physician. The patient was administered IV moderate sedation by the RN (see sedation record.) There was continuous monitoring of the patient's level of consciousness and physiological status.

COMPLICATIONS : None

DISPOSITION : After a reasonable post-procedure observation period, the patient was discharged home in good condition.

PLAN :

1. The patient was instructed to avoid strenuous activity for the next 24-48 hours as well as avoid operating any type of machinery or vehicle for the rest of the day.

2. The patient will return in 2-4 weeks for follow evaluation or repeat injection if needed.

3. Patient advised to contact the clinic for any of the following:

a) Fever, chills or night sweats

b) New onset of severe sharp pain

c) Any new weakness, difficulty breathing, or numbness

d) Any questions regarding the procedure

e) Bowel/bladder incontinence

4. If pt unable to contact our clinic, then pt is advised to seek nearby ER.


**Barrett Johnston, M.D.**

**Patient:**   **MIYOSHI SNEARL**

| | | | |
|---|---|---|---|
| **DOB:** | ███████ | **Address:** | ███████ |
| **Sex:** | F | | ███████ |
| **MRN:** | ███████ | **Phone:** | ███████ |

---

| | | | |
|---|---|---|---|
| **Seen By:** | Barrett Johnston MD | **Location:** | Interventional Pain Institute 3 |
| **Visit Time:** | Oct 05, 2020 02:00 PM | **Address:** | 9001 Summa Ave Ste 346 |
| **Referred By:** | Jorge E Isaza, MD | | Baton Rouge, LA 70809-3726 |
| | | **Phone:** | (225) 769-3636 |
| | | **Fax:** | (225) 771-8047 |

---

**Family History**:

**Family History -:** Cancer (Other), Diabetes (Other)

---

**Social History**:

Smoking status: Never smoker (4)

Alcohol Status: Does not drink

Drug Status: Does not take drugs

---

**History of Present Illness**:

**Back Pain**:

The patient presents today with low back pain which has been present for DURATION. The onset of the pain was gradual and Triggered by everyday activites, Triggered by overuse or exertion..

The pain is located at Middle of lower back and radiates into the right buttocks, into the right leg, down to R foot.

Other symptoms: Stiffness in lower back, Leg or foot pain, Weakness, numbness or tingling in leg or foot, difficulty sitting.

The pain is rated as 6 /10 with 10 being the most severe.

The symptoms currently occur constantly .

The pain is described as Dull or achy .

The current the symptoms are Stable .

It is made worse by physical exertion, bending over and relieved by none.

Conservative treatment so far: physical therapy, none, which have had the effect of not helping the pain.

**Review of Systems**:

All examined systems for the ROS performed were negative except the abnormal symptoms:
Numbness/Tingling in Extremities, Myalgia

* A list of ROS examination is provided at the end of the Chart Note.

**Vitals and Body measurements**:

Ht: 5'8"                    Wt: 200.0 lbs                    BMI: 30.4

**Physical Examinations**:

**Constitutional -**

**general appearance -**

Normal (NAD, well developed, well nourished)

**Mental Status -**

**Orientation -**

Normal (A+O x3)

**Mood -**

normal (normal mood and affect)

**Skin -**

**Trauma -**

Normal (no bruising)

**Infectious process -**

Normal (no rash)

**Head -**

**Inspection -**

Normal (normocephalic, atraumatic)

**Neck -**

**inspection of neck -**

Normal (no jugular distention, no masses, normal appearance, normal tracheal position)

**Respiratory -**

**respiratory effort/rhythm -**

Normal (no dyspnea, no use of accessory muscles, normal rate)

**Eyes -**

**EOMI -**

Normal (No deficits with eye movement)

**Gastrointestinal -**

**abdominal exam -**

Normal (no distention, no tenderness)

**Musculoskeletal -**

**Lumbar Spine -**

Normal ROM except (pain with ROM, *extension decreased, flexion decreased*)

*Tenderness (paraspinous m- right)*

**Sacrum -**

*Tenderness (SI joint- right)*

**Lower Extremity -**

Normal (bulk, FROM)

**Neurological -**

**Cranial Nerves -**

Normal (no gross deficits)

* A list of PE examination is provided at the end of the Chart Note.

---

**Assessment**:

**Active:**

Intervertebral disc displacement, lumbar region (ICD10:M51.26)

Radiculopathy, lumbar region (ICD10:M54.16)

Lumbago (ICD10:M54.5)

---

**Impression / Plan**:

The patient comes in today for right L5-S1 transforaminal epidural steroid injection as referred by Dr. Isaza. This began following a motor vehicle collision earlier this year. She did therapy without significant relief. Pain radiates down the right leg with numbness and tingling into the right foot. Positive straight leg raise on exam. We will do right L5-S1 transforaminal epidural steroid injection today. I would like her to follow with Dr. Isaza for results. We could repeat in one month if she does get greater than 50% relief. All questions were answered today.

---

**Orders**:

**Procedures & Treatments:**

Comprehensive (99204)

NJX ANES&/STRD W/IMG TFRML EDRL LMBR/SAC 1 LVL (64483)

Injection, dexamethasone sodium phosphate, 1 mg (J1100)

Moderate sedation services; initial 15 minutes of intraservice time, patient age 5 years or older (99152)

---

**Associated Files**:

**Documents:** TFESI Lumbar (10/5/2020), 20201005163656522.pdf (10/5/2020), Nursing Note (10/5/2020)

---

**ROS Footnotes**:

**Standard ROS Exam** - This is a complete list of ROS. It does not represent positive nor negative. Please refer above to Review of Systems for a list of positive symptoms.

MS-IPI-000008

**Cardiovascular**: Chest Pain at Rest, Chest Pain with Exercise, Palpitations

**Constitutional**: Change in Appetite, Chills, Fatigue, Fever, Night Sweats, Unexplained Weight Change

**Ears, Nose, Throat**: dysphagia, Ear Pain, Hearing Loss, Sore Throat

**Eyes**: Acute Vision Changes, Glasses or Contacts

**Gastrointestinal**: Abdominal Pain, Blood in Stool, Blood in Urine, Constipation, Diarrhea, Nausea / Vomiting

**Genitourinary**: Difficulty Urinating, Incontinence, Increased Urinary Frequency

**Hematologic**: Bleeding, Bruising

**Musculoskeletal**: Arthralgia, Arthritis, Myalgia, Weakness

**Neurological**: Bowel or Bladder Incontinence, Headache, Numbness/Tingling in Extremities, Seizures, Weakness

**Respiratory**: Cough, Shortness of Breath, Wheezing

**Skin**: Rash, Wounds

---

**PE Footnotes**:

 **Comprehensive Exam PE Exam** - This is a complete list of PE. It does not represent positive nor negative.
 Please refer above to Physical Examination for a list of positive observations.

**Constitutional-** general appearance

**Extremities-** Inspection, Abnormal

**Eyes-** EOMI

**Gastrointestinal-** abdominal exam

**Head-** Inspection

**Mental Status-** Orientation, Mood

**Musckuloskeletal- Thoracic-** Thoracic Spine

**Musculoskeletal- Cervical-** Cervical Spine, Upper Extremity

**Musculoskeletal- Lumbar-** Lumbar Spine, Sacrum, Lower Extremity, GTB, Knee

**Neck-** inspection of neck

**Neurological- Cervical-** Motor - Lower Extremities, Sensory, Deep Tendon Reflexes, Coordination, Reflex, Special Tests, Sensation, Strength, Cranial Nerves

**Neurological- Lumbar-** Strength, Reflexes, Special Tests, Sensation, Gait

**Respiratory-** respiratory effort/rhythm

**Skin-** Trauma, Infectious process, Other

---

**Electronically signed by: Johnston, Barrett MD @ 11:16 AM on 10/7/2020**

---

| STATEMENT | | CREDIT CARD PAYMENT OPTION | | | |

**STATEMENT**

**Send Payment of $419.37**

Account #: 3818
Statement Date: 08/11/20
Patient: MIYOSHI SNEARL
Previous Balance: $0.00
Account Balance: $419.37

**CREDIT CARD PAYMENT OPTION**

CARD TYPE: ☐ VISA   ☐ Mastercard    Amount:_____

Card Number:_____   Expire:_____   VIN#:_____

Signature:_____

━━━━━ ADDRESSEE: ━━━━━

MIYOSHI SNEARL

━━━━━ MAKE CHECKS PAYABLE / REMIT TO: ━━━━━
TOTAL CARE MEDICAL CENTER
Po Box 631
Donaldsonville La 703464337
PHONE: (225) 243-4109

**PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT**

| DATE | QTY | PROCEDURE | | INSURANCE | PATIENT |
|------|-----|-----------|--|-----------|---------|
| 7/10/2020 | 1.00 | 98941  CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | Payment: BLUE CROSS | | ($9.17) | |
| | | Patient responsibility COPAY | | ($25.00) | $25.00 |
| | | Adj: BCADJ-BC ADJ | | $0.42 | |
| | | | Sub Total: | $0.00 | $25.00 |
| 7/10/2020 | 1.00 | G0283  ELECT STIM-UNATTEN | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.62) | |
| | | Payment: BLUE CROSS | | ($11.38) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/10/2020 | 1.00 | 97010  HOT/COLD PACKS | | $40.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | Payment: BLUE CROSS | | $0.00 | |
| | | Adj: BCADJ-BC ADJ | | ($2.05) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/10/2020 | 1.00 | 97012 59  TRACTION | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.17) | |
| | | Payment: BLUE CROSS | | ($11.65) | |
| | | Adj: BCADJ-BC ADJ | | ($0.18) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/10/2020 | 1.00 | 99080  RECORDS REVIEW | | $30.00 | |
| | | Diag: M99.04 | | | |
| | | Payment: BLUE CROSS | | $0.00 | |
| | | | Sub Total: | $30.00 | $0.00 |
| 7/9/2020 | 1.00 | 99204 25 OFFICE OUTPT NEW 45 MIN | | $235.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($75.81) | |
| | | Payment: BLUE CROSS | | ($140.07) | |
| | | Patient responsibility COPAY | | ($25.00) | $25.00 |
| | | Adj: BCADJ-BC ADJ | | $5.88 | |
| | | | Sub Total: | $0.00 | $25.00 |
| 7/9/2020 | 1.00 | 98941  CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |



| DATE | QTY | PROCEDURE | | INSURANCE | PATIENT |
|------|-----|-----------|--|-----------|---------|
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | Payment: BLUE CROSS | | ($34.17) | |
| | | Adj: BCADJ-BC ADJ | | $0.42 | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/9/2020 | 1.00 | 97010  HOT/COLD PACKS | | $40.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | Payment: BLUE CROSS | | $0.00 | |
| | | Adj: BCADJ-BC ADJ | | ($2.05) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/9/2020 | 1.00 | G0283  ELECT STIM-UNATTEN | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.62) | |
| | | Payment: BLUE CROSS | | ($11.38) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/16/2020 | 1.00 | 98941  CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | Payment: BLUE CROSS | | ($9.17) | |
| | | Patient responsibility COPAY | | ($25.00) | $25.00 |
| | | Adj: BCADJ-BC ADJ | | $0.42 | |
| | | | Sub Total: | $0.00 | $25.00 |
| 7/16/2020 | 1.00 | G0283  ELECT STIM-UNATTEN | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.62) | |
| | | Payment: BLUE CROSS | | ($11.38) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/16/2020 | 1.00 | 97010  HOT/COLD PACKS | | $40.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | Payment: BLUE CROSS | | $0.00 | |
| | | Adj: BCADJ-BC ADJ | | ($2.05) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/16/2020 | 1.00 | 97012 59 TRACTION | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.17) | |
| | | Payment: BLUE CROSS | | ($11.65) | |
| | | Adj: BCADJ-BC ADJ | | ($0.18) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/14/2020 | 1.00 | 98941  CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | Payment: BLUE CROSS | | ($9.17) | |
| | | Patient responsibility COPAY | | ($25.00) | $25.00 |
| | | Adj: BCADJ-BC ADJ | | $0.42 | |
| | | | Sub Total: | $0.00 | $25.00 |
| 7/14/2020 | 1.00 | G0283  ELECT STIM-UNATTEN | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.62) | |
| | | Payment: BLUE CROSS | | ($11.38) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/14/2020 | 1.00 | 97010  HOT/COLD PACKS | | $40.00 | |

| DATE | QTY | PROCEDURE | | INSURANCE | PATIENT |
|------|-----|-----------|--|-----------|---------|
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | Payment: BLUE CROSS | | $0.00 | |
| | | Adj: BCADJ-BC ADJ | | ($2.05) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/14/2020 | 1.00 | 97012 59 TRACTION | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.17) | |
| | | Payment: BLUE CROSS | | ($11.65) | |
| | | Adj: BCADJ-BC ADJ | | ($0.18) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/23/2020 | 1.00 | 98941  CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | Payment: BLUE CROSS | | ($9.17) | |
| | | Patient responsibility COPAY | | ($25.00) | $25.00 |
| | | Adj: BCADJ-BC ADJ | | $0.42 | |
| | | | Sub Total: | $0.00 | $25.00 |
| 7/23/2020 | 1.00 | G0283  ELECT STIM-UNATTEN | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.62) | |
| | | Payment: BLUE CROSS | | ($11.38) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/23/2020 | 1.00 | 97010  HOT/COLD PACKS | | $40.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | Payment: BLUE CROSS | | $0.00 | |
| | | Adj: BCADJ-BC ADJ | | ($2.05) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/23/2020 | 1.00 | 97012 59 TRACTION | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.17) | |
| | | Payment: BLUE CROSS | | ($11.65) | |
| | | Adj: BCADJ-BC ADJ | | ($0.18) | |
| | | | Sub Total: | $0.00 | $0.00 |
| 7/28/2020 | 1.00 | 98941  CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | | Sub Total: | $33.75 | $0.00 |
| 7/28/2020 | 1.00 | 97032  ELEC STIM-CONST ATTEN | | $25.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($7.76) | |
| | | | Sub Total: | $17.24 | $0.00 |
| 7/28/2020 | 1.00 | 97010  HOT/COLD PACKS | | $40.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | | Sub Total: | $2.05 | $0.00 |
| 7/28/2020 | 1.00 | 97012 59 TRACTION | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.17) | |
| | | | Sub Total: | $11.83 | $0.00 |

| DATE | QTY | PROCEDURE | | INSURANCE | PATIENT |
|---|---|---|---|---|---|
| 7/22/2020 | 1.00 | 98941 CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | | Sub Total: | $33.75 | $0.00 |
| 7/22/2020 | 1.00 | 98943 59 CMT XTRSPI 1+ REGIONS | | $80.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($57.59) | |
| | | | Sub Total: | $22.41 | $0.00 |
| 7/22/2020 | 1.00 | G0283 ELECT STIM-UNATTEN | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.62) | |
| | | | Sub Total: | $11.38 | $0.00 |
| 7/22/2020 | 1.00 | 97010 HOT/COLD PACKS | | $40.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | | Sub Total: | $2.05 | $0.00 |
| 7/22/2020 | 1.00 | 97012 59 TRACTION | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.17) | |
| | | | Sub Total: | $11.83 | $0.00 |
| 7/22/2020 | 1.00 | A4450 Non-waterproof tape | | $30.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($29.94) | |
| | | | Sub Total: | $0.06 | $0.00 |
| 7/30/2020 | 1.00 | 98941 CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | | Sub Total: | $33.75 | $0.00 |
| 7/30/2020 | 1.00 | G0283 ELECT STIM-UNATTEN | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.62) | |
| | | | Sub Total: | $11.38 | $0.00 |
| 7/30/2020 | 1.00 | 97010 HOT/COLD PACKS | | $40.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | | Sub Total: | $2.05 | $0.00 |
| 7/30/2020 | 1.00 | 97012 59 TRACTION | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.17) | |
| | | | Sub Total: | $11.83 | $0.00 |
| 8/4/2020 | 1.00 | 98941 CMT SPI 3-4 REGIONS | | $70.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($36.25) | |
| | | | Sub Total: | $33.75 | $0.00 |
| 8/4/2020 | 1.00 | G0283 ELECT STIM-UNATTEN | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.62) | |
| | | | Sub Total: | $11.38 | $0.00 |
| 8/4/2020 | 1.00 | 97010 HOT/COLD PACKS | | $40.00 | |
| | | Diag: M99.04 | | | |

MS-TCIPC-000011

| DATE | QTY | PROCEDURE | | INSURANCE | PATIENT |
|------|-----|-----------|---|-----------|---------|
| | | Adj: BCADJ-BC ADJ | | ($37.95) | |
| | | | Sub Total: | $2.05 | $0.00 |
| 1/14/2020 | 1.00 | 97012 59  TRACTION | | $45.00 | |
| | | Diag: M99.04 | | | |
| | | Adj: BCADJ-BC ADJ | | ($33.17) | |
| | | | Sub Total: | $11.83 | $0.00 |
| | | | Total: | $294.37 | $125.00 |



**Chart Notes**

**Miyoshi Snearl**

**Total Care Injury & Pain Centers**
108 Memorial Dr
Donaldsonville, LA 70346
Phone: 225-473-3990
Fax: 225-473-3992

| Patient: Snearl, Miyoshi | Acct #: | DOB: |
|---|---|---|
| Ins Co: | Pol #: | Insured ID: |

| Date | 07/09/2020 |
|---|---|

**Provider:  Dr Peter Dickinson - PD3**

Beall & Thies
Attny: Jacob Thomas

Baton Rouge, LA 70802

Re: Snearl, Miyoshi

Dear Mr. Thies,

At your request and with the permission of my patient, I submit the following report concerning the injuries sustained as the result of an auto collision on or about  04.20.2020. Subsequently, patient enters on07.09.2020 complaining of low back pain, mid back pain, neck pain and radicular pain into right leg.

Following trauma, patient was taken to Urgent Care Family Dr. for evaluation.

Medication: Antiinflammatory, Meloxicam, Methocarband, ibuprofen

Low back pain is intermittent, achy, worse when bending lifting and twisting. Mid back pain is intermittent, burning, worse when picking up her 1 year old son. Her neck "locks" up occasionally but not often. No headaches reported.

X-rays were taken of her back, left shoulder and chest at Urgent Care Dr. Isaza took x-rays of her back and neck,no fractures or dislocations were seen MRI was taken of her lumbar sine on 6.5.2020 at Bluebonnet Imaging ordered by Dr. Isaza. No previous fractures, child birth in 2019 and was hospitalization for 3 days at Women's hospital. No other medical conditions. She not pregnant.

Range of Motion:
Ranges of motion in the cervical spine were normal with pain in extremes of motion indicating muscular and ligamentous involvement in the cervical region.

Orthopedic Test:
Yeoman's test was positive . Yeoman's was performed with the patient prone and the affected SI joint was stabilized and the affected knee was flexed to 90 degrees. The thigh of the affected leg was then extended by lifting it off of the table while maintaining pressure on the SI joint. The increase in pain indicates the present of a sacroilliac joint lesion on the affected side. Right Side.

Kemp's test was performed on the standing patient by supporting the patient and directing them to lean backwards to the left and right sides and then around until they were bending

MS-TCIPC-000037



**Chart Notes**

**Miyoshi Snearl**

**Total Care Injury & Pain Centers**
108 Memorial Dr
Donaldsonville, LA 70346
Phone: 225-473-3990
Fax: 225-473-3992

| Patient: Snearl, Miyoshi | Acct #: ▮▮▮▮ | DOB: ▮▮▮▮ |
|---|---|---|
| Ins Co: ▮▮▮▮ | Pol #: | Insured ID: |

**Date**  07/09/2020

**Provider:** Dr Peter Dickinson - PD3                    *** *continued from previous page* ***

obliquely backward. Radicular pain indicates nerve root compression bilaterally. Local pain indicates facet syndrome bilaterally.

Shoulder Depression Test was positive on the left. A test designed to detect nerve root compression or dural adhesions to the nerve or joint capsule. The examiner flexes the patient's head to one side while applying downward pressure on the opposite shoulder. The test is positive if the pain is increased.

Chiropractic examination revealed fixation, pain and tenderness in the cervical, thoracic, lumbar and sacroiliac regions with spasm of paravertebral musculature in those areas.

Diagnosis:
M54.41 Lumbago with sciatica, right side

M54.5 - Lumbalgia (Low Back Pain) - Pain originating in the lumbar region.

M53.86 - Other specified dorsopathies, lumbar region.

M53.87 - Other specified dorsopathies, lumbosacral region.

M62.838-Other muscle spasm region.

M99.03 - Segmental dysfunction of the lumbar region.

M99.04 - Segmental dysfunction of the sacral region.

M99.05 - Segmental dysfunction of the pelvis and/or hip

M99.01 - Segmental dysfunction of the cervical region.

Treatment plan is established as follows:
Three treatments per week for 4 weeks to control symptoms and restore function, evaluation to follow. If progressing well frequency will reduce to 2 times per week care for 8-10 weeks followed by reevaluation. If progressing well we will decrease frequency to 1 visit per week until objective findings are clear.

TREATMENT GOALS:
Treatment goals for this patient are as follows: improve overall lumbar range of motion while at the same time reducing the pain associated with movement of the lumbar spine, increase muscle strength so the patient will hold their adjustment, reduce regional soft tissue and ligamentous adhesions, reduce local deep tissue edema, remove segmental fixations and

MS-TCIPC-000038

**Chart Notes**

**Miyoshi Sneari**



Total Care Injury & Pain Centers
108 Memorial Dr
Donaldsonville, LA 70346
Phone: 225-473-3990
Fax: 225-473-3992

| Patient: Sneari, Miyoshi | Acct #: ▮ | DOB: ▮ |
|---|---|---|
| Ins Co: ▮ | Pol #: ▮ | Insured ID: |

| Date | 07/09/2020 | |
|---|---|---|
| Provider: | Dr Peter Dickinson - PD3 | *** continued from previous page *** |

restore normal global postural alignment. Care will be adjusted as the patient progresses through these treatment goals. Long term goals – restore functional independence and tolerance to normal activities of daily living while increasing lumbar core stability.

INITIAL VISIT:
A comprehensive patient history; a comprehensive chiropractic / orthopedic / neurologic examination with range of motion studies and medical decision making of moderate complexity was performed on the patient's initial encounter. The presenting problems are of moderate to high severity due to acute tissue damage and the issues of mechanisms of injury. 98941 - Chiropractic manipulative treatment (CMT); spinal, three to four regions on areas of palpated spinal dysfunction. Interferential Stimulation (IF) and cryotherapy was applied to the thoracic and lumbar regions over the area of reported pain. IF is an anti-inflammatory based treatment modality. Interferential stimulation is characterized by two alternating-current sine waves of differing frequencies that "work" together to produce an interferential current that is also known as a beat pulse or alternating modulation frequency. The interferential wave meets low impedance when crossing the skin to enter deep into soft tissues. The interferential currents reportedly can stimulate sensory, motor, and pain fibers.

Discussion: Report of findings/ CMT / therapy today.

I hope you find this report helpful in resolving this patient's situation. If you need any further information, please call me at ▮

Sincerely,

John Sibley, D.C
Attending Chiropractic Physician

MS-TCIPC-000039

# SPINE SPECIALISTS OF LOUISIANA, LLC

*printed 04/15/2021 09:13 AM*

SPINE SPECIALISTS OF LOUISIANA
LLC
PO BOX 16655
BELFAST, ME 04915-4061
*billing phone: (225) 769-3993*

| GUARANTOR NAME AND ADDRESS | | PATIENT # | PATIENT NAME |
|---|---|---|---|
| MIYOSHI R SNEARL | | ███████ | MIYOSHI R SNEARL |
| ██████████████████ | | **DOB** | **HOME TELEPHONE** |
| | | ████████ | ████████ |

## Billing Summary

| C a m ID | Procedure | Date of Serv ce | Post Date | Type | Reason | P an | Superv s ng Prov der | Ins. 1 | Ins. 2 | Pat ent |
|---|---|---|---|---|---|---|---|---|---|---|
| **Claim ID 23408** | | | | | | | | | | |
| 23408 | 72050 | 04/30/2020 | 05/01/2020 | **CHARGE** | 72050 | BCBS-LA | JORGE ISAZA | $304.20 | | |
| 23408 | 72050 | 04/30/2020 | 05/21/2020 | PAYMENT | ACH ***********4778 | BCBS-LA | JORGE ISAZA | $-63.44 | | |
| 23408 | 72050 | 04/30/2020 | 05/21/2020 | ADJUSTMENT | CONTRACTUAL (102360) | BCBS-LA | JORGE ISAZA | $-240.76 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 23408 | 72110 | 04/30/2020 | 05/01/2020 | **CHARGE** | 72110 | BCBS-LA | JORGE ISAZA | $304.20 | | |
| 23408 | 72110 | 04/30/2020 | 05/21/2020 | PAYMENT | ACH ***********4778 | BCBS-LA | JORGE ISAZA | $-64.30 | | |
| 23408 | 72110 | 04/30/2020 | 05/21/2020 | ADJUSTMENT | CONTRACTUAL (102360) | BCBS-LA | JORGE ISAZA | $-239.90 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 23408 | 99204 | 04/30/2020 | 05/01/2020 | **CHARGE** | 99204 | BCBS-LA | JORGE ISAZA | $858.00 | | |
| 23408 | 99204 | 04/30/2020 | 05/21/2020 | PAYMENT | ACH ***********4778 | BCBS-LA | JORGE ISAZA | $-115.07 | | |
| 23408 | 99204 | 04/30/2020 | 05/21/2020 | ADJUSTMENT | CONTRACTUAL (102360) | BCBS-LA | JORGE ISAZA | $-692.93 | | |
| 23408 | 99204 | 04/30/2020 | 05/21/2020 | TRANSFERIN | COPAY | PATIENT | JORGE ISAZA | $-50.00 | | $50.00 |
| 23408 | 99204 | 04/30/2020 | 05/22/2020 | PAYMENT | CHECK 13202 | PATIENT | JORGE ISAZA | | | $-50.00 |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 23967** | | | | | | | | | | |
| 23967 | 99213 | 06/17/2020 | 06/23/2020 | **CHARGE** | 99213 | BCBS-LA | CLINT COSTANZA | $390.00 | | |
| 23967 | 99213 | 06/17/2020 | 07/09/2020 | PAYMENT | ACH ***********7197 | BCBS-LA | CLINT COSTANZA | $-37.65 | | |
| 23967 | 99213 | 06/17/2020 | 07/09/2020 | ADJUSTMENT | CONTRACTUAL (102360) | BCBS-LA | CLINT COSTANZA | $-327.35 | | |
| 23967 | 99213 | 06/17/2020 | 07/09/2020 | TRANSFERIN | COPAY | PATIENT | CLINT COSTANZA | $-25.00 | | $25.00 |
| 23967 | 99213 | 06/17/2020 | 01/25/2021 | PAYMENT | UNAPPLIED | PATIENT | CLINT COSTANZA | | | $-25.00 |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 24215** | | | | | | | | | | |
| 24215 | 76140 | 07/08/2020 | 07/15/2020 | **CHARGE** | 76140 | BCBS-LA | JORGE ISAZA | $101.40 | | |
| 24215 | 76140 | 07/08/2020 | 07/30/2020 | ADJUSTMENT | GLOBAL (102360) | BCBS-LA | JORGE ISAZA | $-101.40 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 24215 | 99214 | 07/08/2020 | 07/15/2020 | **CHARGE** | 99214 | BCBS-LA | JORGE ISAZA | $546.00 | | |
| 24215 | 99214 | 07/08/2020 | 07/30/2020 | PAYMENT | ACH ************5765 | BCBS-LA | JORGE ISAZA | $-58.20 | | |
| 24215 | 99214 | 07/08/2020 | 07/30/2020 | ADJUSTMENT | CONTRACTUAL (177029) | BCBS-LA | JORGE ISAZA | $-437.80 | | |
| 24215 | 99214 | 07/08/2020 | 07/30/2020 | TRANSFERIN | COPAY | PATIENT | JORGE ISAZA | $-50.00 | | $50.00 |
| 24215 | 99214 | 07/08/2020 | 01/25/2021 | PAYMENT | UNAPPLIED | PATIENT | JORGE ISAZA | | | $-50.00 |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 24561** | | | | | | | | | | |
| 24561 | 99213 | 08/06/2020 | 08/10/2020 | **CHARGE** | 99213 | BCBS-LA | JORGE ISAZA | $390.00 | | |
| 24561 | 99213 | 08/06/2020 | 08/27/2020 | PAYMENT | ACH ************0709 | BCBS-LA | JORGE ISAZA | $-23.70 | | |
| 24561 | 99213 | 08/06/2020 | 08/27/2020 | ADJUSTMENT | CONTRACTUAL (177029) | BCBS-LA | JORGE ISAZA | $-316.30 | | |
| 24561 | 99213 | 08/06/2020 | 08/27/2020 | TRANSFERIN | COPAY | PATIENT | JORGE ISAZA | $-50.00 | | $50.00 |
| 24561 | 99213 | 08/06/2020 | 01/25/2021 | PAYMENT | UNAPPLIED | PATIENT | JORGE ISAZA | | | $-50.00 |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 24849** | | | | | | | | | | |
| 24849 | 76140 | 08/28/2020 | 09/03/2020 | **CHARGE** | 76140 | BCBS-LA | JORGE ISAZA | $101.40 | | |
| 24849 | 76140 | 08/28/2020 | 09/17/2020 | PAYMENT | ACH ************2779 | BCBS-LA | JORGE ISAZA | $-1.00 | | |
| 24849 | 76140 | 08/28/2020 | 09/17/2020 | ADJUSTMENT | CONTRACTUAL (177029) | BCBS-LA | JORGE ISAZA | $-100.40 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 24849 | 99214 | 08/28/2020 | 09/03/2020 | **CHARGE** | 99214 | BCBS-LA | JORGE ISAZA | $546.00 | | |
| 24849 | 99214 | 08/28/2020 | 09/17/2020 | PAYMENT | ACH ************2779 | BCBS-LA | JORGE ISAZA | $-58.20 | | |
| 24849 | 99214 | 08/28/2020 | 09/17/2020 | ADJUSTMENT | CONTRACTUAL (177029) | BCBS-LA | JORGE ISAZA | $-437.80 | | |
| 24849 | 99214 | 08/28/2020 | 09/17/2020 | TRANSFERIN | COPAY | PATIENT | JORGE ISAZA | $-50.00 | | $50.00 |
| 24849 | 99214 | 08/28/2020 | 01/25/2021 | PAYMENT | UNAPPLIED | PATIENT | JORGE ISAZA | | | $-50.00 |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 25524** | | | | | | | | | | |
| 25524 | 99213 | 10/21/2020 | 10/22/2020 | **CHARGE** | 99213 | BCBS-LA | CLINT COSTANZA | $390.00 | | |
| 25524 | 99213 | 10/21/2020 | 11/05/2020 | PAYMENT | ACH ************6234 | BCBS-LA | CLINT COSTANZA | $-37.65 | | |
| 25524 | 99213 | 10/21/2020 | 11/05/2020 | ADJUSTMENT | CONTRACTUAL (177029) | BCBS-LA | CLINT COSTANZA | $-327.35 | | |
| 25524 | 99213 | 10/21/2020 | 11/05/2020 | TRANSFERIN | COPAY | PATIENT | CLINT COSTANZA | $-25.00 | | $25.00 |
| 25524 | 99213 | 10/21/2020 | 01/25/2021 | PAYMENT | UNAPPLIED | PATIENT | CLINT COSTANZA | | | $-25.00 |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 26803** | | | | | | | | | | |
| 26803 | 99213 | 01/29/2021 | 02/04/2021 | **CHARGE** | 99213 | BCBS-LA | JORGE ISAZA | $390.00 | | |
| 26803 | 99213 | 01/29/2021 | 02/18/2021 | PAYMENT | ACH ************8876 | BCBS-LA | JORGE ISAZA | $-23.70 | | |
| 26803 | 99213 | 01/29/2021 | 02/18/2021 | ADJUSTMENT | CONTRACTUAL (177029) | BCBS-LA | JORGE ISAZA | $-316.30 | | |
| 26803 | 99213 | 01/29/2021 | 02/18/2021 | TRANSFERIN | COPAY | PATIENT | JORGE ISAZA | $-50.00 | | $50.00 |
| 26803 | 99213 | 01/29/2021 | 03/02/2021 | PAYMENT | UNAPPLIED | PATIENT | JORGE ISAZA | | | $-50.00 |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| | | | | | | | **TOTAL CHARGE OUTSTANDING AS OF 04/15/2021** | **$0.00** | **$0.00** | **$0.00** |



# Physical Therapy Discharge Summary

| | | | |
|---|---|---|---|
| **Date of Visit:** | 07-09-20 | **Therapist:** | Monica Gvoich |
| **Patient Name:** | Snearl, Miyoshi | **Referring MD:** | Jorge Isaza, |
| **Patient #:** | ▮▮▮▮ | | |
| **Date of Birth:** | ▮▮▮▮ | | |
| **Age:** | 36 | **Certification Period:** | 07-03-20 – 08-02-20 |
| **Date of Onset:** | 04-20-20 | | |
| **Date of Initial Evaluation:** | 05-04-20 | | |

**Diagnosis:**

| M54.2 | Cervicalgia |
|---|---|
| M54.5 | Low back pain |
| R53.1 | Weakness |

**SUBJECTIVE:**
Miyoshi Snearl has attended a total of 15 treatment sessions following referral to therapy for treatment of Physical Therapy.

**Mechanism of Onset:**
Pt reports being in a car accident with 18 wheeler on 4/20/2020; 18 wheeler hit back of drivers side of car with resulting in car spinning and hitting guard rails on R and L sides. Reports going to urgent care on day of accident and prescribed muscle relaxer and ibuprofen. Went to urgent care again 2 days following the accident due to chest discomfort and diagnosed with rib contusion. Saw ortho specialist and primary care MD last Friday and received x-rays of neck and back. Prior to accident, pt reports being (I), primary caregiver to 1 yr old child, and employed as a project developer (desk work 9 hours/day) and now currently working at home 2/2 COVID-19. Pt goals are to find pain relief. Pt currently has attorney case.

**Presenting Problems:**
Reports getting results of MRI which revealed inflammation in multiple areas but no bulging, no slipped disc. Found pelvic and kidney cysts no neck pain. Arrived late to appt. Agreeable to transition to independent phase of rehab today.

**OBJECTIVE:**

11281 Old Hammond Highway. Suite A Baton Rouge, LA 70816-8405
Phone: (225) 275-3177 Fax: (225) 275-0922

1 OF 3

MS_DP_SSLA_000140

SNEARL, MIYOSHI R
🕔 07-10-2020 8:14 AM

**ACTIVITY LOG:**

| Exercises | Comment | Status | Sets | Reps | Weight | Time | Done Today | CPT |
|---|---|---|---|---|---|---|---|---|
| chin tucks | | | 3 | 10 | | | Yes | |
| upper trap stretch | 3 x 30 seconds to R and L side | | | | | | Yes | |
| levator scap stretch | 3 x 30 seconds to R and L side | | | | | | Yes | |
| PPT | with march | | 3 | 10 | | | Yes | |
| bidges | | | 2 | 10 | | | Yes | |
| rows | | | 3 | 10 | GTB | | Yes | |
| shoulder extension | | | 3 | 10 | GTB | | Yes | |
| Clams | | | 3 | 10 | GTB | | Yes | |
| Quad Stretch | 3 x 30 seconds, prone | | | | | | Yes | |
| Palloff press | | | 1 | 30 | RTB | | Yes | |
| hip globals | | | 1 | 10 | RTB | | Yes | |
| therapeutic exercise | | | | | | 45 | Yes | Therapeutic Exercise (97110) – [TP001] |

pt provided with illustration, written, and verbal instruction on HEP. verbalized understanding. refer to scanned copy.

**ASSESSMENT:**
Patient consents to treatment plan and goals and gives verbal informed consent. Pt provided with updated home program. Demonstrates good understanding of exercises with proper technique and appropriate to transition to independent phase of rehab at this time.

| Goals | Short-Long | Time Frame | Result | Comment |
|---|---|---|---|---|
| Pt is independent with HEP in order to further progress and return to maximal improvement. | Short Term | 2 weeks | Met | |
| Pt will improve AROM to 1/2 of long term goal in order to progress towards functional activities. | Short Term | 2 weeks | Met | |
| Pain Rating at present: 1/10 to improve QOL. | Long Term | 4 weeks | Not met | |
| Pain Rating at worst: 4/10 in order to progress towards increased independence with activity. | Long Term | 4 weeks | Not met | |
| Pt will report mild to absent TTP noted at injury site in order to improve overall functional mobility. | Long Term | 4 weeks | Met | |
| Pt will demonstrate normal gait mechanics in order to minimize any compensation and return to PLOF. | Long Term | 4 weeks | Met | |

Patient: Miyoshi Snearl

11281 Old Hammond Highway, Suite A  Baton Rouge, LA 70816-8405
Phone: (225) 275-3177  Fax: (225) 275-0922

2 OF 3

MS_DP_SSLA_000141

| Goals | Short/Long | Time Frame | Result | Comment |
|-------|-----------|-----------|--------|---------|
| Pt will improve AROM to stated goals in order to return to maximal potential. | Long Term | 4 weeks | Partially met | |
| Pt will improve strength to stated goals of appropriate musculature in order to improve functional independence. | Long Term | 4 weeks | Partially met | |

**PLAN:**
**Primary Discharge Reason**
Pt transitioned to independent phase of rehab

Thank you for your referral.

Best regards,


Monica Gvoich PT
This document was electronically signed on 07-10-20 at 08:13a  by Monica Gvoich PT.

Patient: Miyoshi Snearl

11281 Old Hammond Highway, Suite A Baton Rouge, LA 70816-8405
Phone: (225) 275-3177  Fax: (225) 275-0922

3 OF 3

MS_DP_SSLA_000142



# MOREAU
## PHYSICAL THERAPY

# **Physical Therapy Initial Evaluation**

| | | | |
|---|---|---|---|
| **Date of Visit:** | 05-04-20 | **Therapist:** | Monica Gvoich |
| **Patient Name:** | Snearl, Miyoshi | **Referring MD:** | Jorge Isaza, |
| **Patient #:** | | | |

| | | | |
|---|---|---|---|
| **Date of Birth:** | | | |
| **Age:** | 36 | **Certification Period:** | 05-04-20 - 06-03-20 |

### Diagnosis:

| | |
|---|---|
| M54.2 | Cervicalgia |
| M54.5 | Low back pain |
| R53.1 | Weakness |

## SUBJECTIVE:

Miyoshi Snearl is a 36 year old female who presents to therapy today for evaluation of Physical Therapy. The patient was referred by Jorge Isaza , MD. Pt reports being in a car accident with 18 wheeler on 4/20/2020; 18 wheeler hit back of drivers side of car with resulting in car spinning and hitting guard rails on R and L sides. Reports going to urgent care on day of accident and prescribed muscle relaxer and ibuprofen. Went to urgent care again 2 days following the accident due to chest discomfort and diagnosed with rib contusion. Saw ortho specialist and primary care MD last Friday and received x-rays of neck and back. Prior to accident, pt reports being (I), primary caregiver to 1 yr old child, and employed as a project developer (desk work 9 hours/day) and now currently working at home 2/2 COVID-19. Pt goals are to find pain relief. Pt currently has attorney case.

## Presenting Problems:

The patient reports today's pain at low back, R leg to be 5 out of 10 at best and 9 out of 10 at worst.
The patient reports today's pain at neck, L arm to be 4 out of 10 at best and 7 out of 10 at worst.
Comments: neck pain is worse in the mornings, with turning head/quick movements, better with muscle relaxer, L arm soreness with lifting arm up; denies numbness/tingling.
low back pain worse with lifting 1 yr old, washing dishes, bathing her son, better with medicine, movement throughout the day. R L tingling posterior hip to foot, numbness at anterior shin.
project developer - sitting/desk work

## OBJECTIVE:
## CERVICAL EVALUATION
## HAND DOMINANCE
Right

11281 Old Hammond Highway, Suite A  Baton Rouge, LA 70816-8405
Phone: (225) 275-3177  Fax: (225) 275-0922

1 OF 5

MS-SSLA-000044

**RANGE OF MOTION:**

| Cervical | Initial | Goal | Comments |
|---|---|---|---|
| AROM | 05-04-20 | | |
| Flexion (80-90) | 30 | 70 | L side p! |
| Extension (70-80) | 40 | 70 | |
| Right Rotation (70-90) | 55 | 70 | L side p! |
| Left Rotation (70-90) | 67 | 70 | |
| Right Side Bend (20-45) | 25 | 30 | L side p! |
| Left Side Bend (20-45) | 30 | | |

The shoulder range of motion is unremarkable.

| Flexibility | Right | Goal | Left | Goal |
|---|---|---|---|---|
| Upper Trapezius | Minimally restricted | No deficit | Moderately restricted | No deficit |
| Levator Scapulae | Minimally restricted | No deficit | Moderately restricted | No deficit |
| Pectoralis Major | Minimally restricted | No deficit | Moderately restricted | No deficit |

| Repeated Motion | Initial | Goal | Comments |
|---|---|---|---|
| Flexion in Sitting | No Change | | |
| Extension in Sitting | | | muscle tension/pulling |

**MANUAL MUSCLE TEST:**

| Upper Extremity | Initial | Goal | Comments |
|---|---|---|---|
| Right MMT | 05-04-20 | | |
| Shoulder Flexion | 5 | | |
| Shoulder Abduction (C5) | 5 | | |
| Shoulder Internal rotation | 5 | | |
| Shoulder External Rotation | 5 | | |
| Elbow Flexion (C6) | 5 | | |
| Elbow Extension (C7) | 5 | | |

| Upper Extremity | Initial | Goal | Comments |
|---|---|---|---|
| Left MMT | 05-04-20 | | |
| Shoulder Flexion | 4 | 5 | neck discomfort with LUE MMT |
| Shoulder Abduction (C5) | 4 | 5 | |
| Shoulder Internal rotation | 4 | 5 | |
| Shoulder External Rotation | 4 | 5 | |
| Elbow Flexion (C6) | 4 | 5 | |
| Elbow Extension (C7) | 4 | 5 | |

| Core Stability | Initial | Goal | Comments |
|---|---|---|---|
| Right Upper Trapezius | 4 | 5 | |
| Left Upper Trapezius | 3+ | 5 | |
| Right Middle Trapezius | 4 | 5 | |

Patient: Miyoshi Snearl

11281 Old Hammond Highway, Suite A Baton Rouge, LA 70816-8405
Phone: (225) 275-3177 Fax: (225) 275-0922

2 OF 6

MS-SSLA-000045

05-06-2020 8:22 AM                                                                           pg 4 of 9

| Left Middle Trapezius | 3+ | 5 | |
| Right Lower Trapezius | 4 | 5 | |
| Left Lower Trapezius | 3+ | 5 | |

**GAIT:**
pt ambulates (I); decreased cadence with cervical guarding, antalgic gait.

**POSTURE:**
The patient posture was observed as forward head and rounded shoulders.

**SENSATION:**
Sensation is unremarkable.

**MUSCLE PALPATION:**

| Upper Trapezius | Right | Left |
|---|---|---|
| Trigger Point | | Moderate |

| Levator Scapulae | Right | Left |
|---|---|---|
| Trigger Point | | Moderate |

**SPECIAL TESTS:**
(-) cervical compression, (-) cervical distraction

**LUMBAR EVALUATION**

**RANGE OF MOTION:**

| Lumbar | Initial | Goal | Comments |
|---|---|---|---|
| AROM | 05-04-20 | | |
| Flexion (40-60) | 30 | 40 | p! R hamstring and R knee |
| Extension (25-35) | 20 | | |
| Right Side Bending (15-20) | 30 | | |
| Left Side Bending (15-20) | 20 | | |

| Flexibility | Right | Goal | Left | Goal |
|---|---|---|---|---|
| Hamstring | (+) 90/90 test | (-) 90/90 | WFL | |
| Piriformis | Minimally restricted | No deficit | Minimally restricted | No deficit |
| Rectus Femoris | (+) Ely | (-) Ely | (+) Ely | (-) Ely |
| Lumbar Paraspinals | Minimally restricted | No deficit | Minimally restricted | No deficit |

| Repeated Motion | Initial | Goal | Last | Current | Comments |
|---|---|---|---|---|---|
| Flexion in Standing | No Change | | | | |
| Extension in Standing | Pain Increased | | | | |

**MANUAL MUSCLE TEST:**

| Lower Extremity | Initial | Goal | Comments |
|---|---|---|---|
| MMT | 05-04-20 | | |

Patient: Miyoshi Snearl

11281 Old Hammond Highway, Suite A  Baton Rouge, LA 70816-8405
Phone: (225) 275-3177  Fax: (225) 275-0922

3 OF 6

MS-SSLA-000046

| R Hip Abd | 4- | 5 | |
| L Hip Abd | 4+ | 5 | |
| R Hip Ext | 3+ | 5 | |
| L Hip Ext | 4- | 5 | |
| R Hip Flex | 4- | 5 | |
| L Hip Flex | 5 | | |
| R Knee Ext | 4- | 5 | |
| L Knee Ext | 5 | | |
| R Knee Flex | 4- | 5 | |
| L Knee Flex | 5 | | |

partial ROM through bridge

**SENSATION:**
Sensation is unremarkable. **PALPATION:**

| Tenderness | Right | Left | Muscle Induration | Splinting |
|---|---|---|---|---|
| L2 | Tender | Tender | | |
| L3 | Tender | Tender | | |
| L4 | Tender | Tender | | |
| L5 | Tender | Tender | | |
| Sacrum | Tender | Tender | | |

**SPECIAL TESTS:**
single leg stance LLE > 10 seconds, single leg stance RLE < 3 seconds (complaints of R knee pain)
(+) slump test RLE, (-) slump test LLE
(+) SLR RLE, (-) SLR RLE
(+) sacral thrust
leg length: LLE longer than RLE in supine position (L anterior rotated innominate)

**ACTIVITY LOG:**

| Exercises | Comment | Status | Sets | Reps | Weight | Time | Done Today | CPT |
|---|---|---|---|---|---|---|---|---|
| chin tucks | | | 3 | 10 | | | Yes | |
| upper trap stretch | 3 x 30 seconds to R and L side | | | | | | Yes | |
| levator scap stretch | 3 x 30 seconds to R and L side | | | | | | Yes | |
| scap retraction | | | 3 | 10 | | | Yes | |
| PPT | | | 3 | 10 | | | Yes | |
| sciatic n. glides | R LE, 10 ankle pumps x 5 reps | | | | | | Yes | |

MS-SSLA-000047

05-06-2020 8:22 AM

| Exercises | Comment | Status | Sets | Reps | Weight | Time | Done Today | CPT |
|---|---|---|---|---|---|---|---|---|
| m. energy technique | for L anterior rotated innominate; 5 second hold with 50% effort x 5 reps | | | | | | Yes | |
| therapeutic exercise | | | | | | 15 | Yes | Therapeutic Exercise (97110) - [TP001] |
| therapeutic activity | pt provided with illustration, written, and verbal instruction on HEP. verbalized understanding. refer to scanned copy. pt educated on postural alignment and musculature, neural tension, anatomy of lumbar spine and pelvis. | | | | | 8 | Yes | Therapeutic Activity (97530) - [TP009] |

## ASSESSMENT:

Pt presents with signs/symptoms consistent with diagnosis. Pt with decreased ROM, muscle tightness, neural tension, muscle weakness, postural impairment, and pain limiting function. Stated deficits are contributing to functional limitations with caring for 1 yr. old child, completing daily household and occupational tasks. She will benefit from skilled PT intervention to address stated deficits. The patient's rehab potential is good. The patient's discharge prognosis is good. She is aware of her diagnosis. The plans and goals have been developed and discussed with the patient. Patient consents to treatment plan and goals and gives verbal informed consent.

| Goals | Short-Long | Time Frame | Result | Comment |
|---|---|---|---|---|
| Pt is independent with HEP in order to further progress and return to maximal improvement. | Short Term | 2 weeks | | |
| Pt will improve AROM to 1/2 of long term goal in order to progress towards functional activities. | Short Term | 2 weeks | | |
| Pain Rating at present: 1/10 to improve QOL. | Long Term | 4 weeks | | |

Patient: Miyoshi Snearl

11281 Old Hammond Highway, Suite A  Baton Rouge, LA 70816-8405
Phone: (225) 275-3177  Fax: (225) 275-0922

MS-SSLA-000048

| Goals | Short-Long | Time Frame | Result | Comment |
|-------|-----------|-----------|--------|---------|
| Pain Rating at worst: 4/10 in order to progress towards increased independence with activity. | Long Term | 4 weeks | | |
| Pt will report mild to absent TTP noted at injury site in order to improve overall functional mobility. | Long Term | 4 weeks | | |
| Pt will demonstrate normal gait mechanics in order to minimize any compensation and return to PLOF. | Long Term | 4 weeks | | |
| Pt will improve AROM to stated goals in order to return to maximal potential. | Long Term | 4 weeks | | |
| Pt will improve strength to stated goals of appropriate musculature in order to improve functional independence. | Long Term | 4 weeks | | |

**Assessment of Complexity:**
Medical and Therapy History: 1-2 personal factors and/or comorbidities that impact the plan of care.
Patient Examination: Examination of body systems was completed using standardized tests and measures addressing 3 or more elements from any of the following: body structures and functions, activity limitations, and/or participation restrictions.
Clinical Presentation: Evolving clinical presentation with changing characteristics.
Clinical Decision Making: Moderate complexity using standardized patient assessment instrument and/or measurable assessment of functional outcome.

Based on the documented information above, the patient complexity is determined to be moderate.

**PLAN:**
The patient's treatment will include e-Stim unattended no wound, gait training, HEP, hot pack / cold pack, Increase mobility, joint and soft tissue mobilization, Kinesio Taping, manual therapy, neuromuscular re-education, Patient education, Postural Education, Postural re-education, PROM/Stretching, Stabilization, strengthening, TENS unit, therapeutic activities and therapeutic exercises. The patient will be seen 2 times per week for 4 weeks, for a total of 8 visits.

Thank you for your referral. We will keep you updated on this patient's progress.

Best regards,

Monica Gvoich PT
This document was electronically signed on 05-06-20 at 08:21a by Monica Gvoich PT.

Patient: Miyoshi Snearl

11281 Old Hammond Highway, Suite A  Baton Rouge, LA 70816-8405
Phone: (225) 275-3177  Fax: (225) 275-0922

5 OF 5

MS-SSLA-000049



**BLUEBONNET** IMAGING CENTER

**ACR ACCREDITED FACILITY**
4570 Bluebonnet Blvd., Suite-B, Baton Rouge, LA, 70809
225-298-3223 (Phone) 225-298-5474 (Fax)

PATIENT NAME:        SNEARL, MIYOSHI                PATIENT ID:
ORDERING PHYSICIAN:  ISAZA, JORGE                   SEX:              F
DATE OF SERVICE:     06/25/2020 2:26 PM CDT
PROCEDURE TYPE:      MRI LUMBAR W/O                 AGE:              36

MRI-LUMBAR SPINE:

T1, T2, and inversion recovery images were obtained.

Lumbar vertebral body vertical heights appear intact.  No subluxation.  The conus appears normal.

T11-T12: Normal.

L1-L2: Normal.

L2-L3: Normal.

L3-L4: Normal.

L4-L5: No disc dehydration, narrowing, bulge, or herniation.  Spinal canal appears patent.  Facet mild arthropathy mildly narrows the neural foramina without expected nerve root compression.

L5-S1: No disc dehydration, narrowing, bulge, or herniation.  Spinal canal appears patent.  Facet mild arthropathy mildly narrows the neural foramina without expected nerve root compression.

IMPRESSION:

1.  Facet mild arthropathy at L4-5 and L5-S1.

2.  Incidentally noted is a partially visualized 4 cm fluid signal intensity in the right kidney, and another partially visualized 4 cm fluid signal intensity in the pelvis superior to the uterine fundus.  Ultrasound follow-up is recommended.

Signed electronically by:
Woody, Mark W MD
06/25/2020 7:07 PM CDT

XR, LUMBOSACRAL SPINE, 4 OR MORE VIEW 04/30/2020 (#382067)



**ACR ACCREDITED FACILITY**

4570 Bluebonnet Blvd., Suite-B, Baton Rouge, LA, 70809

225-298-3223 (Phone) 225-298-5474 (Fax)

| | | | |
|---|---|---|---|
| PATIENT NAME: | SNEARL, MIYOSHI | PATIENT ID: | |
| ORDERING PHYSICIAN: | ISAZA, JORGE | SEX: | F |
| DATE OF SERVICE: | 08/14/2020 1:02 PM CDT | | |
| PROCEDURE TYPE: | MRI CERVICAL W/O | AGE: | 36 |

Exam: Cervical spine MRI 8/14/20

Indication: Three-month history neck pain, stiffness.

Reference exam: None

Findings:

Multiplanar noncontrast imaging of the cervical spine was completed.

Midline sagittal images demonstrate abnormal reversal of the cervical lordosis. A kyphotic curvature deformity is present, apex at C4. The cervical vertebral body heights are maintained. There is no compression fracture or spondylolisthesis.

The cervical disc spaces are hydrated and are preserved in height at all levels. There is no cerebellar tonsil ectopia. The spinal cord is normal in caliber and signal. There is T2 complex signal alteration involving the left thyroid lobe and isthmus, estimated on sagittal T2 imaging, a 2.7 cm complex mass is identified. I would recommend ultrasound correlation.

Axial images were completed demonstrating the following:

C2-3: The spinal canal and neural foramina are patent. No disc bulge or herniation is identified. The disc is hydrated without loss of height.

C3-4: The spinal canal and neural foramina are patent. No disc bulge or herniation is identified. The disc is hydrated without loss of height.

C4-5: A 1 mm posterior midline disc herniation is identified (axial image 13/27). There is effacement of the subarachnoid space without cord deformity or canal narrowing. Endplate spondylosis produces mild left foraminal narrowing. The disc is hydrated without loss of height.

C5-6: Sagittal images demonstrate minimal, less than 2 mm depth annular bulging. No focal herniation, cord deformity or canal stenosis is identified. Endplate spondylosis produces mild left foraminal narrowing. The disc is hydrated without loss of height.

C6-7: The spinal canal and neural foramina are patent. No disc bulge or herniation is identified. The disc is hydrated without loss of height.

C7-T1: The spinal canal and neural foramina are patent. No disc bulge or herniation is identified. The disc

MS-SSLA-000122

From: Bluebonnet Imaging    Fax: 12252985474        To: JORGE ISAZA        Fax: (225) 448-3667        Page: 2 of 2        08/17/2020 9:50 A



**ACR ACCREDITED FACILITY**
4570 Bluebonnet Blvd., Suite-B, Baton Rouge, LA, 70809
225-298-3223 (Phone) 225-298-5474 (Fax)

PATIENT NAME:        SNEARL, MIYOSHI          PATIENT ID: ▮▮▮▮▮
ORDERING PHYSICIAN: ISAZA, JORGE              SEX:            F
DATE OF SERVICE:     08/14/2020 1:02 PM CDT
PROCEDURE TYPE:      MRI CERVICAL W/O          AGE:           36

is hydrated without loss of height.

Impression:

1. Abnormal reversal of the cervical lordosis is identified, concerning for muscle spasm.

2. C4-5 posterior midline 1 mm disc herniation identified without canal narrowing. Endplate spondylosis produces mild left foraminal narrowing.

3. C5-6 low-grade disc bulge, endplate spondylosis produces mild left foraminal narrowing.

4. Indeterminate signal alteration, left thyroid lobe/isthmus. Ultrasound correlation recommended.

Signed electronically by:
BURNS, RODNEY MD
08/17/2020 8:10 AM CDT

MRI, CERVICAL SPINE, W/O CONTRAST 09/01/2020 (#405653, 08/14/2020)

## Chief Complaint

Neck Pain, lower back pain

Ms. Snearl is here for an initial evaluation for neck pain, left arm pain, lower back and right leg pain after being involved in a motor vehicle accident on 4/20/20. She was a restrained driver travelling in the right lane on the interstate in a merging lane. She states an 18 wheeler travelling in the left lane came over into her lane. Her vehicle was hit on the rear driver's side and spun around due to the impact. This impact caused her to hit the guardrail. The air bags did deploy. She did not lose consciousness. She states her 1 year old son was in the car. The ambulance transported her and her son to OLOL Children's Hospital. He suffered a gash on across his nose and eye. After her son's discharge, she transported herself to Patient Plus Urgent Care where she had x-rays and was prescribed methocarbamol and ibuprofen.

She states she began having lower back pain immediately following the accident. A few hours later, she began having neck pain. She states she had to go back to urgent care two days later due to her having chest pains. She was having pain with coughing and laughing. Urgent Care performed a chest x-ray stating she had a rib contusion. As the days go by, her neck and lower back pain has progressed.

She has not had any other treatment for her injuries. She states that she has not had any previous injury or treatment to her neck and lower back.

She describes her neck pain as and aching sensation. She also has pain in the left upper extremity. She denies any radiating pain, numbness or balance issues.

She describes her lower back pain as and aching sensation with radiating pain in the right lower extremity. She also has numbness in the right lower extremity. She has recently developed tingling in the right foot.

She denies any issues with her bladder or bowels.

Walking and bending increases her pain.

She works as a Project Developer at Louisiana Department of Health.

On average, she rates her neck pain a 6/10 and an 8/10 in the right leg.

## Patient's Care Team

**Other:** RACHELLE SANDERS: 10310 THE GROVE BLVD., BATON ROUGE, LA 70836, Ph (225) 761-5200, Fax (225) 761-7222 (deleted)

## Patient's Pharmacies

**WALGREENS DRUG STORE #02980 (ERX): 4747 S SHERWOOD FOREST BLVD, BATON ROUGE LA 70816, Ph (225) 292-8975, Fax (225) 292-4746**

## Vitals

| | | |
|---|---|---|
| **Ht:** 5 ft 8 in 04/30/2020 08:59 am | **Wt:** 192 lbs 04/30/2020 08:59 am | **Pain Scale:** 6 04/30/2020 09:03 am  8 04/30/2020 09:03 am |
| **BMI:** 29.2 04/30/2020 08:59 am | | |

## Allergies

Reviewed Allergies
NKDA

## Medications

Reviewed Medications

**ibuprofen 800 mg tablet**                                        04/30/20   entered
Take 1 tablet(s) 3 times a day by oral route.

**methocarbamoL 750 mg tablet**                              04/30/20   entered
Take 1 tablet(s) 3 times a day by oral route.

## Vaccines

None recorded.

## Problems

Reviewed Problems
No known problems
- Degeneration of lumbar intervertebral disc
- Neck pain
- Low back pain
- Cervical kyphosis

## Family History

Reviewed Family History
Maternal Grandmother
    - Malignant neoplastic disease
       - breast cancer
    - Diabetes mellitus
Mother
    - Diabetes mellitus

## Social History

Reviewed Social History
**Orthopedic Surgery**
Tobacco Smoking Status: Never smoker
Non-smoker
Smokeless Tobacco Status: Never used smokeless tobacco
E-cigarette/Vape Status: Never used electronic cigarettes
Are you currently employed?: Y
Employer: LDH
Occupation: Project Developer
Live alone or with others?: with others
Able to Care for Self: Y
Chewing tobacco: none
Alcohol intake: Occasional
Work related injury?: N
Auto related injury?: Y
If injured, is litigation ongoing?: Y
Is blood transfusion acceptable in an emergency?: Y

## Surgical History

Reviewed Surgical History
- Caesarean Section

## GYN History

(not configured)

## Past Medical History

Reviewed Past Medical History

## Documents for Discussion

**Discussed the following documents:**
- XR, LUMBOSACRAL SPINE, 4 OR MORE VIEW - 04/30/20

    Result Note: 5 vertebrae. Decreased disc space at L5-S1. No scoliosis. No spondylolisthesis.
- XR, CERVICAL SPINE, 4 OR 5 VIEW - 04/30/20

    Result Note: Localized kyphosis at C4-5. Decreased lordosis. No scoliosis.

## ROS

Patient reports **back pain and neck pain**. She reports **numbness (RLE) and tingling (Right foot)** but reports no weakness, no headache, no dizziness, and no loss of consciousness. She reports no eye pain, no blurry vision, and normal movement. She reports no chest pain. She reports no chest tightness. She reports no abdominal pain. She reports no swelling, no bruising, no abrasions, and no lacerations.

## Assessment / Plan

Ms. Snearl has been complaining of neck pain, left arm pain, and lower back pain radiating down her right lower extremity since a Motor Vehicle Accident which occurred on 04/20/2020.
We reviewed an x-ray of the cervical spine and lumbar spine with the patient.
The x-ray of the cervical spine shows localized kyphosis at C4-5 and decreased lordosis.
The x-ray of the lumbar spine shows decreased disc space at L5-S1.
At this time, our plan is to send her to a course of physical therapy of the cervical spine and lumbar spine.
If physical therapy does not help with her symptoms we will order an MRI.
We will see her back in 6 weeks.

**1. Low back pain**
    M54.5: Low back pain
- XR, LUMBOSACRAL SPINE, 4 OR MORE VIEW
    Views (X-RAY, LUMBAR SPINE): AP, Lateral, Flexion & Extension

**2. Neck pain**
    M54.2: Cervicalgia
- PHYSICAL THERAPY REFERRAL -     Schedule Within: provider's discretion
    Note to Provider:
    Physical therapy C/sp, L/sp TIW - 4weeks Theurapeutic and streghtening exercises
    Dx: M54.5, M54.2
- XR, CERVICAL SPINE, 4 OR 5 VIEW

Views (X-RAY, CERVICAL SPINE): AP, Lateral, Flexion & Extension

**3. Degeneration of lumbar intervertebral disc**
M51.36: Other intervertebral disc degeneration, lumbar region

**4. Cervical kyphosis**
M40.202: Unspecified kyphosis, cervical region

XR, CERVICAL SPINE, 4 OR 5 VIEW
- Views (X-RAY, CERVICAL SPINE): AP, Lateral, Flexion & Extension
- Result Note: Localized kyphosis at C4-5. Decreased lordosis. No scoliosis.

XR, LUMBOSACRAL SPINE, 4 OR MORE VIEW
- Views (X-RAY, LUMBAR SPINE): AP, Lateral, Flexion & Extension
- Result Note: 5 vertebrae. Decreased disc space at L5-S1. No scoliosis. No spondylolisthesis.

Return to Office
- Jorge Isaza, MD for FOLLOW UP at Spine Specialists of Louisiana on 06/10/2020 at 03:15 PM

Encounter Sign-Off
Encounter signed-off by Jorge Isaza, MD, 04/30/2020.

Encounter performed and documented by Jorge Isaza, MD
Encounter reviewed & signed by Jorge Isaza, MD on 04/30/2020 at 3:28pm

**Demographics**

| Patient Name | SNEARL, MIYOSHI R |
| --- | --- |
| Sex | F |
| DOB | ▮ |
| Address | ▮ |
| City/State/Zip | ▮ |
| Home Phone | ▮ |
| Mobile Phone | ▮ |
| Insurance | Med Primary: BC<br>Insurance # : ▮<br>Policy/Group #<br>Prescription: check now |
| Default Pharmacy | WALGREENS DRUG STORE #02980 (ERX)<br>4747 S SHERWOOD FOREST BLVD<br>BATON ROUGE<br>LA 708164638<br>Ph (225) 292-8975<br>Fax (225) 292-4746 |
| Preferred Imaging Facility | BLUEBONNET IMAGING CENTER<br>4570 BLUEBONNET BLVD STE B<br>BATON ROUGE<br>Ph (225) 298-3223<br>Fax (225) 298-5474 |
| Portal Registration | This patient was invited to the portal on 10/21/2020, but does not yet have access.<br>⚠ Miyoshi Snearl has account issues. |

**Height / Weight / BMI / BP**

Height 5 ft 8 in   10/21/2020
Weight 192 lbs   04/30/2020
BMI   29.2   04/30/2020

**Problems**
No known problems
- Arthropathy of lumbar facet joint
- Prolapsed cervical intervertebral disc

- breast cancer
- Diabetes mellitus
Mother - Diabetes mellitus

## Social History

Social History not reviewed (last reviewed 06/17/2020)
**Orthopedic Surgery**
Tobacco Smoking Status: Never smoker
Non-smoker
Smokeless Tobacco Status: Never used smokeless tobacco
E-cigarette/Vape Status: Never used electronic cigarettes
Are you currently employed?: Y
Employer: LDH
Occupation: Project Developer
Live alone or with others?: with others
Able to Care for Self: Y
Chewing tobacco: none
Alcohol intake: Occasional
Work related injury?: N
Auto related injury?: Y
If injured, is litigation ongoing?: Y
Is blood transfusion acceptable in an emergency?: Y

## Surgical History

Surgical History not reviewed (last reviewed 06/17/2020)
- Caesarean Section

## GYN History

(not configured)

## Obstetric History

Obstetric History not reviewed (last reviewed 06/17/2020)

## Past Medical History

Past Medical History not reviewed (last reviewed 06/17/2020)

## ROS

Patient reports **back pain and neck pain**. She reports **numbness (RLE) and tingling (Right foot-intermittent)** but reports no weakness, no headache, no dizziness, and no loss of consciousness. She reports no eye pain, no blurry vision, and normal movement. She reports no chest pain. She reports no chest tightness. She reports no abdominal pain. She reports no swelling, no bruising, no abrasions, and no lacerations.

## Physical Exam

Patient is a 36-year-old female.

**Constitutional:** General Appearance: healthy-appearing and normal body habitus.

**Psychiatric:** Orientation: oriented to time, place and person and appropriate Waddell's test. Mood and Affect: appropriate affection.

**Cervical Spine:** Soft Tissue Palpation Right/Left: no tenderness of the trapezius or the spinal processes and **tenderness of the paracervicals bilateral**. Active Range of Motion: **rotation to the left (85 deg.)** and **the right (85 deg.)** and **flexion (30 deg.)** and **extension (40 deg.)**.

**Motor Strength:** C5 on the Right: abduction deltoid 5/5. C5 on the Left: abduction deltoid 5/5. C6 on the Right: flexion biceps 5/5 and extension wrist 5/5. C6 on the Left: flexion biceps 5/5 and extension wrist 5/5. C7 on the Right: extension triceps 5/5 and flexion wrist 5/5. C7 on the Left: extension triceps 5/5 and flexion wrist 5/5. C8 on the Right: grip 5/5. C8 on the Left: grip 5/5. T1 on the Right: abduction fingers 5/5. T1 on the Left: abduction fingers 5/5.

**Neurological System:** Biceps Reflex Right: normal (2). Biceps Reflex Left: normal on the left (2). Brachioradialis Reflex Right: normal (2). Brachioradialis Reflex Left: normal (2). Triceps Reflex Right: normal (2). Triceps Reflex Left: normal (2). Knee Reflex Right: normal (2). Knee Reflex Left: normal (2). Ankle Reflex Right: normal (2). Ankle Reflex Left: normal (2). Sensation on the Right: C5 normal, C6 normal, C7 normal, C8 normal, T1 normal, L1 normal, L2 normal, L3 normal, L4 normal, S1 normal, S2 normal, and **decreased sensation on the lateral leg and dorsum of the foot (L5)** (**intermittent**). Sensation on the Left: C5 normal, C6 normal, C7 normal, C8 normal, T1 normal, L1 normal, L2 normal, L3 normal, L4 normal, L5 normal, S1 normal, and S2 normal. Special Tests on the Left: Tinel's sign negative. Myelopathy Reflexes on the Right: Hoffman's absent and Clonus absent. Myelopathy Reflexes on the Left: Hoffman's absent and Clonus absent. Special Tests on the Right: straight leg raising test negative. Special Tests on the Left: straight leg raising test negative.

**Gait and Station:** Appearance: normal gait, no limp, and ambulating with no assistive devices.

**Lumbar Spine:** Bony Palpation on the Right: **tenderness of the greater trochanter**. Bony Palpation on the Left: no tenderness of the greater trochanter. Soft Tissue Palpation on the Right: **tenderness of the paraspinal muscles** and **the piriformis**. Soft Tissue Palpation on the Left: **tenderness of the paraspinal muscles**. Active Range of Motion: **flexion (80 deg.)**, **extension (10 deg.)** (**with pain**), and **pain with motion**.

**Motor Strength:** L1/L2 Motor Strength on the Right: hip flexion iliopsoas 5/5. L1/L2 Motor Strength on the Left: hip flexion iliopsoas 5/5. L3/L4 Motor Strength on the Right: knee extension quadriceps 5/5. L3/L4 Motor Strength on the Left: knee extension quadriceps 5/5. L4/L5 Motor Strength on the Right: ankle dorsiflexion tibialis anterior 5/5, great toe extension extensor hallucis longus 5/5, and knee flexion hamstring 5/5. L4/L5 Motor Strength on the Left: ankle dorsiflexion tibialis anterior 5/5, great toe extension extensor hallucis longus 5/5, and knee flexion hamstring 5/5. S1 Motor Strength on the Right: plantar flexion gastrocnemius 5/5. S1 Motor Strength on the Left: plantar flexion gastrocnemius 5/5.

**Sacroiliac Joint Diagnostic Provocative Tests:** Sacroiliac Joint on the Right: **Patrick-Fabere test positive** (**equivocal**), Gaenslen's test negative, thigh thrust test negative, active straight leg raise test negative (**equivocal**), and Fortin finger test negative (**equivocal**). Sacroiliac Joint on the Left: Patrick-Fabere test negative, thigh thrust test negative, active straight leg raise test negative, and Fortin finger test negative.

## Assessment / Plan

Ms. Snearl continues experiencing lower back pain and right lower extremity pain. Her neck is doing overall well at this time.
We reviewed an MRI of the cervical spine with the patient which demonstrates C4-5 bulging disc and decreased lordosis.
At this time, our plan is to refer her to Dr. Johnston for a right L5-S1 TF ESI for therapeutic and diagnostic purposes.
We are giving her a prescription for Methocarbamol 500mg BID and Zanaflex 4mg QHS. Patient was instructed on the risks and benefits associated with taking these medications.
We will see her back 2 weeks after the injection.

**1. Low back pain**
  M54.5: Low back pain
  • PAIN MANAGEMENT REFERRAL -     Schedule Within: provider's discretion     Note to Provider: Refer to Dr. Johnston for R L5-S1 transforaminal ESI.
  • methocarbamol 500 mg tablet - Take 1 tablet(s) twice a day by oral route with meals for 21 days.     Qty: 42 tablet(s)     Refills: 0     Pharmacy: WALGREENS DRUG STORE #02980     Note to Pharmacy: 1 po QAM and 1 po QNoon
  • Zanaflex 4 mg tablet - Take 1 tablet(s) every day by oral route at bedtime for 21 days.     Qty: 21 tablet(s)     Refills: 0     Pharmacy: WALGREENS DRUG STORE #02980

**2. Neck pain**
  M54.2: Cervicalgia

**3. Arthropathy of lumbar facet joint** - L4-5, L5-S1
  M46.96: Unspecified inflammatory spondylopathy, lumbar region

**4. Degeneration of lumbar intervertebral disc**
  M51.36: Other intervertebral disc degeneration, lumbar region

**5. Prolapsed cervical intervertebral disc**
  M50.20: Other cervical disc displacement, unspecified cervical region

MRI, CERVICAL SPINE, W/O CONTRAST

Review of mri, cervical spine, w/o contrast taken on 08/14/2020 at BLUEBONNET IMAGING CENTER shows:
     Imaging Studies:
          Disk bulge C45: central.
          Sagittal Alignment: **loss of cervical lordosis** .

## Return to Office
 None recorded.

## Encounter Sign-Off
 Encounter signed-off by Jorge Isaza, MD, 09/01/2020.

Encounter performed and documented by Jorge Isaza, MD
Encounter reviewed & signed by Jorge Isaza, MD on 09/01/2020 at 10:20am
**Encounter Date: 08/06/2020**
Patient

| **Name** | SNEARL, MIYOSHI (36yo, F) ID# | **Appt. Date/Time** | 08/06/2020 01:45PM |
|---|---|---|---|
| **DOB** | | **Service Dept.** | Spine Specialists of Louisiana |
| **Provider** | JORGE ISAZA, MD | | |

**Motor Strength:** C5 on the Right: abduction deltoid 5/5. C5 on the Left: abduction deltoid 5/5. C6 on the Right: flexion biceps 5/5 and extension wrist 5/5. C6 on the Left: flexion biceps 5/5 and extension wrist 5/5. C7 on the Right: extension triceps 5/5 and flexion wrist 5/5. C7 on the Left: extension triceps 5/5 and flexion wrist 5/5. C8 on the Right: grip 5/5. C8 on the Left: grip 5/5. T1 on the Right: abduction fingers 5/5. T1 on the Left: abduction fingers 5/5.

**Neurological System:** Biceps Reflex Right: normal (2). Biceps Reflex Left: normal on the left (2). Brachioradialis Reflex Right: normal (2). Brachioradialis Reflex Left: normal (2). Triceps Reflex Right: normal (2). Triceps Reflex Left: normal (2). Knee Reflex Right: normal (2). Knee Reflex Left: normal (2). Ankle Reflex Right: normal (2). Ankle Reflex Left: normal (2). Sensation on the Right: C5 normal, C6 normal, C7 normal, C8 normal, T1 normal, L1 normal, L2 normal, L3 normal, L4 normal, L5 normal, S1 normal, S2 normal, and **decreased sensation on the lateral leg and dorsum of the foot (L5)** (**intermittent**). Sensation on the Left: C5 normal, C6 normal, C7 normal, C8 normal, T1 normal, L1 normal, L2 normal, L3 normal, L4 normal, L5 normal, S1 normal, and S2 normal. Special Tests on the Left: Tinel's sign negative. Myelopathy Reflexes on the Right: Hoffman's absent and Clonus absent. Myelopathy Reflexes on the Left: Hoffman's absent and Clonus absent. Special Tests on the Right: straight leg raising test negative. Special Tests on the Left: straight leg raising test negative.

**Gait and Station:** Appearance: normal gait, no limp, and ambulating with no assistive devices.

**Lumbar Spine:** Bony Palpation on the Right: **tenderness of the greater trochanter**. Bony Palpation on the Left: no tenderness of the greater trochanter. Soft Tissue Palpation on the Right: **tenderness of the paraspinal muscles** and **the piriformis**. Soft Tissue Palpation on the Left: **tenderness of the paraspinal muscles**. Active Range of Motion: **flexion (80 deg.)**, **extension (10 deg.)** (**with pain**), and **pain with motion**.

**Motor Strength:** L1/L2 Motor Strength on the Right: hip flexion iliopsoas 5/5. L1/L2 Motor Strength on the Left: hip flexion iliopsoas 5/5. L3/L4 Motor Strength on the Right: knee extension quadriceps 5/5. L3/L4 Motor Strength on the Left: knee extension quadriceps 5/5. L4/L5 Motor Strength on the Right: ankle dorsiflexion tibialis anterior 5/5, great toe extension extensor hallucis longus 5/5, and knee flexion hamstring 5/5. L4/L5 Motor Strength on the Left: ankle dorsiflexion tibialis anterior 5/5, great toe extension extensor hallucis longus 5/5, and knee flexion hamstring 5/5. S1 Motor Strength on the Right: plantar flexion gastrocnemius 5/5. S1 Motor Strength on the Left: plantar flexion gastrocnemius 5/5.

**Sacroiliac Joint Diagnostic Provocative Tests:** Sacroiliac Joint on the Right: **Patrick-Fabere test positive** (**equivocal**) and **Fortin finger test positive** (**equivocal**) and Gaenslen's test negative, thigh thrust test negative, and active straight leg raise test negative (**equivocal**). Sacroiliac Joint on the Left: Patrick-Fabere test negative, thigh thrust test negative, active straight leg raise test negative, and Fortin finger test negative.

Good range of motion of the right knee, no tenderness on palpation, and normal physical exam on her right knee.

## Assessment / Plan

Ms. Snearl had an L4-5, L5-S1 MBB done on 12/14/2020 and 12/28/2020 with Dr. B. Johnston which provided 80% relief of her symptoms.

She will follow up with Dr. Johnston to further discuss having the RFA done.

We are giving her a prescription for Neurontin 100mg. Patient was instructed on the risks and benefits associated with taking these medications.

We will see her back 2 weeks after having the injection done.

**1. Prolapsed cervical intervertebral disc**
   M50.20: Other cervical disc displacement, unspecified cervical region

**2. Degeneration of lumbar intervertebral disc**
   M51.36: Other intervertebral disc degeneration, lumbar region

**3. Low back pain**
   M54.5: Low back pain
   • Neurontin 100 mg capsule - Take 1 capsule(s) every day by oral route at bedtime for 21 days.    Qty: 21 capsule(s)    Refills: 0    Pharmacy: WALGREENS DRUG STORE #02980

**4. Cervical kyphosis**
   M40.202: Unspecified kyphosis, cervical region

**5. Arthropathy of lumbar facet joint** - L4-5, L5-S1
   M46.96: Unspecified inflammatory spondylopathy, lumbar region

Return to Office
 None recorded.

## Encounter Sign-Off
 Encounter signed-off by Jorge Isaza, MD, 01/29/2021.

Encounter performed and documented by Jorge Isaza, MD
Encounter reviewed & signed by Jorge Isaza, MD on 01/29/2021 at 2:17pm

**Encounter Date: 10/21/2020**
Patient

| | | | |
|---|---|---|---|
| **Name** | SNEARL, MIYOSHI (36yo, F) ID# 29568 | **Appt. Date/Time** | 10/21/2020 02:20PM |
| **DOB** | | **Service Dept.** | Spine Specialists of Louisiana |
| **Provider** | CLINT COSTANZA, PA-C | | |
| **Insurance** | Med Primary: BC | | |

Insurance # :
Policy/Group #
Prescription: SURESCRIPTS LLC - This member could not be found in the payer's files. Please
verify coverage and all member demographic information. details

## Chief Complaint

Followup: Degeneration of lumbar intervertebral disc
Followup: Low back pain
Followup: Prolapsed cervical intervertebral disc
Followup: Cervical kyphosis
Followup: Arthropathy of lumbar facet joint

Ms. Snearl is here for a follow up today.
She had a Right L5-S1 TF ESI on 10/5/2020 with Dr. B. Johnston which did not give her any relief.
She reports that she continues experiencing right sided lower back pain and right leg pain. The pain on her right
leg starts on the right hip and it radiates down the back of the right leg into her knee.
She does state that her pain overall is not constant and that it comes and goes.
She has trouble sleeping on her right side.
We prescribed her Robaxin and Zanaflex which does help her some and helps her sleep longer at night.
She is working from home at this time.
Overall, she rates her pain level a 6/10.

## Patient's Care Team

**Other:** RACHELLE SANDERS: 10310 THE GROVE BLVD, BATON ROUGE, LA 70836, Ph (225) 761-5200, Fax (225) 761-7222

## Patient's Pharmacies

**WALGREENS DRUG STORE #02980 (ERX): 4747 S SHERWOOD FOREST BLVD, BATON ROUGE, LA 70816, Ph (225) 292-8975, Fax (225) 292-4746**

## Vitals

10/21/2020 01:53 pm

**Ht:** 5 ft 8 in          **Pain Scale:** 6

## Allergies

 Reviewed Allergies
 NKDA

## Medications

 Reviewed Medications

| | | |
|---|---|---|
| **diclofenac sodium 50 mg tablet,delayed release**<br>Take 1 tablet(s) twice a day by oral route with meals for 21 days. | 10/21/20 | prescribed |
| **meloxicam 7.5 mg tablet**<br>Take 1 tablet(s) every day by oral route with meals for 21 days. | 07/08/20 | prescribed |
| **methocarbamoL 500 mg tablet**<br>Take 1 tablet(s) twice a day by oral route with meals for 21 days. | 08/28/20 | prescribed |
| **Zanaflex 4 mg tablet**<br>Take 1 tablet(s) every day by oral route at bedtime for 21 days. | 08/28/20 | prescribed |

## Vaccines

Reflex Left: normal (2). Sensation on the Right: C5 normal, C6 normal, C7 normal, C8 normal, T1 normal, L1 normal, L2 normal, L3 normal, L4 normal, S1 normal, S2 normal, and **decreased sensation on the lateral leg and dorsum of the foot (L5)** (**intermittent**). Sensation on the Left: C5 normal, C6 normal, C7 normal, C8 normal, T1 normal, L1 normal, L2 normal, L3 normal, L4 normal, L5 normal, S1 normal, and S2 normal. Special Tests on the Left: Tinel's sign negative. Myelopathy Reflexes on the Right: Hoffman's absent and Clonus absent. Myelopathy Reflexes on the Left: Hoffman's absent and Clonus absent. Special Tests on the Right: straight leg raising test negative. Special Tests on the Left: straight leg raising test negative.

**Gait and Station:** Appearance: normal gait, no limp, and ambulating with no assistive devices.

**Lumbar Spine:** Bony Palpation on the Right: **tenderness of the greater trochanter**. Bony Palpation on the Left: no tenderness of the greater trochanter. Soft Tissue Palpation on the Right: **tenderness of the paraspinal muscles** and **the piriformis**. Soft Tissue Palpation on the Left: **tenderness of the paraspinal muscles**. Active Range of Motion: **flexion (80 deg.)**, **extension (10 deg.)** (**with pain**), and **pain with motion**.

**Motor Strength:** L1/L2 Motor Strength on the Right: hip flexion iliopsoas 5/5. L1/L2 Motor Strength on the Left: hip flexion iliopsoas 5/5. L3/L4 Motor Strength on the Right: knee extension quadriceps 5/5. L3/L4 Motor Strength on the Left: knee extension quadriceps 5/5. L4/L5 Motor Strength on the Right: ankle dorsiflexion tibialis anterior 5/5, great toe extension extensor hallucis longus 5/5, and knee flexion hamstring 5/5. L4/L5 Motor Strength on the Left: ankle dorsiflexion tibialis anterior 5/5, great toe extension extensor hallucis longus 5/5, and knee flexion hamstring 5/5. S1 Motor Strength on the Right: plantar flexion gastrocnemius 5/5. S1 Motor Strength on the Left: plantar flexion gastrocnemius 5/5.

**Sacroiliac Joint Diagnostic Provocative Tests:** Sacroiliac Joint on the Right: **Patrick-Fabere test positive** (**equivocal**) and **Fortin finger test positive** (**equivocal**) and Gaenslen's test negative, thigh thrust test negative, and active straight leg raise test negative (**equivocal**). Sacroiliac Joint on the Left: Patrick-Fabere test negative, thigh thrust test negative, active straight leg raise test negative, and Fortin finger test negative.

## Assessment / Plan

Ms. Snearl is doing about the same since seeing us last. She continues with lower back pain that radiates into the posterior right leg. She denies any numbness or tingling in the extremity.
She had the right-sided L5-S1 TF ESI on 10/5/2020 with Dr. B. Johnson which did not give her relief. She denies any improvement with this procedure.
We reviewed the MRI again today and discussed various types of lumbar injections.
We will send her to Dr. B. Johnson for L5-S1 facet injections, possible RFA to help with her symptoms. She is interested in considering additional physical therapy in the future if this does not provide her relief.
She also has facet arthropathy at L4-5 on the MRI and on the physical exam, she has limited findings of SI joint dysfunction which could be producing some of her symptoms.
She will discontinue the Mobic and start Voltaren medication. Patient was instructed on the risks and benefits associated with taking these medications.
She was evaluated by her gynecologist and is awaiting an ultrasound. Her urologist reassured her regarding the kidney cyst.

**1. Prolapsed cervical intervertebral disc**
   M50.20: Other cervical disc displacement, unspecified cervical region

**2. Degeneration of lumbar intervertebral disc**
   M51.36: Other intervertebral disc degeneration, lumbar region

**3. Low back pain**
   M54.5: Low back pain
   • PAIN MANAGEMENT REFERRAL -   Schedule Within: provider's discretion   Note to Provider: Refer to Dr. Johnston for L5-S1 facet injection, possible Rhizotomy.
   • diclofenac sodium 50 mg tablet,delayed release - Take 1 tablet(s) twice a day by oral route with meals for 21 days.   Qty: 42 tablet(s)   Refills: 0   Pharmacy: WALGREENS DRUG STORE #02980

**4. Cervical kyphosis**
   M40.202: Unspecified kyphosis, cervical region

**5. Arthropathy of lumbar facet joint**
   M46.96: Unspecified inflammatory spondylopathy, lumbar region

## Return to Office
 None recorded.

## Encounter Sign-Off
 Encounter signed-off by Jorge Isaza, MD, 10/21/2020.

Encounter performed and documented by CLINT COSTANZA, PA-C
Encounter reviewed & signed by Jorge Isaza, MD on 10/21/2020 at 3:14pm

**Encounter Date: 01/29/2021**

Patient

| | | | |
|---|---|---|---|
| **Name** | RL, MIYOSHI (37yo, F) ID# | **Appt. Date/Time** | 01/29/2021 10:45AM |
| **DOB** | | **Service Dept.** | Spine Specialists of Louisiana |
| **Provider** | JORGE ISAZA, MD | | |
| **Insurance** | Med Primary: BC | | |

Insurance # :
Policy/Group #
Prescription: SURESCRIPTS LLC - This member could not be found in the payer's files. Please
verify coverage and all member demographic information. details

## Chief Complaint

Followup: Degeneration of lumbar intervertebral disc
Followup: Low back pain
Followup: Prolapsed cervical intervertebral disc
Followup: Cervical kyphosis
Followup: Arthropathy of lumbar facet joint

Mrs. Snearl is here for a 3 month follow up.
She has been seeing Dr. B. Johnston since last seen.
She reports that she underwent a L4-5 L5-S1 MBB's on 12/14/2020 and a repeat block on 12/28/2020 which gave
her 80% relief of her lower back pain and the radiating pain down her right leg. She reports that it did not help
with her right knee pain and wonders if this could be associated with something else.
She was supposed to have the RFA on 1/11/2021 but cancelled as she wanted to further discuss with us the
procedure.
She is also asking about being referred to a chiropractor for adjustments as she feels very stiff at times.
She continues experiencing lower back pain and radiating right leg pain.
She describes the lower back pain as a burning sensation. The pain on her right leg is an aching sensation. She
denies any numbness and tingling sensation on her legs.
She has been taking Diclofenac 50mg to help her symptoms but when she is sitting down for a while the pain
flares up. Also, driving or sitting on a couch or on the bed with her legs extended, she feels uncomfortable.
She is working at this time.
On average, she rates her pain level a 6/10.

## Patient's Care Team

**Other:** RACHELLE SANDERS: 10310 THE GROVE BLVD, BATON ROUGE, LA 70836, Ph (225) 761-5200, Fax (225) 761-7222

## Patient's Pharmacies

**WALGREENS DRUG STORE #02980 (ERX): 4747 S SHERWOOD FOREST BLVD, BATON ROUGE, LA 70816,
Ph (225) 292-8975, Fax (225) 292-4746**

## Vitals

None recorded.

## Allergies

Allergies not reviewed (last reviewed 10/21/2020)
NKDA

## Medications

Reviewed Medications

| | | |
|---|---|---|
| **chlorhexidine gluconate 0.12 % mouthwash** | 07/13/20 | filled |
| **diclofenac sodium 50 mg tablet,delayed release**<br>TAKE 1 TABLET BY MOUTH TWICE DAILY WITH MEALS FOR 30 DAYS | 12/22/20 | changed |
| **methocarbamoL 500 mg tablet**<br>Take 1 tablet(s) twice a day by oral route with meals for 21 days. | 08/28/20 | prescribed |
| **Neurontin 100 mg capsule**<br>Take 1 capsule(s) every day by oral route at bedtime for 21 days. | 01/29/21 | prescribed |
| **Polytussin DM 1 mg-5 mg-10 mg/5 mL oral syrup**<br>TK 10 ML PO Q 4 H FOR 3 DAYS | 02/10/20 | filled |

MS-SSLA-000099

SNEARL, Miyoshi █████████ (36 yo F) **Acc No.** ████ **DOS:** 04/22/2020

## Access Health Visit

**Patient:** Snearl, Miyoshi
**Account Number:** ████████
**DOB:** ████████ **Age:** 36 Y **Sex:** Female
**Phone:** ████
**Address:** ████████████████████████

**Provider:** Matthew Chappellie, PA-C

**Date:** 04/22/2020

## Subjective:

### Chief Complaints:
1. AH: chest pain.

### HPI:
Interim History:
Pt here for left sided upper chest pain/soreness. Started yesterday after being involved in MVA 3d ago. Reports pain occurs with deep breathing, coughing, laughing, twisting/turning. No radiation to neck or jaw. No trouble breathing, no dyspnea, no SOB, no orthopnea. Pain is achy/sore. Has only taken 1 ibuprofen/muscle relaxer for this.

### ROS:
General/Constitutional:
Change in appetite denies. Chills denies. Fever denies.
Ophthalmologic:
Blurred vision denies. Discharge denies. Eye Pain denies.
ENT:
Ear pain denies. Nose/Throat problems denies. Sore throat denies.
Endocrine:
Cold intolerance denies. Excessive thirst denies. Heat intolerance denies. Weight loss denies.
Respiratory:
Cough denies. Shortness of breath at rest denies. Shortness of breath with exertion denies.
Wheezing denies.
Cardiovascular:
Chest pain at rest denies. Chest pain with exertion denies. Irregular heartbeat denies. Shortness of breath denies.
Gastrointestinal:
Abdominal pain denies. Diarrhea denies. Nausea denies. Vomiting denies .
Genitourinary:
Blood in urine denies. Difficulty urinating denies. Frequent urination denies.
Musculoskeletal:
Comments **See HPI for details**.
Skin:
Dry skin denies. Itching denies. Rash denies.
Neurologic:
Dizziness denies. Fainting denies. Headache denies.

**Medical History:** Denies any problems.

**Surgical History:** cesarean section 04/2019.

**Hospitalization/Major Diagnostic Procedure:** cesarean section 04/2019.

**Family History:** Father: alive. Mother: alive.

### Social History:
Tobacco Use:
Tobacco Use/Smoking
Are you a *nonsmoker*

---

**Provider: Matthew Chappellie, PA-C**

SNEARL, Miyoshi **DOB:**                    (36 yo F) **Acc No.**            **DOS:** 04/22/2020

**Medications:** Not-Taking Amoxicillin-Pot Clavulanate 875-125 MG Tablet 1 tablet Orally every 12 hrs, Not-Taking Polytussin DM 5-10-1 MG/5ML Syrup 10 ml Orally Q4h, Discontinued Methocarbamol 750 MG Tablet 1 tablet Orally every 8 hours, Discontinued Ibuprofen 800 MG Tablet 1 tablet with food or milk Orally Three times a day

**Allergies:** N.K.D.A.

## Objective:

**Vitals:** Temp **98.5 F**, BP **124/78 mm Hg**, HR **67 /min**, Oxygen sat % 98 %, Wt **192.6 lbs**, RR **18 /min**, Wt-kg 87.36 kg.

**Examination:**
General Examination:
GENERAL APPEARANCE: well developed, well nourished, in no acute distress.
HEAD: normocephalic, atraumatic.
EYES: pupils equal, round, reactive to light and accommodation, sclera non-icteric.
EARS: normal.
ORAL CAVITY: mucosa moist.
THROAT: normal, clear, no erythema, no exudate.
NECK/THYROID: neck supple, full range of motion, no cervical lymphadenopathy.
SKIN: warm and dry, no suspicious lesions.
HEART: regular rate and rhythm, S1, S2 normal, no murmurs.
LUNGS: clear to auscultation bilaterally, good air movement, no wheezes, rales, rhonchi.
CHEST: TTP at anterior 4th/5th L ribs. No pain with AP compression, no pain with lateral compression. No crepitus with palpation. No sternal pain with palpation. Pt reports pain is reproduced with palpation..
MUSCULOSKELETAL: normal, cervical spine normal, full range of motion, no swelling or deformity.
EXTREMITIES: no clubbing, cyanosis, or edema.
NEUROLOGIC: nonfocal, motor strength normal upper and lower extremities, sensory exam intact.

## Assessment:

### Assessment:

1. Other chest pain - R07.89 (Primary)
2. Contusion of rib on left side, initial encounter - S20.212A

## Plan:

### 1. Other chest pain

Imaging: x ray : Chest 2 view (PA and Lat)  Negative

Celestine, Taylor 04/22/2020 10:40:54 AM > Chappellie, Matthew S 04/22/2020 10:49:21 AM > Findings The cardiomediastinal silhouette is within normal limits. The lungs are clear. No infiltrate or consolidation noted. No pleural effusions are seen. No pneumothorax The soft tissue and osseous structures appear unremarkable. No acute fractures IMPRESSION: No infiltrate or other acute findings identified Electronically signed on Apr 22, 2020 10:47:39 AM CDT (ET) by: Andrew Koerber, MD 888-819-0808

### 2. Contusion of rib on left side, initial encounter

Notes: -continue muscle relaxant and ibuprofen
-any worsening, report to ER
-if still persists, follow up with PCP.

**Procedure Codes:** 71046 X-RAY EXAM CHEST 2 VIEWS

**Follow Up:** prn

## Billing Information:

**Visit Code:** 99213 Office Visit, Est Pt., Level 3.
**Procedure Codes:** 71046 X-RAY EXAM CHEST 2 VIEWS.

**Provider: Matthew Chappellie, PA-C**

**Date: 04/22/2020**
MS-PPUC-000612

SNEARL, Miyoshi **DOB:** ████████ (36 yo F) **Acc No.** ██████ **DOS:** 04/22/2020

*[signature]* Chappellie, PA-C

**Electronically signed by Matthew Chappellie , PA-C on 04/22/2020 at 08:51 PM CDT**
**Sign off status: Completed**

**Provider: Matthew Chappellie, PA-C**                                      **Date: 04/22/2020**

MS-PPUC-000013

SNEARL, Miyoshi **DOB:** ▮ (36 yo F) **Acc No.** ▮ **DOS:** 04/20/2020

### Access Health Visit

**Patient:** Snearl, Miyoshi
**Account Number:** ▮
**DOB:** ▮ **Age:** 36 Y **Sex:** Female
**Phone:** ▮
**Address:** ▮

**Provider:** Casey Corner, PA-C

**Date:** 04/20/2020

## Subjective:

### Chief Complaints:
1. AH- accident.

### HPI:
Interim History:

36 y/o female no PMHx presents to clinic with c/o of MVA x 1 day. Patient states being involved in MVA with a 18 wheeler. Patient was driving, wearing a seatbelt with her child as a backseat passenger. Reports airbag deployment and car was totaled. EMS transported her child to OLOL Children's ER. Reports left upper back pain, left posterior neck pain and right shoulder pain. Reports that her body feels sore. Denies head injury, LOC, abdominal pain, headache, blurred vision or other symptoms at this time. Patient is in no acute distress.

### ROS:
General/Constitutional:

Denies Change in appetite. Denies Chills. Denies Fever. Denies Headache.

Ophthalmologic:

Denies Discharge. Denies Eye Pain. Denies Red eye.

ENT:

Denies Difficulty swallowing. Denies Ear pain. Denies Sinus pain. Denies Sore throat.

Endocrine:

Denies Excessive thirst. Denies Weight loss.

Respiratory:

Denies Cough. Denies Shortness of breath. Denies Wheezing.

Cardiovascular:

Denies Chest pain. Denies Heart murmur. Denies Palpitations.

Gastrointestinal:

Denies Abdominal pain. Denies Diarrhea. Denies Nausea. Denies Vomiting.

Genitourinary:

Denies Blood in urine. Denies Difficulty urinating. Denies Painful urination.

Musculoskeletal:

Comments **See HPI for details**. Denies Painful joints. Denies Weakness.

Skin:

Denies Rash. Denies Skin lesion(s).

Neurologic:

Denies Balance difficulty. Denies Difficulty speaking. Denies Dizziness.

**Medical History:** Denies any problems.

**Surgical History:** cesarean section 04/2019.

**Hospitalization/Major Diagnostic Procedure:** cesarean section 04/2019.

**Family History:** Father: alive. Mother: alive.

**Social History:**
Tobacco Use:
Tobacco Use/Smoking
Are you a *nonsmoker*

**Medications:** Not-Taking Amoxicillin-Pot Clavulanate 875-125 MG Tablet 1 tablet Orally every 12 hrs, Not-Taking

**Provider: Casey Corner, PA-C**

SNEARL, Miyoshi **DOB:** ▓▓▓▓▓ (36 yo F) **Acc No.** ▓▓▓▓ **DOS:** 04/20/2020

Polytussin DM 5-10-1 MG/5ML Syrup 10 ml Orally Q4h, Medication List reviewed and reconciled with the patient

**Allergies:** N.K.D.A.

## Objective:

**Vitals:** Temp **98.9 F**, BP **143/84 mm Hg**, HR **82 /min**, Oxygen sat % 98 %, Wt **194.8 lbs**, RR **18 /min**, Wt-kg 88.36 kg.

### Examination:

General Examination:

GENERAL APPEARANCE: well developed, well nourished, non toxic appearing.no acute distress .

HEAD: normocephalic, atraumatic. no lesions or masses noted.

EYES: pupils equal, round, reactive to light and accommodation.

EARS: normal.

ORAL CAVITY: mucosa moist.

THROAT: clear.

NECK/THYROID: neck supple, full range of motion, no cervical lymphadenopathy.

SKIN: normal, no rashes, warm and dry.

HEART: regular rate and rhythm noted. no murmurs clicks or gallops observed, S1, S2 normal.

LUNGS: clear to auscultation bilaterally. Non labored respirations noted with no retractions or use of accessory muscles observed.

ABDOMEN: soft, nontender, nondistended. normoactive bowel sounds heard in all four quadrants, no organomegaly ,no masses palpable. no guarding or rigidity noted.

EXTREMITIES: no clubbing, cyanosis, or edema.

NEUROLOGIC: nonfocal, motor strength normal upper and lower extremities, sensory exam intact.

Cervical Spine/Neck:

C SPINE EXAM: active range of motion within normal limits.

INSPECTION/PALPATION: no palpable mass , no visible deformity , no obvious visible mass.

RANGE OF MOTION OF NECK: limited to stiffness.

STABILITY: normal.

SHOULDER JOINT: normal range of motion.

REFLEXES: 2 plus bilaterally.

SENSATIONS: normal bilaterally.

MOTOR STRENGTH: no abnormal movements are seen in the upper extremities.

VERTEBRAL SPINE TENDERNESS: absent.

PARASPINAL MUSCLE SPASM: absent bilaterally.

TRAPEZIUS TENDERNESS: absent bilaterally.

SKIN: no visible lesions.

Thoracic Spine/Upper Back:

INSPECTION: within normal limits.

VERTEBRAL SPINE TENDERNESS: absent.

KYPHOSIS: absent.

SCOLIOSIS: none.

PALPATION: within normal limits.

RIB TENDERNESS: absent.

PARASPINAL MUSCLE SPASM: absent bilaterally.

RASH/SKIN LESION: none.

RANGE OF MOTION OF SPINES: full range of motion.

STABILITY: within normal limits.

STRENGTH: no scapular winging , within normal limits , normal strength throughout.

SKIN: no ecchymosis , within normal limits , no suspicious skin lesions identified.

LOWER SPINE FINDINGS: absent tenderness.

RHOMBOID MUSCLES: non tender.

SNEARL, Miyoshi **DOB:**　　　　　(36 yo F) **Acc No.**　　　 **DOS:** 04/20/2020

Shoulder / Upper arm:
SHOULDER: left.
INSPECTION: no deformities , no dislocation , no muscle atrophy , no swelling or redness.
PALPATION: no crepitations , no tenderness on subdeltoid bursa and bicipital tendon.
RANGE OF MOTION: full range of motion with mild pain.
STRENGTH: normal in biceps, triceps, deltoids, rotator cuff.
PAINFUL ARC: none.
VASCULAR: no vascular compromise.
LIFTOFF TEST: negative.
SUPRASPINATUS TEST: negative.
DROP ARM TEST: negative.
NEER'S TEST: negative.
HAWKIN'S TEST: negative.
CROSS ARM TEST: negative.

## Assessment:

### Assessment:

1. Motor vehicle accident, initial encounter - V89.2XXA (Primary)
2. Acute pain of left shoulder - M25.512
3. Neck pain on left side - M54.2
4. Upper back pain on left side - M54.9

## Plan:

### 1. Motor vehicle accident, initial encounter
Start Methocarbamol Tablet, 750 MG, 1 tablet, Orally, every 8 hours, 5 days, 15 Tablet, Refills 0 .
Notes: For any bruises or obvious swelling, recommend ice applications for the first 24-48 hours and then heat applications thereafter. For any muscle soreness, heat applications are recommended. Take all prescribed/recommended medications with food as directed. Follow up with PCP as needed if symptoms persist or worsen despite treatment plan.

### 2. Acute pain of left shoulder
Imaging: X ray : Shoulder, left 2 view or more
Corner, Casey A 04/20/2020 02:18:06 PM >Left shoulder History: Pain Findings: The bones and joints are in good anatomical alignment with no evidence of acute fracture or dislocation seen. No soft tissue abnormality is seen. Impression: No acute process Electronically signed on Apr 20, 2020 2:10:26 PM CDT (ET) by: R.S. Sachasinh MD, DABR 888.819.0808

### 3. Neck pain on left side
Start Ibuprofen Tablet, 800 MG, 1 tablet with food or milk, Orally, Three times a day, 10 days, 30 Tablet, Refills 0 .
Imaging: X ray : Spines, cervical 2 or 3 views
Corner, Casey A 04/20/2020 02:18:56 PM >3 views of the cervical spine History: Injury Findings: The vertebral body heights and alignment are well-maintained with no evidence of acute fracture or dislocation seen. The odontoid and lateral masses appear normal. The prevertebral soft tissues appear normal. Impression: No acute process

### 4. Upper back pain on left side
Imaging: X ray : Thoracic spine 2 or more
Corner, Casey A 04/20/2020 02:19:15 PM >Thoracic spine History: Injury Findings: The vertebral body heights and alignment are well-maintained. No fracture is seen. No dislocation is seen. The thoracic spine maintains a normal mild kyphotic curvature. No compression deformities are seen. No soft tissue abnormality is seen. Impression: Thoracic spine within normal limits

### 5. Others
Clinical Notes:
patient agreed to plan and verbalized understanding.

**Provider: Casey Corner, PA-C**

SNEARL, Miyoshi **DOB:** ▮▮▮▮ (36 yo F) **Acc No.** ▮▮▮▮ **DOS:** 04/20/2020

**Procedure Codes:** 72040 X-RAY EXAM OF CERVICAL SPINE (2-6 views), 72074 X-RAY EXAM OF THORACIC SPINE, 73030 X-RAY EXAM OF SHOULDER

## Billing Information:

**Visit Code:** 99215 Office Visit, Est Pt., Level 5.
**Procedure Codes:** 72040 X-RAY EXAM OF CERVICAL SPINE (2-6 views). 72074 X-RAY EXAM OF THORACIC SPINE. 73030 X-RAY EXAM OF SHOULDER.

*Casey Corner*

**Electronically signed by Casey Corner , PA-C on 04/20/2020 at 08:32 PM CDT**
**Sign off status: Completed**

**Provider: Casey Corner, PA-C**                                    **Date: 04/20/2020**

MS-PPUC-000018

**STATEMENT**
**Send Payment of $314.09**

Account #: 
Statement Date: 07/14/20
Patient: MIYOSHI R SNEARL
Previous Balance: $0.00
Account Balance: $314.09

**CREDIT CARD PAYMENT OPTION**

CARD TYPE: ☐ VISA   ☐ MasterCard   Amount:_____

Card Number:_____ Expire:_____ VIN#:_____

Signature:_____

— ADDRESSEE: —

MIYOSHI R SNEARL

— MAKE CHECKS PAYABLE / REMIT TO: —

BLUEBONNET IMAGING CENTER
4241 VETERANS BLVD SUITE 200
METAIRIE LA 70006-5430
PHONE: (888) 273-3445

**PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT**

| DATE | QTY | PROCEDURE | INSURANCE | PATIENT |
|------|-----|-----------|-----------|---------|
| 6/25/2020 | 1.00 | 72148  MRI LUMBAR SPINE W/O CONT | $2,000.00 | |
| | | Diag: M54.5 | | |
| | | Pay Credit | | ($50.00) |
| | | Adj: BCADJ-Blue Cross Adjustment | ($1,635.91) | |
| | | Sub Total: | $364.09 | ($50.00) |
| | | Total: | $364.09 | ($50.00) |

SNEARL_DISC-000238



**Ochsner**
Health System

Miyoshi Snearl

THIS IS NOT A BILL

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The following document contains the itemized services requested for Miyoshi Snearl (Guarantor ▮▮▮▮▮

**Coverage(s) on file:**

| Charges | Insurance Pmts/Adjs | Patient Payments | Patient Adjs | Total Balance |
|---|---|---|---|---|
| 414.00 | -389.00 | 0.00 | 0.00 | 25.00 |

## Follow Up/Office Visit to The Grove - Internal Medicine (Acct #72010445480 for Miyoshi Snearl)

April 30, 2020

| Svc Date | Code | Description | Qty | Amount |
|---|---|---|---|---|
| **Charges** | | | | |
| Charges for visit with **Rachelle M. Sanders, NP** | | | | |
| 04/30/20 | 96372 | Pr Injection,therap/proph/diag2st, Im Or Subcut | 1 | 55.00 |
| 04/30/20 | 99214 | PR OFFICE/OUTPT VISIT,EST,LEVL IV | 1 | 355.00 |
| 04/30/20 | J1885 | Pr Ketorolac Tromethamine Inj Per 15mg (70860-701-41) | 2 | 4.00 |
| | | **Total Charges** | | **414.00** |
| **Insurance Payments and Adjustments** | | | | |
| 05/11/20 | 10226 | CONTRACTUAL WRITE-OFF | 1 | -2.88 |
| 05/11/20 | 10226 | CONTRACTUAL WRITE-OFF | 1 | -214.34 |
| 05/11/20 | 10226 | CONTRACTUAL WRITE-OFF | 1 | -31.46 |
| 05/11/20 | 2000 | INSURANCE PAYMENT | 1 | -140.32 |
| | | **Total Insurance Payments and Adjustments** | | **-389.00** |

**Questions?** Call 800-343-0269 or 504-842-4190,
7:30 AM to 6:00 PM, Monday - Thursday
8:00 AM to 4:30PM, Friday

SNEARL_DISC-000215

| | |
|---|---|
| TARHONDA CHUBE INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, CHELSEA BUCKLEY and GAVIN CAMEL | DOCKET NO.: 662,616   SEC.: 23 |
| | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF EAST BATON ROUGE |
| SHELTER MUTUAL INSURANCE COMPANY and LINDSEY PATTON | STATE OF LOUISIANA |

## JUDGMENT

This matter came before the Honorable Court for a trial by jury with the Honorable William A. Morvant presiding pursuant to regular assignment which began on December 14, 2020 and ended on December 16, 2020.

The following appearances were made:

Benjamin T. Lowe and Christopher W. DeAgano, Counsel for Plaintiffs, Tarhonda Chube Individually and on behalf of her minor children, Chelsea Buckley and Gavin Camel; and

Gregory P. Aycock and Kolby P. Marchand, Counsel for Defendants, Shelter Mutual Insurance Company and Lindsey Patton;

**WHEREUPON**, after hearing the evidence and testimony of the parties and witnesses, and considering the documentary evidence, the jury, being properly constituted, rendered a verdict in favor of Plaintiffs, Tarhonda Chube Individually and on behalf of her minor children, Chelsea Buckley and Gavin Camel, and awarded damages as follows:

**TARHONDA CHUBE:**

| | | |
|---|---|---|
| Physical Pain, Disability, and/or Impairment | | $30,000.00 |
| Mental Anguish/Pain and Suffering | | $20,000.00 |
| Loss of Enjoyment of Life | | $1,000.00 |
| Past Medical Expenses | | $5,207.00 |
| **TOTAL** | **=** | **$56,207.00** |

**CHELSEA BUCKLEY:**

| | | |
|---|---|---|
| Physical Pain, Disability, and/or Impairment | | $2,000.00 |
| Mental Anguish/Pain and Suffering | | $2,000.00 |
| Loss of Enjoyment of Life | | $1,000.00 |
| Past Medical Expenses | | $2,529.00 |
| **TOTAL** | **=** | **$7,529.00** |

EXHIBIT 3

**GAVIN CAMEL:**

| | |
|---|---|
| Physical Pain, Disability, and/or Impairment | $2,000.00 |
| Mental Anguish/Pain and Suffering | $2,000.00 |
| Loss of Enjoyment of Life | $1,000.00 |
| Past Medical Expenses | $2,002.00 |

|  |  |  |
|---|---|---|
| **TOTAL** | **=** | **$7,002.00** |

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, Lindsey Patton, was 50% at fault in causing the motor vehicle crash of November 3, 2016 and that Defendant, Lindsey Patton, was insured by a policy of liability insurance issued by Defendant, Shelter Mutual Insurance Company, on the date of subject crash.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff, Tarhonda Chube, was 50% at fault in causing the motor vehicle crash of November 3, 2016 and accordingly, the damages awarded to each Plaintiff set forth above shall be reduced by 50%, thereby resulting in total damages awarded to Plaintiff, Tarhonda Chube, in the amount of $28,103.50, total damages awarded to Plaintiff, Chelsea Buckley, in the amount of $3,764.50, and total damages awarded to Gavin Camel, in the amount of $3,501.00.

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment herein in favor of Plaintiffs, Tarhonda Chube Individually and on behalf of her minor children, Chelsea Buckley and Gavin Camel, and against Defendants, Shelter Mutual Insurance Company and Lindsey Patton, for the sums enumerated in the above paragraph, together with legal interest thereon from the date of judicial demand until paid and for the full costs of these proceedings, including court costs and expert witness fees, which the Parties have stipulated to be $8,537.58.

Judgment read and signed on the __02__ day of __February__, 2021, in Baton Rouge, Louisiana.

William A. Morvant

Honorable William A. Morvant, 19th JDC

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF
THE WRITTEN REASONS FOR JUDGMENT /
JUDGMENT / ORDER / COMMISSIONER'S
RECOMMENDATION WAS MAILED BY ME WITH
SUFFICIENT POSTAGE AFFIXED.
SEE ATTACHED LETTER FOR LIST OF RECIPIENTS.

DONE AND MAILED ON February 05, 2021

Erin Price

DEPUTY CLERK OF COURT

Page -2-

EAST BATON ROUGE PARISH   C-677239
Filed Dec 10, 2020 3:30 PM     27
Deputy Clerk of Court
FAX Received Dec 08, 2020

JANA FERGUSON

VERSUS

CAPTIAL AREA TRANSPORTATION,
LLC., CALPURNIA DOTSON, ET AL

NUMBER  677239  SECTION 27

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

Filed _____     Deputy Clerk _____

## JUDGMENT

This matter came before this Honorable Court for a Bench Trial on November 19, 2020.

Present:     J. Michael McDonald, *Counsel for Plaintiff*, Jana Ferguson

Creighton Abadie, *Counsel for Defendants*, Capital Area Transit System
("CATS") and Calpurnia Dotson

The trial on the merits proceeded to conclusion after presentation of evidence by all parties.

In consideration of the law, evidence, testimony, arguments of counsel, and for oral reasons

thereafter assigned, this Honorable Court found that Plaintiff, Jana Ferguson, has suffered damages

as a direct result of the January 6, 2018 motor vehicle collision and awarded the following:

a)  Past Medical Expenses          -          $13,068.13

b)  Diminished Value               -          $6,749.00

c)  General Damages                -          $50,000.00

**TOTAL**                          -          **$69,817.13**

**IT IS THERFORE ORDERED, ADJUDGED AND DECREED** that judgment be

entered in favor of Plaintiff, Jana Ferguson, and against Defendants, Capital Area Transit System

and Calpurnia Dotson, in the sum of SIXTY-NINE THOUSAND EIGHT HUNDRED AND

SEVENTEEN AND 13/100 DOLLARS (**$69,817.13**).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants, Capital

Area Transit System and Calpurnia Dotson, shall pay all taxable costs of this proceeding in the

sum of FOUR THOUSAND AND SIXTY-FOUR AND 82/100 DOLLARS (**$4,064.82**).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all amounts awarded

herein shall bear judicial interest from the date of judicial demand, December 12, 2018, until paid.

Thus  done  and  signed  in  chambers  at  Baton  Rouge,  Louisiana,  this  ___December___

___11___, 2020.

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF
THE WRITTEN REASONS FOR JUDGMENT /
JUDGMENT / ORDER / COMMISSIONER'S
RECOMMENDATION WAS MAILED BY ME WITH
SUFFICIENT POSTAGE AFFIXED.
SEE ATTACHED LETTER FOR LIST OF RECIPIENTS.

DONE AND MAILED ON  December 16, 2020

_____
Honorable Trudy M. White
19th Judicial District Court

_Cheree LeBlanc_
DEPUTY CLERK OF COURT

SHARON MILES

VERSUS

CORY CUMMINGS, KENTRAIL
JOHNSON, GEICO COUNTY
MUTUAL INSURANCE COMPANY
and LIBERTY PERSONAL
INSURANCE COMPANY

NUMBER: C-676834  DIV: 25

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

### VERDICT FORM

1.  Do you find Kentrail Johnson to be at fault in causing the accident on December 22, 2017?

    Yes ___X___        No _____

    (Please proceed to Question No. 2)

2.  Do you find Cory Cummings to be at fault in causing the accident on December 22, 2017?

    Yes ___X___        No _____

    - If the answer to Question 1 & 2 is YES, go to Question 3.
    - If the answer to Question 1 & 2 is NO, sign and date the form.
    - If you answer YES to only Question 1 OR 2, and not both, go to Question 4.

3.  What percentage of fault do you assign to:

    Kentrail Johnson     20

    Cory Cummings        80

    TOTAL:               100%    (must equal 100%)

4.  Do you find that Sharon Miles suffered injuries that were caused by the motor vehicle crash that occurred on December 22, 2017?

    Yes ___X___        No _____

    - If the answer to Question 4 is YES, proceed to Question 5.

    - If the answer to Question 4 is NO, sign and date the form.

5.  What amount, if any, in dollars and cents, will fairly compensate Sharon Miles for her injuries:

    A.  Medical expenses – past                       38,610.00

    B.  Physical pain and suffering – past            50,000.00

    C.  Physical pain and suffering –future           5,000.00

    D.  Loss of enjoyment of life – past              30,000.00

    E.  Loss of enjoyment of life – future            5,000.00

Please sign the form and notify the bailiff that you are ready to return to the courtroom.

Baton Rouge, Louisiana, this ___24___ day of ___September___, 2020.



Jury Foreperson

FILED

SEP 24 2020

DEPUTY CLERK OF COURT

**CLERK OF COURT - EAST BATON ROUGE PARISH**

**Judge: FIELDS, WILSON E Session: 9/24/2020**

C-673289
25
09/24/2020

This matter came on for continuation of trial by jury.  Present in court was:  Chandler Loupe, counsel for the plaintiff, Sharon Miles; Floyd Buras and Brett Maurin, counsel for defendants, Kentrail Johnson and GEICO; and Jonathan Mayeux, counsel for defendant, Liberty Personal Insurance Company as UM insurers.  The jury entered the courtroom.  Closing arguments were made by counsel.  The Court charged the jury as to the law applicable to the case.  The alternate was excused.  The jury was retired to deliberate at 11:40 a.m.  At 1:31 p.m.  the jury returned to the courtroom and through its foreperson delivered the following verdict:

Jury Verdict Form

1.  Do you find Kentrail Johnson to be at fault in causing the accident on December 22, 2017?
Yes
     (Please proceed to Question No. 2)

2.  Do you find Cory Cummings to be at fault in causing the accident on December 22, 2017?
Yes
     If the answer to Question 1 & 2 is Yes, go to Question 3.
     If the answer to Question 1 &2 is No, sign and date the form.
     If you answer Yes to only Question 1 OR 2, and not both, go to Question 4.

3.  What percentage of fault do you assign to:
     Kentrail Johnson          20
     Cory Cummings             80
        Total                          100

4.  Do you find that Sharon Miles suffered injuries that were cause by the motor vehicle crash that occurred on December 22, 2017?  Yes
     If the answer to  Question 4 is YES, proceed to Question 5.
     If the answer to Question 4 is NO, sign and date the form.

5.  What amount, if any, in dollars and cents, will fairly compensate Sharon Miles for her injuries:

     A. Medical expenses past                    $38,610.00

     B. Physical pain and suffering- past        $50,000.00

     C.  Physical pain and suffering -future     $5,000.00

     D.  Loss of enjoyment of life - past        $30,000.00

     E.  Loss of enjoyment of life -future       $5,000.00

Signed , ███████ ,
Jury Foreperson
Dated 24th day of September, 2020

Polling of the jury was waived by all counsel.  The  Court thanked and excused the jury from further service.  Court was adjourned at 1:40 p.m.
Kim Ford; 09/24/2020 (1 hour)

**Judge: FIELDS, WILSON E Session: 9/23/2020**

RICKY L. JACKSON                                    SUIT NO. 624,302; SEC. " 24  "

VERSUS                                              19th JUDICIAL DISTRICT COURT

SPENCER FITZGERALD, ALLSTATE            PARISH OF EAST BATON ROUGE
INSURANCE COMPANY, STATE FARM                                 COST OK Amt. ✓
MUTUAL AUTOMOBILE INS. CO. , AND
FOREMOST INSURANCE COMPANY          STATE OF LOUISIANA         MAR 23 2016

                                                              BY _____
                                                                 DY CLERK OF COURT

## PROPOSED JUDGMENT NO. 1

This matter was tried on the merits before a jury, commencing on Monday, February 29, 2016

and ending on Tuesday, March 1, 2016, in East Baton Rouge Parish, with the Honorable Michael

Caldwell presiding.  Present were:

> **William W. Thies**, and **Randall K. Foreman**,
> counsel for Plaintiff, **Ricky Jackson**;

> **John Norwood**,
> counsel for Defendant, **Foremost Insurance Company / Coast National Insurance**.

After hearing testimony, reviewing evidence adduced by way of depositions, stipulations

and exhibits, and the like, and in consideration of the findings of the Jury,

**IT IS ORDERED, ADJUDGED AND DECREED THAT**, there be judgment on behalf

of plaintiff, and against Foremost Insurance Company / Coast National Insurance, awarding:



    a.    Past Medical Expenses in the amount of TWENTY EIGHT THOUSAND and 00/100 ($28,000.00) DOLLARS;

    b.    Future Medical Expenses in the amount of SIXTEEN THOUSAND and 00/100 ($16,000.00) DOLLARS;

    c.    Past Lost Earnings in the amount of TWELVE THOUSAND and 00/100 ($12,000.00) DOLLARS;

    d.    Future Loss of Earnings and Earning Capacity in the amount of ZERO and 00/100 ($ZERO) DOLLARS;

    e.    Physical Pain and Suffering, Past and Future in the amount of EIGHTY SEVEN THOUSAND FIVE HUNDRED and/100 ($87,500.00);

    f.    Mental Pain and Suffering in the amount of TEN THOUSAND and 00/100 ($10,000.00) DOLLARS; and

    g.    Loss of Enjoyment of Life, Past and Future in the amount of FIVE THOUSAND and 00/100 ($5,000.00) DOLLARS,

for a total of ONE HUNDRED FIFTY-EIGHT THOUSAND FIVE HUNDRED DOLLARS and

00/100 ($158,500.00).

**REC'D C.P.**

**MAR 2 4 2016**

IT IS FURTHER ORDERED, that by way of Stipulation of the parties that Foremost / Coast National Insurance is entitled to a credit of $34,294.00 from its total UM/UIM $100,000.00 coverage limits / policy. Given this credit the maximum coverage available to the plaintiff under Foremost's / Coast National Insurance policy is $65,706.00. The judgment itemized above exceeds this coverage.

IT IS FURTHER ORDERED, that Foremost / Coast National Insurance is cast in judgement for $65,706.00 plus all court costs and judicial interest from the date of judicial demand. Foremost / Coastal National Insurance shall pay judicial interest on $124,206.00 which is the gross verdict amount minus a credit for $34,294.00 as the stipulation and right of judicial interest is Louisiana substantive law and is not the subject of any stipulation by the parties.

IT IS FURTHER ORDERED, that judicial interest shall accrue on $124,206.00 from the date service was requested (September 3, 2013) until the judgment is signed, and then following the signing of the judgment, legal interest shall continue to accrue, plus all costs set by this Honorable Court.

IT IS FURTHER ORDERED, that Foremost / Coast National Insurance be cast with $1,500.00 for the trial fees of Dr. Ioppolo's and $750.00 for trial fees for Gary Johnson.

IT IS FURTHER ORDERED, that Foremost / Coast National Insurance be cast with all plaintiff's court / filing costs ~~in the amount of $1,723.58~~, in recoverable medical and employment record request costs of $609.85, and $873.15 in court reporter and videographer fees associated with the video trial testimony of Dr. Ioppolo.

JUDGMENT READ AND RENDERED on the 1st day of March, 2016 and signed

in _Chambers_, on the _28th_ day of _March_, 2016.

_R. Michael Caldwell_
The Honorable Judge Michael Caldwell
19th Judicial District Court

FILED
EAST BATON ROUGE PARISH, LA
2016 MAR 23 PM 1:19
DEPUTY CLERK OF COURT

**Please Notice:**

William W. Thies
Beall & Thies, LLC
351 St. Ferdinand Street
Baton Rouge, LA 70802
225-383-3499 tel.
225-383-3599 fax.

John W. Norwood, IV
Barnett & Roniger
201 St. Charles Ave, Ste 3208
New Orleans, LA 70170
Tel: (504)-566-7920
Fax (504)-566-7930

VERNITA RILEY

VERSUS

SAFECO INSURANCE COMPANY OF
OREGON, ET AL.

NUMBER C646965; SEC. 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## RULING

This matter came up for trial on the 15th day of May, 2018. The Court, after hearing the testimony of plaintiff, Vernita Riley, and closing argument of counsel, took this matter under advisement to consider the exhibits and joint stipulations introduced and entered in the record during trial.

Plaintiff contends that Allstate Property and Casualty Insurance Company, (hereinafter "Allstate"), who issued a policy of uninsured or under-insured motorist coverage to Mrs. Riley, should be held liable for the amount of its policy limits, or $15,000.00 Dollars, based on the damages plaintiff sustained, including an annular fissure at L5/5 which Dr. Anthony Ioppolo opined was a direct result of the vehicle collision on May 1, 2015.

Allstate argues that Plaintiff, who previously settled with defendant, Baylee Mouton, and her insurer, Safeco Insurance Company of Oregon, in the amount of $50,000 dollars, has already been justly and adequately compensated for the damages she sustained, both special and general, and that Allstate is not liable for any damages under its under-insured policy with plaintiff.

## I.      ASSESSMENT OF FAULT

### A)      Ms. Baylee Mouton's Vehicle:

Defendant, Baylee Mouton, testified (per joint stipulation) that the traffic signal at the intersection of Joor at Greenwell Street was yellow as she drove through the intersection heading south toward Greenwell Springs Road. An independent witness, Ms. Deborah Daniels, testified (per joint stipulation) that the traffic signal had already changed to red before Ms. Mouton's vehicle's moved through the intersection. Plaintiff testified that, just prior to her vehicle being hit, she was stopped at a red light at the intersection of Greenwell Street at Joor, that the light changed to green and that she was about to make a right hand turn onto Joor when the accident occurred. She postulated that since she knew her traffic light facing her direction was green that the traffic light signal facing motorists on Joor Road had to have been red when Ms. Mouton's vehicle drove through the intersection.

**B)    Mr. Trevor Kendrick's vehicle:**

It was stipulated at trial that the vehicle being operated by Mr. Kendrick, a 1999 Chevrolet Silverado pickup truck, was situated in the left-hand turning lane of Joor Road waiting to make a left hand turn onto Greenwell Street. This fact is somewhat obscured by the testimony of Ms. Riley who believed that Mr. Kendrick's truck was stopped next to her vehicle on Greenwell Street and was positioned to make a left hand turn onto Joor Road when the light turned green.

**C)    Comparative Fault Analysis:**

From the physical evidence submitted, (Plaintiff exhibit P-2, in globo), it is obvious that something caused Ms. Mouton to steer her vehicle off Joor Road and into the driver's side door of Ms. Riley's vehicle, which was stationary on Greenwell Street. Extrapolating the evidence, the record shows that, more probable than not, Mr. Kendrick and Ms. Mouton each failed to obey their respective traffic signal and that each drove their vehicle through a red light. Considering this fact and understanding the duty owed by a left turning motorist, *Hampton v. Marino*, 725 So.2d 508, 509 (La. App. 1 Cir. 11/6/98), the Court finds that defendant, Mr. Trevor Kendrick, was 25% at fault and that defendant, Baylee Mouton, was 75% at fault in causing the accident.

**2.    QUANTUM**

Mrs. Riley sought and received medical treatment from May 5, 2015 through December 7, 2016. During that time she saw and received medical care from: a) the Barczyk Chiropractic Group; b) Dr. Anthony Ioppolo and c) Dr. Joseph W. Turnipseed. In addition to an MRI being performed on June 17, 2015, Mrs. Riley took prescribed medication and received an epidermal steroid injection in the affected area for pain management. Her annular fissure at L5/5 was a direct result of the accident on May 1, 2015. Mrs. Riley's special damages, per stipulation, combined to equal $17,934.85 dollars.

Mrs. Riley testified that her life changed because of the May 1st accident. While her pain level had subsided to a 2 or 3 on a scale of 10 by the time she was discharged from Dr. Ioppolo, many of the activities she enjoyed doing are either no longer possible or require more time to do. She is no longer able to do heavy cleaning in her home. She is unable to carry large bags of dog food into her home and now has to rely on the use of a dolly. While she used to enjoy growing a garden this pastime activity is no longer possible since she is no longer able to operate a tiller to prepare the ground. Because of her back she now takes everything at a much slower pace and refrains from

taking quick or twisting movements.

Based on the foregoing the Court awards damages as follows:

A)     Past Pain and Suffering ........................................................ $ 63,000.00

B)     Past, Present and Future Loss of Enjoyment of Life ............. $ 20,000.00

C)     Special Damages ................................................................... $ 17,934.85

                             **Total Damages:**       **$100,934.85**

## 3.   ALLOCATION OF DAMAGES

A) Damage award against defendant, Baylee Mouton (75%) ............ $ 75,701.37

B) Damage award against defendant, Trevor Kendrick (25%) .......... $ 25,337.12

C) Credit given to defendant, Allstate ...... (75% of $50,000.00) ...... $ 37,500.00

### DECREE

For all these reasons and considerations, the Court finds in favor of plaintiff, Vernita Riley, and against defendant, Allstate Property and Casualty Insurance Company, in the sum of $15,000.00 dollars, or policy limits, together with all cost of court and legal interest thereon from date of judicial demand until paid.  Judgment to be signed accordingly.

**THIS DONE AND SIGNED** this _2 9_ day of May, 2018.

 

**Richard "Chip" Moore, III, Judge**
19th Judicial District Court
Parish of East Baton Rouge
State of Louisiana

**MIYOSHI SNEARL**                    SUIT NO.: C-702687  DIV.: " 23 "

**Versus**                           19TH JUDICIAL DISTRICT COURT

                                     PARISH OF EAST BATON ROUGE

**CRETE CARRIER CORPORATION, ET AL.**

                                     STATE OF LOUISIANA


## PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS


NOW INTO COURT, through undersigned counsel, comes plaintiff, Miyoshi Snearl,

who in response to defendant, Crete Carrier Corporation, Request for Admissions,

avers as follows:


### REQUEST FOR ADMISSIONS NO. 1:

Admit or Deny that you are seeking more than 75,000.00 in damages, exclusive of
interest and cost.

#### RESPONSE TO REQUEST FOR ADMISSIONS NO. 1.

Plaintiff objects to the subject Request for Admission of Fact, insofar the topic addressed is not a
factual thing subject of being admitted or denied. The value of Plaintiff's claim is an uncertainty and is
not established factually until such time as a judge or jury renders judgment, or the parties reach an
amicable settlement which specifically designates a value of the claim.

### REQUEST FOR ADMISSIONS NO. 2:

Admit or Deny that the amount in controversy in this action does not exceed 75,000.00
exclusive of interest and costs.

#### RESPONSE TO REQUEST FOR ADMISSIONS NO. 2.

Plaintiff objects to the subject Request for Admission of Fact, insofar the topic addressed is not a
factual thing subject of being admitted or denied. The value of Plaintiff's claim is an uncertainty and is
not established factually until such time as a judge or jury renders judgment, or the parties reach an
amicable settlement which specifically designates a value of the claim.

### REQUEST FOR ADMISSIONS NO. 3:

Admit or Deny you will not seek damages or execute on any judgement that may
ultimately rendered in your favor against any defendant in this matter in excess of 75,000.00

#### RESPONSE TO REQUEST FOR ADMISSIONS NO. 3.

Plaintiff objects to the subject Request for Admission of Fact, insofar the topic addressed is not a
factual thing subject of being admitted or denied. The value of Plaintiff's claim is an uncertainty and is
not established factually until such time as a judge or jury renders judgment, or the parties reach an
amicable settlement which specifically designates a value of the claim.

# EXHIBIT 4

**REQUEST FOR ADMISSIONS NO. 4:**

Admit or Deny that Plaintiff hereby renounces any judgment in excess of 75,000.00 exclusive of interest and costs, which may ultimately be rendered in Plaintiff's favor in connection with this litigation.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4.**

Plaintiff objects to the subject Request for Admission of Fact, as it is speculative and not based on a factual thing/ subject of being admitted or denied. At the time of this response no judgement has been rendered and therefore to answer such request would be pure speculation.

**REQUEST FOR ADMISSION NO. 5**

Admit or deny that as of the day of your response to these Requests for Admission, you have incurred more than 50,000.00 in medical expenses due to treatment you relate to the subject accident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Plaintiff denies that at the time of this response that she has incurred more than 50,000.00 in special/medical

**REQUEST FOR ADMISSION NO. 6**

Admit or deny that as of the date of your response these requests for Admission, you reside and are domiciled in the State of Louisiana.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Plaintiff admits that at the time of this response that she resides and is domiciled in the State of Louisiana.

Respectfully Submitted:

BEALL & THIES, LLC
351 St. Ferdinand Street
Baton Rouge, LA 70802
Tel: (225) 383-3499
Fax: (225) 383-3599

Jacob H. Thomas LA Bar Roll 36,700

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been mailed to all known counsel of record.
Baton Rouge, Louisiana, this 28th day of January, 2021.

Jacob H. Thomas

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

CASE NO.: C-702687

DIVISION: 23

**MYOSHI SNEARL**

**VERSUS**

**CRETE CARRIER CORPORATION, ET AL**

FILED: _____     _____

DEPUTY CLERK

## NOTICE OF REMOVAL TO STATE COURT CLERK

TO:   THE HONORABLE CLERK OF COURT
      PARISH OF EAST BATON ROUGE
      19TH JUDICIAL DISTRICT
      300 NORTH BLVD.
      BATON ROUGE, LA 70801

You are hereby notified that on the 7th day of May, 2021, a Notice of Removal was filed in the United States District Court for the Middle District of Louisiana in the above-captioned proceeding, a copy of which is attached hereto.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

MATTHEW W. BAILEY (#21459)
SHANNON M. KIPPERS (#37738)
HILLARY A. BROUILLETTE (#38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
skippers@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Crete Carrier Corporation
and Hartford Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal to State Court Clerk has been served upon counsel for all parties to this proceeding by e-mail, this 7th day of May, 2021.

Shannon M. Kippers

# EXHIBIT 5

EAST BATON ROUGE PARISH   C-702687
Filed May 11, 2021 2:17 PM
23
Deputy Clerk of Court

MIYOSHI SNEARL

Versus

CRETE CARRIER CORPORATIONS,
et al

NO: C702687 ; SEC: "23"

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

      **BEFORE ME,** the undersigned authority, personally came and appeared:

### AMANDA LOUQUE

who, after being duly sworn, said that on the May 7. 2021, She FedEx a certified copy of the

Citation, Petition for Damages, filed in this action, in accordance with the provisions of LSA-

R.S. 13:3201 et seq., to the defendant, ERIC SPADAFORD, via FEDEX, direct signature

required, properly addressed and postage prepaid.  On or about April 23, 2021, the pleadings

were delivered and received by defendant as evidenced by the attached return receipt. Said return

receipt was erroneously, date stamped and signed on May 1, 2021.

                                       **AMANDA LOUQUE**

**SWORN TO AND SUBSCRIBED BEFORE ME,** this 27th day of April 2021.

                    NOTARY PUBLIC

JACOB H. THOMAS, NOTARY PUBLIC
STATE OF LOUISIANA
MY COMMISSION IS FOR LIFE
LA BAR ROLL #36700

          Printed Name & Number of Notary

**Certified True and Correct Copy**
CertID: 2021121400530
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:07 AM



TRACK ANOTHER SHIPMENT

773533166783

ADD NICKNAME

# Delivered

## Saturday, May 1, 2021 at 11:13 am



**DELIVERED**

Signed for by: EERIC



**GET STATUS UPDATES**

**OBTAIN PROOF OF DELIVERY**

Direct signature required ⑦

**FROM**
Beall & Thies, LLC

351 St. Ferdinand Ste A
Baton Rouge, LA US 70802
225-383-3499

**TO**
Eric Spadaford
Eric Spadaford

11809 SW 99th Lane
Miami, FL US 33186
225-383-3499

## Travel History

**TIME ZONE**
Local Scan Time

Saturday, May 1, 2021

| Time | Location | Status |
|------|----------|--------|
| 11:13 AM | Miami, FL | Delivered |
| 8:07 AM | HOMESTEAD, FL | On FedEx vehicle for delivery |
| 7:06 AM | HOMESTEAD, FL | At local FedEx facility |



**Certified True and Correct Copy**
CertID: 2021121400533
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:08 AM

Russell W. Beall
rbeall@beallthies.com

William W. Thies
billyt@beallthies.com

G. Aaron Humphreys
aaronh@beallthies.com

Jacob H. Thomas
jaket@beallthies.com

Britney R. Duke
bduke@beallthies.com

# BEALL & THIES, LLC
## Attorneys at Law

Thomas A. McCormick; Of Counsel
mccormicklawfirm@gmail.com

George G. Caballero; Of Counsel
george@caballerolaw.net

Jewel E. Welch, III; Of Counsel
traew@beallthies.com

Jackie Hamilton, Paralegal
jallen@beallthies.com

Cheri Olinde, Legal Assistant
cherib@beallthies.com

Amanda Louque, Legal Assistant
amandaL@beallthies.com

EAST BATON ROUGE PARISH  C-702687
Filed Apr 20, 2021 10:20 AM    23
Deputy Clerk of Court

April 15, 2021

Clerk of Court - 19th JDC
P.O. Box 1991
Baton Rouge, LA 70821

RE:    Miyoshi Snearl vs. Crete Carrier Corporation
Docket No.: 702687; Section No.: 23
19th JDC, East Baton Rouge Parish, State of Louisiana

Please be advised that the defendant, Eric Spadafora was not served with the enclosed Petition for Damages.  Please serve the petition to Mr. Spadafora via Long Arm at the following address:

Eric Spadafora
11809 SW 99th Lane
Miami, FL 33186

My check in the amount of $90.00 is enclosed for your services.

Thank you.

Best,

Jacob H. Thomas
BEALL & THIES, LLC

Enclosure

---

351 St. Ferdinand Street, Suite A • Baton Rouge, Louisiana 70802
Phone: 225.383.3499 • Fax: 225.383.3599
www.beallthies.com


**Certified True and
Correct Copy**
CertID: 2021121400519
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:03 AM

EAST BATON ROUGE PARISH   C-702687
Filed Dec 15, 2020 2:24 PM   23
Deputy Clerk of Court

**MYOSHI SNEARL**

CASE NO:         DIV:

**VERSUS**

19TH  JUDICIAL DISTRICT COURT

**CRETE CARRIER CORPORATION,
ERIC J. SPADAFORA, HARTFORD
INSURANCE COMPANY,
PROGRESSIVE PALOVERDE
INSURANCE COMPANY**

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

---

<u>**PETITION FOR DAMAGES**</u>

---

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Myoshi Snearl,

being of the full age of majority, and a resident of and domiciled in the PARISH OF EAST

BATON ROUGE, STATE OF LOUISIANA, who respectfully represents that:

1.

Made Defendants herein are:

a. CRETE CARRIER CORPORATION., sometimes herein referred to as "CRETE",
   who upon information and reasonable belief to be a foreign corporation authorized to
   do and doing business in the State of Louisiana.

b. ERIC J. SPADAFORA upon information and reasonable belief to be a man of the full
   age of majority residing in the state of Florida.

c. HARTFORD INSURANCE COMAPNY, upon information and reasonable belief to
   be a foreign corporation authorized to do and doing business in the State of
   Louisiana.

d. PROGRESSIVE PALOVERDE INSURANCE COMPANY, herein referred to
   sometimes as "Progressive" upon information and reasonable belief to be a foreign
   corporation authorized to do and doing business in the State of Louisiana.

2.

Venue is proper in the parish of EAST BATON ROUGE pursuant to Louisiana Code of Civil

Procedure article 42 as one of the defendants is a foreign insurer; venue is also proper according

to Louisiana Code of Civil Procedure Article 74, as the motor vehicle collision occurred within

East Baton Rouge Parish.

3.

Defendants, **CRETE CARRIER CORPORATION, ERIC J. SPADAFORA,**

**HARTFORD INSURANCE COMPANY, and PROGRESSIVE.** are justly and truly indebted,

**Certified True and
Correct Copy**
CertID: 2021121400538
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:10 AM

individually and in solido, to Plaintiff in an amount that is just and reasonable, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

4.

On or about April 20, 2020, Plaintiff, Myoshi Snearl, was traveling east in the far-right lane on Louisiana Interstate 10, it bears further noting that Plaintiff was observing all applicable traffic/speed laws at the time of this occurrence.

5.

At the same time & place Eric J. Spadafora was operating a Crete truck as part of his employment and was also simultaneously heading East on Interstate 10 Road and was occupying the left lane of the road.

6.

As the vehicles continued down Interstate 10 in an easterly direction, Mr. Spadafora illegally & without warning steered/veered the large diesel truck into the right lane of traffic, which Plaintiff was lawfully occupying. Defendant Spadafora's shifting into the right lane while it was occupied, caused a collision with Plaintiff. It bears noting that Plaintiff maintained the right of way in her lane.

7.

Due to the above-described collision, Ms. Snearl suffered harms and losses; thus Plaintiff claims all just and reasonable damages, historically referred to as special and general damages, which will be proven at the trial of this matter, including but not limited to:

a. Past medical expenses;
b. Lost Wages
c. Future medical expenses;
d. Future loss of earning capacity;
e. Pain and suffering;
f. Loss of enjoyment of life.

8.

The above-described collision and all of Ms. Snearl's resulting damages were proximately caused by the fault and negligent acts and omissions of Eric J. Spadafora, including but not limited to:

**Certified True and Correct Copy**
CertID: 2021121400538
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:10 AM

a.  Breach of a legally imposed duty of reasonable care;

b.  Failure to maintain control of his vehicle;

c.  Operating his vehicle in a careless or inattentive manner;

d.  Failing to adhere to the center line of the interstate dividing the lanes.

e.  Failure to see what should have been seen;

f.  Failing to yield to Plaintiff who maintained the right of way and occupied the lane lawfully

g.  Negligently shifting lanes in his vehicle without ensuring that the lane was not occupied.

h.  Violation of statutes enacted in Title 32 of the Louisiana Revised Statutes; and

i.  Other negligent acts and omissions to be proved at trial.

9.

The above-described collision and all of Ms. Snearl's resulting damages were also proximately caused by the fault and negligent acts and omissions of Crete Carrier Services, including but not limited to:

A.  Failure to maintain and/or operate under a system of rules, regulations, policies, and/or guidelines, of which are designed to prevent harm to the general public due to its drivers operating vehicles on public roadways,

B.  Failure to properly supervise & manage their employees tasked with driving vehicles on public roadways.

C.  Failure to properly train their employees/drivers tasked with driving vehicles on public roadways

D.  Other negligent acts and omissions to be proved at trial.

10.

At the time of the above-described collision, Defendant, HARTFORD INSURANCE COMPANY, had in effect a policy of automobile liability insurance providing coverage to Defendants Crete Carrier Services & Eric Spadafora, for the liability asserted herein, and as such, HARTFORD INSURANCE COMPANY is liable in

**Certified True and Correct Copy**
CertID: 2021121400538
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:10 AM

solido with its insured for all amounts due to Plaintiff pursuant to Louisiana Revised Statute 22:1269.

## 11.

At the time of the above-described collision, Defendant, Progressive, had in effect a policy of uninsured and/or underinsured motorist liability insurance providing coverage to Plaintiff in the event of injury due to the fault of an uninsured and/or underinsured motorist, and, as such, Progressive is liable to Plaintiff for all damages for which there exists insufficient insurance to adequately compensate Plaintiff. Defendant Progressive has breached their duty instituted by their contract with Plaintiff.

## 12.

Plaintiff, Myoshi Snearl, claims all just and reasonable special & general damages allowed by Louisiana law which will be proven at the trial of this matter.

## 13.

Plaintiff respectfully requests written notice to counsel ten (10) days in advance of the date fixed for trial or hearing on any exception, motion, rule, or trial on the merits in this proceeding pursuant to Louisiana Code of Civil procedure Article 1572. Plaintiff further requests, pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, immediate notice to counsel of all interlocutory and final orders and judgments on any exception, motion, rule, or trial on the merits in this proceeding.

WHEREFORE, Plaintiff prays that Defendants, CRETE CARRIER CORPORATION, ERIC J. SPADAFORA, HARTFORD INSURANCE COMPANY and PROGRESSIVE PALOVERDE INSURANCE COMPANY, be duly cited and served with this Petition for Damages, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiff and against Defendants, individually and in solido, for all such damages as are reasonable, with legal interest thereon from date of judicial

**Certified True and Correct Copy**
CertID: 2021121400538
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:10 AM

demand until paid, for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

**BEALL & THIES, LLC**
Attorneys at Law
351 St. Ferdinand Street; Ste. A
Baton Rouge, Louisiana 70802
Tel:  225.383.3499
Fax: 225.383.3599

Russell W. Beall, Bar Roll No. 27374
William W. Thies, Bar Roll No. 27890
Jacob H. Thomas, Bar Roll No. 36700
G. Aaron Humphreys, Bar Roll No. 36876
Britney R. Duke, Bar Roll No. 38200

Eric Spadafora
11809 SW 99th Lane
Miami, FL, 33186
**PLEASE SERVE:**

Hartford Insurance Company
*Through its agent for service of process:*
The Louisiana Secretary of State
State Archives Building
3851 Essen Lane
Baton Rouge, LA 70809

Crete Carrier Corporation
through their Agent for Service of Process
National Registered Agents
3867 Plaza Tower Drive
BATON ROUGE, LA, 70816

**Certified True and Correct Copy**
CertID: 2021121400538
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:10 AM

**RETURN COPY**



**D6588404**

## CITATION

**MYOSHI SNEARL**
(Plaintiff)

**VS**

**CRETE CARRIER CORPORATION**
(Defendant)

**NUMBER C-702687   SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **PROGRESSIVE PALOVERDE INSURANCE COMPANY**
        **LOUISIANA SECRETARY OF STATE**


GREETINGS:

       Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.
       You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
       This citation was issued by the Clerk of Court for East Baton Rouge Parish on **MAY 12, 2021.**

*Magan Harris*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: BEALL, RUSSELL W**
                    **(225) 383-3499**

*The following documents are attached:
**LETTER REQUESTING SERVICE; EXHIBIT; PETITION FOR DAMAGES**

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

MAY 17 2021

I made service on the named party through the
office of the Secretary of State
tendering a copy of this document to
☐ TAMMY GLOVER   ☐ MEGHAN SHANKS
☒ JULIE NESBITT
*E. Cummins*
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

**Certified True and Correct Copy**
CertID: 2021121400539
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:10 AM

EAST BATON ROUGE PARISH
C-702687
Filed May 27, 2021 3:07 PM
Deputy Clerk of Court
Russell W. Beall
FAX Received May 26, 2021

# BEALL & THIES, LLC
## Attorneys at Law

William W. Thies
billyt@beallthies.com

G. Aaron Humphreys
aaronh@beallthies.com

Jacob H. Thomas
jaket@beallthies.com

Britney R. Duke
bduke@beallthies.com

Thomas A. McCormick; Of Counsel
mccormicklawfirm@gmail.com

George G. Caballero; Of Counsel
george@caballerolaw.net

Jewel E. Welch, III; Of Counsel
traew@beallthies.com

Jackie Hamilton, Paralegal
jallen@beallthies.com

Cheri Olinde, Legal Assistant
cherih@beallthies.com

Amanda Louque, Legal Assistant
amandaL@beallthies.com

May 26, 2021

*VIA FAX: 225-389-3392*

Clerk of Court - 19th JDC
P.O. Box 1991
Baton Rouge, LA 70821

RE:  Miyoshi Snearl vs. Crete Carrier Corporation
Docket No.: 702687; Section No.: 23
19th JDC, East Baton Rouge Parish, State of Louisiana

Dear Sir/Madam:

Enclosed is an Exhibit 1 which should be filed with the Petition for Authority to Settle Minor's Claim which was filed on May 14, 2021, we ask you to accept via facsimile, and file into the record of the captioned matter today. Once we receive fax confirmation from you of this filing and cost thereof, we will forward the original document for your record, along with our check in payment of your filing fee.

Should you have any questions, please feel free to contact me directly.

Best,

Jacob H. Thomas
**BEALL & THIES, LLC**

Enclosure

351 St. Ferdinand Street, Suite A • Baton Rouge, Louisiana 70802
Phone: 225.383.3499 • Fax: 225.383.3599
www.beallthies.com



**Certified True and Correct Copy**
CertID: 2021121400564
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:13 AM



# Doug Welborn

### Clerk of Court
### 19th Judicial District
### Parish of East Baton Rouge

P.O. Box 1991

Baton Rouge, La 70821-1991

Telephone: (225) 389-3982

Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM: SUIT ACCOUNTING DEPARTMENT**

**Date: MAY 26, 2021**

**FAX NUMBER: (225) 389-3392**

**Suit No.: C-702687**

**To: RUSSELL W BEALL**

**Section: 23**

**MYOSHI SNEARL VS CRETE CARRIER CORPORATION**

**Total Amount Due (includes all applicable fees below) $30.00**

901-COVER LETTER                                                    1 PAGE
5011-EXHIBIT-CV                                                     2 PAGES

The Clerk's office received the above mentioned documents by facsimile transmission dated 5/26/2021, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Hope Michelli*

***Deputy Clerk of Court for***
***Doug Welborn, Clerk of Court***

Suit Accounting Dept. Form #6 Rev. 08/26/14

**Certified True and Correct Copy**
CertID: 2021121400564
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:13 AM

EAST BATON ROUGE PARISH
C-702687
Filed May 27, 2021 3:07 PM
Deputy Clerk of Court
FAX Received May 26, 2021

Case 3:21-cv-00709-SDD-SDJ    Document 1-2    12/15/21    Page 139 of 150

10/01/2020    Progressive Ck# 2033873825 (MedPay) $    500.00
Xx/xx/xxxx Crete Carriers Ck# xxxxxxxxx    (Liability) $ 38,500.00



### BEALL & THIES, LLC – Attorneys at Law
### DISBURSEMENT FORM for BLAISE DOUGLAS
*Minor child of Miyoshi Snearl*
### MVC on April 20, 2020

---

### *LIABILITY SETTLEMENT ONLY*

---

**TOTAL RECOVERY**.................................................................... $ **38,500.00**

**LESS:**

    __1/3__   **ATTORNEY FEES**................................ $  12,833.33
    Plus Previously Deferred Fee for MedPay.. $    166.67
        **Total attorney fees:**    **$  13,000.00***

    **\*Attorney fees to be divided:**
      2/3 Beall & Thies, LLC........ $ 8,666.67
      1/3 Trae Welch...................... $ 4,333.33

**UNPAID MEDICAL BILLS AND OTHER EXPENSES**.. $_____1,635.51_
    BCBS.............................................. $  449.35
       *02.16.2021 - L in file*
       *Contract # 202235207*
    Miyoshi Snearl (expenses)............... $ 1,186.16

**LIENS/SUBROGATIONS**...................................... $_____990.40_
    EMS............................................. $  990.40
    Progressive....................................... $  0.00
       *$ 500.00 - MedPay reimbursement*
       *Claim# 20-2583211*
       *05.25.2021 - Per Email, MedPay Waived*

### MONIES ADVANCED BY BEALL & THIES, LLC.........$ 374.09

| AmEx<br>August 17, 2020 | ChartSwap - EMS records | $ 46.00 |
|---|---|---|
| Ck# 13389<br>September 4, 2020 | Ciox - OLOL Childrens Hosp | $ 69.27 |
| AmEx<br>October 29, 2020 | Ciox - Children's Hosp of NOLA | $ 58.82 |
| Ck# 13724<br>February 19, 2021 | FMA Alliance, Ltd. -<br>Acct#5000000098523<br>for OLOL Children's Hosp | $ 200.00 |
| Postage | waived | $ 0.00 |
| | | 374.09 |

**TOTAL EXPENSES**............................................................... $ **16,000.00**

**NET TO CLIENT (to be funded by separate check to Sage Settlements)** ...... $ **22,500.00**

RECEIPT IS HEREBY ACKNOWLEDGED IN THE SUM OF $ **22,500.00**  AS THE FINAL AMOUNT DUE ME IN SETTLEMENT OF THIS CLAIM. I PARTICULARLY ACKNOWLEDGE AND UNDERSTAND THAT MY INSURANCE COMPANY MAY SUBROGATE FOR THE REPAYMENT OF MEDICALS THEY MAY HAVE PAID. I UNDERSTAND THAT THE LAW PROVIDES FOR SUCH. I ALSO UNDERSTAND AND ACKNOWLEDGE THAT THERE MAY BE OUTSTANDING MEDICAL BILLS, OTHER THAN THOSE LISTED ABOVE, FOR WHICH I AM RESPONSIBLE. I ACCEPT THIS SETTLEMENT AND IF ANY AMOUNT HAS TO BE PAID OR REPAID, I ACCEPT FULL RESPONSIBILITY FOR ANY SUMS DUE. BEALL & THIES, LLC MAKES NO REPRESENTATION RELATIVE TO THE TAX IMPLICATIONS OF THIS SETTLEMENT AND ADVISE THAT YOU SHOULD CONTACT A CPA OR TAX ATTORNEY IF YOU HAVE ANY QUESTIONS. I HEREBY HOLD BEALL & THIES, LLC HARMLESS FROM ANY OBLIGATION THEREFORE.

I HAVE BEEN ADVISED THAT SOME OF THE HEALTHCARE PROVIDERS AND/OR MY HEALTHCARE INSURER MAY NOT HAVE TAKEN ACTION WHICH WOULD REQUIRE DIRECT PAYMENT FROM MY ATTORNEY. I REALIZE THIS MEANS THAT I MAY STILL OWE THESE CHARGES, REGARDLESS OF WHETHER MY ATTORNEY IS REQUIRED TO MAKE DIRECT PAYMENT.



**Certified True and Correct Copy**
CertID: 2021121400550
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).



**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:12 AM

10/01/2020     Progressive Ck# 2033873825 (MedPay) $     500.00
Xx/xx/xxxx Crete Carriers Ck# xxxxxxxxx     (Liability) $ 38,500.00

## BEALL & THIES, LLC - Attorneys at Law
## DISBURSEMENT FORM for BLAISE DOUGLAS
*Minor child of Miyoshi Snearl*
### MVC on April 20, 2020

I HAVE BEEN ADVISED BY MY ATTORNEY THAT I HAVE RECEIVED FUNDS ON BEHALF OF MY MINOR CHILD (WHO IS NAMED ABOVE) SECONDARY TO AN INJURY HE OR SHE RECEIVED. I HAVE BEEN ADVISED THAT I AM THE NATURAL TUTOR OF MY CHILD, AND AS SUCH LOUISIANA LAW CHARGES ME WITH THE SAFE KEEPING AND ACCOUNTABILITY OF THE MINORS' PROPERTY. I HAVE BEEN ADVISED THAT THESE FUNDS ARE THE PROPERTY OF MY MINOR CHILD, AND THAT I AM IN CHARGE AND THE CUSTODIAN OF THIS PROPERTY. I HAVE BEEN ADVISED THAT THIS IS NOT MY MONEY. I HAVE BEEN ADVISED THAT IT IS IN THE BEST INTEREST OF MY MINOR CHILD AND THAT LOUISIANA LAW REQUIRES THAT THESE FUNDS BE DEPOSITED INTO A FEDERALLY INSURED BANK, IN MY CHILD'S NAME AND ONLY BE WITHDRAWN FOR THE NEEDS OF THE MINOR. I HAVE BEEN ADVISED THAT I MAY USE THE FUNDS FOR THE BENEFIT OF MY MINOR CHILD WITHOUT ASKING FOR COURT AUTHORITY. EXAMPLES OF EXPENSES WHICH WOULD BE BENEFICIAL TO MY CHILD WOULD BE MEDICAL EXPENSES, EDUCATIONAL EXPENSES, AND ANY OTHER EXPENSES REASONABLY RELATED TO BENEFICIAL NEEDS OF THE MINOR. I HAVE BEEN ADVISED TO KEEP RECORDS OF ANY AND ALL EXPENSES INCURRED ON HIS OR HER BEHALF, THAT I MAY SHOW THE COURT SHOULD MY POSITION AS TUTOR EVER BE CHALLENGED.

MY ATTORNEY HAS OFFERED TO CONTACT ANY HEALTHCARE INSURER AND/OR HEALTHCARE PROVIDER AND NEGOTIATE PAYMENT OF ANY CHARGES I MAY OWE.

I HAVE INSTRUCTED HIM NOT TO DO SO. _____ (    INITIALS  )


RECEIVED AND ACCEPTED:_____

CLIENT

_____

DATE

**Certified True and Correct Copy**
CertID: 2021121400550
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:12 AM

MIYOSHI SNEARL

VERSUS

CRETE CARRIER CORPORATION, ET AL

CASE NO: 702687   DIV: 23

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## JOINT MOTION TO STRIKE

NOW INTO COURT, through undersigned counsel, comes plaintiff, Miyoshi Snearl and defendants Crete Carrier Corporation, who move this Honorable Court for an order striking an inadvertently filed Exhibit (filed May 27, 2021) from the trial and record of this matter on the grounds that this exhibit was filed inadvertently into the wrong docket number and for the reasons that follow:

1.

The above-referenced matter is a wholly separate matter that does not involve the recently filed exhibit counsel now humbly requests to be struck from the record.

2.

This document/exhibit was filed into the incorrect docket number by Plaintiff counsel's staff via hand delivery on May 27, 2021

3.

Defense counsels as well as the clerk of court were promptly alerted of the inadvertent filing on May 28, 2021 by telephone and defense counsel voiced no opposition to this filing, thus the joint motion.

4.

WHEREFORE, Plaintiff and Defendants pray that, this Honorable Court issue an order striking Plaintiff's inadvertently filed Exhibit from the record and trial of this matter.

Respectfully submitted,

BEALL & THIES, LLC
Attorneys at Law
351 St. Ferdinand Street; Ste. A
Baton Rouge, Louisiana 70802
Tel: 225.383.3499
Fax: 225.783.3499

Jacob H. Thomas LA Bar Roll 36,700

Irwin, Fritchie, Urquhart, and Moore
450 Laurel Street, Suite 1150
Baton Rouge, LA, 70801
Tel: 225-615-7150
Fax 2256157179

Shannon Kippers LA Bar Roll 37738

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties herein by mail, hand delivery, or by electronic means, this ___ day of ___ 20 21.

Jacob H. Thomas

**Certified True and Correct Copy**
CertID: 2021121400583
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:15 AM

MIYOSHI SNEARL

VERSUS

CRETE CARRIER CORPORATION, ET
AL

CASE NO:702687    DIV: 23

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## ORDER

Considering the foregoing:

**IT IS ORDERED** that Plaintiff's inadvertently filed Exhibit dated May 27, 2021 be struck from the record and trial of this matter.

**ORDER RENDERED AND SIGNED** this __01__ day of _____June_____, 2021.


_____
HONORABLE WILLIAM MORVANT
19th JUDICIAL DISTRICT COURT JUDGE


Please Serve:

Crete Carrier Corporation and Hartford Insurance Company
Through their attorneys of record
Matthew Bailey and Shannon Kippers
Irwin Fritchie, Urquhuart & Moore
450 Laurel Street, Suite 1150
Baton Rouge, LA, 70801

Please Notice:

Jake H. Thomas
Beall & Thies, LLC.
351 St. Ferdinand Street
Baton Rouge, LA, 70802

**Certified True and
Correct Copy**
CertID: 2021121400583
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:15 AM

**RETURN COPY**



**D6748743**

## NOTICE OF FILING

**MYOSHI SNEARL**
(Plaintiff)

**VS**

**CRETE CARRIER CORPORATION**
(Defendant)

**NUMBER C-702687 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:**

Crete Carrier Corporation and Hartford Insurance Company
Through their attorneys of record
Matthew Bailey and Shannon Kippers
Irwin Fritchie, Urquhuart & Moore
450 Laurel Street, Suite 1150
Baton Rouge, LA, 70801

GREETINGS:

You are hereby notified that a **JOINT MOTION TO STRIKE; ORDER** was filed in our court.

Certified copy(s) is (are) attached hereto, as requested by **KIPPERS, SHANNON M.**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **JUNE 4, 2021.**

*Patricia Richard*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _8_ day of _JUNE_, 20_21_ and on the _8_ day of _JUNE_, 20_21_, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _450 Laurel St    Suite 1150_.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _8_ day of _JUNE_, 20_21_.

_#2712_

Deputy Sheriff

SERVICE:     $_____
MILEAGE     $_____
TOTAL:        $_____

NOTICE OF FILING–2143

---

**Certified True and Correct Copy**
CertID: 2021121400594
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:16 AM

RECEIVED
JUN 08 2021
E.B.R. SHERIFF'S OFFICE

**Certified True and
Correct Copy**
CertID: 2021121400594
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:16 AM

**RETURN COPY**



**D6748743**

# NOTICE OF FILING

**MYOSHI SNEARL**
(Plaintiff)

**VS**

**CRETE CARRIER CORPORATION**
(Defendant)

**NUMBER C-702687 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:**

Crete Carrier Corporation and Hartford Insurance Company
Through their attorneys of record
Matthew Bailey and Shannon Kippers
Irwin Fritchie, Urquhuart & Moore
450 Laurel Street, Suite 1150
Baton Rouge, LA, 70801

GREETINGS:

You are hereby notified that a **JOINT MOTION TO STRIKE; ORDER** was filed in our court.

Certified copy(s) is (are) attached hereto, as requested by **KIPPERS, SHANNON M.**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **JUNE 4, 2021.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _8_ day of _JUNE_, 20 _21_ and on the _8_ day of _June_, 20 _21_, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _450 Laurel St Suite 1150_.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _8_ day of _June_, 20 _21_.

_#2712_
Deputy Sheriff

SERVICE:      $_____
MILEAGE      $_____
TOTAL:        $_____

NOTICE OF FILING—2143

---

**Certified True and Correct Copy**
CertID: 2021121400595
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:16 AM

RECEIVED
JUN 08 2021
E.B.R. SHERIFF'S OFFICE

**Certified True and Correct Copy**
CertID: 2021121400595
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**Doug Welborn**
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:16 AM

EAST BATON ROUGE PARISH
Filed Dec 09, 2021 3:22 PM
Deputy Clerk of Court
E-File Received Dec 09, 2021 2:27 PM

C-702687
23

MIYOSHI SNEARL

Versus

CRETE CARRIER CORPORATIONS,
ERIC J. SPADAFORA, HARTFORD
INSURANCE COMPANY,
PROGRESSIVE PALOVERDE
INSURANCE COMPANY

NO: C702687 ; SEC: "23"

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## MOTION AND ORDER TO SET STATUS CONFERENCE
## AND TO ESTABLISH CASE MANAGEMENT SCHEDULE

NOW INTO COURT, through undersigned counsel, comes plaintiff, in the above captioned matter, who now moves this Honorable Court as follows:

1.

The Petition for Damages giving rise to the subject matter was filed on December 15, 2020.

2.

All named defendants have been properly served and Answers have been filed on their behalf.

3.

In the interest of judicial economy/efficiency and to expedite the resolution of this matter, mover shows that it is necessary to establish certain deadlines for the completion of all discovery, taking of all depositions, filing of all pre-trial motions, amendments to all pleadings, submission of witness lists, pre-trial conference and trial of the above referenced matter.

4.

Movers respectfully request that a status conference be set to establish and agree upon the above described deadlines.

WHEREFORE, your movers pray that, this Honorable Court designate a date and an hour for all counsel of record to appear in Chambers for a status conference as more fully set forth in the body of this motion.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Deposition  has been sent this date, by United States Mail, postage prepaid and properly addressed to all counsels of record.
Baton Rouge, Louisiana this ___ day of ____ 2021.

Jacob H. Thomas

By Attorneys

**BEALL & THIES, LLC**
351 St. Ferdinand Street, Ste. A
Baton Rouge, LA 70802
Telephone (225) 383-3499
Telecopier (225) 383-3599

Russell W. Beall, Bar Roll No. 27374
William W. Thies, Bar Roll No. 27890
Jacob H. Thomas, Bar Roll No. 36700
G. Aaron Humphreys, Bar Roll No. 36876

| | |
|---|---|
| MIYOSHI SNEARL | NO: C702687 ; SEC: "23" |
| Versus | 19th JUDICIAL DISTRICT COURT |
| CRETE CARRIER CORPORATIONS, ERIC J. SPADAFORA, HARTFORD INSURANCE COMPANY, PROGRESSIVE PALOVERDE INSURANCE COMPANY | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |

## ORDER

IT IS HEREBY ORDERED, the defendants shall appear and show cause why cutoff dates should not be established in this matter, on the _____ day of _____, 2021 at __:___ am/pm.

Baton Rouge, Louisiana this _____ day of _____, 2021.

_____
JUDGE WILLIAM A. MORVANT

Please serve:

**Crete Carrier Corporation**
*through their attorney of record*
Irwin Fritchie Urquhart & Morre, LLC
Attn: Matthew W. Bailey
450 Laurel St.
Suite 1150
Baton Rouge, LA 70801

Please Notice:

**BEALL & THIES, LLC**
351 St. Ferdinand Street, Ste. A
Baton Rouge, LA 70802

EAST BATON ROUGE PARISH
C-702687
23
Filed Dec 10, 2021 11:22 AM
Deputy Clerk of Court

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SNEARL

VERSUS

CRETE CARRIER
CORPORATION, ET AL.

CIVIL ACTION

21-266-SDD-SDJ

## JUDGMENT

For the reasons outlined in this Court's *Ruling* adopting the *Report and Recommendations* of the Magistrate Judge in the above captioned matter;

Judgment is hereby rendered in favor of the Plaintiff and this matter is hereby REMANDED to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana the 7 day of December, 2021.

CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Jury



**Certified True and Correct Copy**
CertID: 2021121400596
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Doug Welborn
East Baton Rouge Parish
Clerk of Court

Generated Date:
12/14/2021 11:17 AM