# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MYOSHI SNEARL**  **CIVIL ACTION**

**VERSUS**

**NO. 21-709-SDD-SDJ**

**CRETE CARRIER CORPORATION, et al.**

    Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on September 12, 2022.

*[Signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MYOSHI SNEARL** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 21-709-SDD-SDJ** |
| **CRETE CARRIER CORPORATION, et al.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 5) filed by Plaintiff Myoshi Snearl on December 30, 2021. Defendants Crete Carrier Corporation and Hartford Insurance Company oppose the motion (R. Doc. 9). As the Removing Defendants have not established the requisite amount in controversy, it is recommended[1] that this matter be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

### I.   BACKGROUND

This is a civil action involving claims for damages allegedly sustained by Plaintiff during a motor vehicle collision that occurred on April 20, 2020.[2] As alleged by Plaintiff, she was traveling "east in the far-right lane on Louisiana Interstate 10" when "Eric J. Spadafora was operating a Crete truck" and "illegally & without warning steered/veered the large diesel truck into the right lane of traffic, which Plaintiff was lawfully occupying."[3] Plaintiff also alleges that at the time of the collision: (1) Eric Spadafora was employed by Crete;[4] (2) Hartford issued a policy of

---

[1] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C*., 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.")
[2] R. Doc. 1-2 at 2 ¶¶ 4, 6.
[3] *Id*. ¶¶ 4-6.
[4] *Id*. ¶ 5.

insurance that provided coverage to Crete and Spadafora for the collision;[5] and (3) Progressive Paloverde Insurance Company issued a uninsured/underinsured motorist policy that provided coverage to Plaintiff for the collision.[6]

On December 15, 2020, Plaintiff filed a Petition for Damages against Crete, Spadafora, Hartford, and Progressive in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana ("19th JDC").[7] Plaintiff claims that she suffered personal injuries and lost wages because of the collision caused by the negligence of Spadafora and Crete.[8] The Removing Defendants filed their first Notice of Removal on May 7, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[9] That Notice of Removal established that all parties were completely diverse.[10] Plaintiff filed a Motion to Remand on May 19, 2021, contending the requisite $75,000 amount in controversy was not satisfied.[11] Finding that the requisite amount in controversy was indeed not satisfied, the undersigned, on November 22, 2021, issued a Report and Recommendation recommending that the Motion to Remand be granted.[12] The Report and Recommendation was adopted by the District Judge on December 7, 2021, and this matter was remanded to the 19th JDC.[13]

However, just over a week later, on December 15, 2021, the Removing Defendants once against removed the matter to this Court, claiming that they had received "over forty pages of medical records from the Interventional Pain Institute," produced on October 28, 2021, which

---

[5] *Id*. at 3 ¶ 10.
[6] *Id.* at 4 ¶ 11.
[7] *Id.* at 1. The Court notes that Progressive has since been dismissed from this litigation (R. Doc. 16).
[8] *Id*. at 2-3 ¶¶ 7-9.
[9] Case No. 3:21-cv-00266-SDD-SDJ, R. Doc. 1.
[10] Case No. 3:21-cv-00266-SDD-SDJ, R. Doc. 1 at 3-4 ¶¶ 10-14 (Plaintiff is a citizen of Louisiana; Crete is a citizen of Nebraska; Hartford is a citizen of Delaware and Connecticut; Spadafora is a citizen of Florida; Progressive is a citizen of Indiana and Ohio.
[11] Case No. 3:21-cv-00266-SDD-SDJ, R. Doc. 3.
[12] Case No. 3:21-cv-00266-SDD-SDJ, R. Doc. 11.
[13] Case No. 3:21-cv-00266-SDD-SDJ, R. Doc. 13.

2

"include six additional charges from September and October of 2021, significantly increasing the total cost of Plaintiff's continued medical care."[14] Thus, per Removing Defendants, the amount in controversy has been satisfied, and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff once again challenges this assertion, filing the instant Motion to Remand in which she again argues that the amount in controversy has not been met.[15]

## II.  LAW AND ANALYSIS

### A.  Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'") (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir.

---

[14] R. Doc. 1 at 4 ¶ 14.
[15] R. Doc. 5.

3

2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

### B. The Parties' Arguments

In her Petition, Plaintiff generally alleges that she suffered lost wages and personal injuries. She seeks the following damages: past medical expenses, lost wages, future medical expenses, future loss of earning capacity, pain and suffering, and loss of enjoyment of life.[16] In their Notice of Removal, the Removing Defendants claim that "the factual details of Plaintiff's injuries and medical treatment, coupled with the Petition's allegations of damages, provide sufficient information to establish that Plaintiff's claims exceed the $75,000 amount-in-controversy threshold by a preponderance of the evidence."[17]  As further explained by the Removing Defendants, "[a]s the district court considered Plaintiff's [initial] remand, Defendants received additional information establishing the amount in controversy had been met," but that "[b]ecause the matter was still pending in [] the Middle District of Louisiana at the time of receipt, this information could not be used prior to remand to support the Court's amount-in-controversy analysis."[18]

In supporting this allegation, the Removing Defendants rely heavily on Plaintiff's medical records, including the purported new ones from September and October 2021, which, per Removing Defendants, indicate, "Plaintiff has suffered, and continues to suffer from, neck and back pain with radicular right leg pain; that she has undergone injections to her lumbar spine, including an epidural steroid injection and two medial branch blocks; and that she has received at

---

[16] R. Doc. 1-2 at 2 ¶ 7.
[17] R. Doc. 1 at 7 ¶ 24.
[18] *Id.*

4

least two lumbar radiofrequency ablations at multiple levels."[19] The Removing Defendants also claim that "Plaintiff continues to undergo invasive treatments for her alleged injuries—over eighteen months post-accident—with an orthopedic spine surgeon and a pain management physician and continues to be prescribed medications."[20] They continue that they "have not received any amending or supplemental discovery responses indicating that Plaintiff has reached maximum medical improvement or discontinued treatment."[21] As alleged by the Removing Defendants, Plaintiff's medical expenses total $37,548.14 through October 2021.[22]

In further support of their position, the Removing Defendants note Plaintiff's alleged "refusal to admit or stipulate that her damages are less than $75,000."[23] They also list, in their Notice of Removal, cases from Louisiana state courts, involving allegedly similar injuries and treatments, with damage awards they contend demonstrate the amount in controversy in the instant matter exceeds $75,000.[24] However, there is no evidence in the Notice of Removal that a settlement demand has been tendered or that surgery has been recommended for Plaintiff as a result of the injuries she allegedly suffered in the accident.

Plaintiff, in her Motion to Remand, counters that "plaintiff's Petition for Damages contains general categories of damages without any indication of the amount of damages sought."[25] She continues, arguing that "[b]oilerplate recitations of the damages plead do not serve as proof" and that the listing of generic categories of damages "adds almost nothing toward satisfying the removing party's burden."[26] Plaintiff points out that, in response to a Request of Admission

---

[19] *Id.* at 10 ¶ 26.
[20] *Id.* The Notice of Removal summarizes Plaintiff's medical treatment in Paragraph 25.
[21] *Id.*
[22] R. Doc. 9 at 1.
[23] R. Doc. 1 at 12 ¶ 28.
[24] *Id.* at 10-11 ¶ 27.
[25] R. Doc. 5-1 at 5.
[26] *Id.* at 4, 5.

5

previously propounded to her, she "den[ied] that her medical/special damages even exceed $50,000.00."[27] Per Plaintiff, even taking into account any additional medical bills referenced by the Removing Defendants, the evidence still "does not satisfy the requirement that this case has damages which exceed [$]75,000.00."[28] Thus, Plaintiff argues that because the Removing Defendants cannot establish that the amount in controversy has been satisfied, this case should be remanded once again to state court.

    C.    **Whether Amount in Controversy is Met**

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions. La. Code Civ. P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (*citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (emphasis in original). To do this, "the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000." *Smith v. Great Am. Ins. Co.*, No. 17-11991, 2018 WL 259294, at *3 (E.D. La. Jan. 2, 2018). Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional

---

[27] *Id.* at 2.
[28] *Id.* at 6.

amount to justify dismissal." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

Here, as an initial matter, and as previously held, the Court finds it is not facially apparent from the Petition that Plaintiff's claims likely exceed the federal jurisdictional amount. Plaintiff's Petition does not contain allegations of specific injuries, nor does it contain sufficient facts for determining the severity of any of her alleged injuries. In addition, Plaintiff seeks recovery for broad categories of damages typically alleged in personal injury actions, including pain and suffering, medical expenses, lost wages, loss of income earning capacity, and/or loss of enjoyment of life.[29] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (Jan. 31, 2012).

Further, the Petition does not provide any information regarding Plaintiff's claimed medical expenses, lost wages, injuries, or property damage, and without such additional detail, the Court is unable to quantify the potential amount of recovery for any of these categories of damages. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000." *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (*citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)); *see also Torres v. Mall of Louisiana, LLC*,

---

[29] R. Doc. 1-2 at 2 ¶ 7.

7

No. 17-466, 2017 WL 6884347, at *3 (M.D. La. Dec. 5, 2017), *report and recommendation adopted*, 2018 WL 343888 (Jan. 9, 2018) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, No. 17-414, 2017 WL 5762436, at *3 (M.D. La. Aug. 24, 2017), *report and recommendation adopted*, 2017 WL 5760881 (Nov. 28, 2017) ("Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.") (*quoting Davis*, 2012 WL 278728, at * 3 (collecting cases)). Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

Because it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether the Removing Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. To this end, the Removing Defendants rely in their argument almost exclusively on Plaintiff's newly-produced medical records, which were not previously considered by the Court.[30] However, Plaintiff's medical records before the Court do not establish, by a preponderance of the evidence, that the amount in controversy is met.

As previously determined by this Court, the medical records of treatment received by Plaintiff prior to the first removal of this case on May 7, 2021, indicate Plaintiff incurred

---

[30] *See, generally*, R. Doc. 1. The summary judgment-type evidence submitted by the Removing Defendants in support of removal, attached to the Notice of Removal, includes: (1) Plaintiff's Petition, (2) judgments from jury and bench trials in the 19th JDC, (3) medical records and statements, and (4) Plaintiff's responses to Requests for Admission.

$28,281.20 in medical expenses prior to removal.[31] Based on the information provided, the Court found that the Removing Defendants failed to prove, by a preponderance of the evidence, that the $75,000.00 amount in controversy was satisfied and remanded this case to state court. Thus, the question becomes whether the additional medical records of the Plaintiff, which, per Removing Defendants, consist of "over forty pages of medical records from the Interventional Pain Institute produced to Defendants on October 28, 2021," which records "include six additional charges from September and October of 2021, significantly increasing the total cost of Plaintiff's continued medical care and reflecting the extensive, invasive treatment provided to Plaintiff."[32] Per the Removing Defendants, these records are sufficient proof, when coupled with the initial medical records, to show the amount in controversy has been met. In sum, compared with the treatment received by Plaintiff as alleged by the Removing Defendants in their initial Notice of Removal, the new allegations indicate Plaintiff had an appointment with Dr. Jorge Isaza, her orthopedic surgeon, on September 13, 2021; had an appointment with Dr. Barrett Johnston, her pain management physician, on September 22, 2021; and underwent a "second right lumbar medial branch radiofrequency ablation" on October 18, 2021.[33] The Removing Defendants "therefore aver that Plaintiff's recently produced medical bills and records, plus her ongoing treatment and the general damages alleged in the Petition … demonstrate by a preponderance of the evidence that her claims satisfy the requisite amount in controversy."[34]

However, the Removing Defendants fail to provide any evidence of these additional medical visits and procedure. They do not attach to either their Notice of Removal or their Opposition to Plaintiff's Motion to Remand any medical bills or medical records evidencing any

---

[31] Case No. 3:21-cv-00266-SDD-SDJ, R. Doc. 11 at 7, R. Doc. 13.
[32] R. Doc. 1 at 4 ¶ 14.
[33] *Id.* at 9 ¶ 25(k)-(n).
[34] *Id.* at 12 ¶ 28.

9

visits or procedures in September or October of 2021. In fact, the evidence provided does not include any information about any medical visits or procedures after February of 2021, months before the Removing Defendants removed this case for the first time. While the Removing Defendants attach copious medical records and medical bills and/or statements to their Notice of Removal, they do not provide the evidence specifically referenced in their Notice of Removal and Opposition to Plaintiff's Motion to Remand. Thus, there is no summary judgment-type evidence of additional medical expenses allegedly incurred by Plaintiff not previously considered by this Court, and which, per the Removing Defendants, is the basis for their re-removal of this case.

The Removing Defendants, who have the burden of proving that the Court has diversity jurisdiction in this case, therefore have not shown by a preponderance of evidence that the amount in controversy exceeds $75,000 in this case. *See Garcia*, 351 F.3d at 638. Because the removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt regarding the propriety of removal must be resolved in favor of remand, this matter should be remanded to the 19th JDC for lack of subject matter jurisdiction. *See Gasch*, 491 F.3d at 281-82; *see also Pizzolato v. Safeco Ins. Co. of Am.*, No. 08-353, 2008 WL 11354960, at *4 (M.D. La. Aug. 14, 2008), *report and recommendation adopted*, 2008 WL 11354962 (Sept. 16, 2008) ("based upon the only evidence before the Court concerning the amount in controversy … the Court cannot find that the jurisdictional minimum is satisfied in this case, and plaintiffs' motion to remand should therefore be granted"); *Travelers Property Cas. Co. of Am v. Woods Industries, Inc.*, No. 06-46, 2006 WL 8434984, at *4 (M.D. La. Mar. 27, 2006), *report and recommendation adopted*, 2006 WL 8435005 (Apr. 11, 2006) (remanding case to state court after "find[ing] that defendants have failed to prove, by a preponderance of the evidence, that the amount in controversy in this matter is likely to exceed the federal jurisdictional minimum based upon the evidence they have offered").

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 5) filed by Plaintiff, Myoshi Snearl, be **GRANTED** and this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 12, 2022.

*Scott Johnson*
_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**